UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| CDC CORPORATION, | : | CASE NO. 11-79079 |
| | : | |
| Debtor. | : | JUDGE BONAPFEL |

---

**SUPPLEMENTAL OBJECTION TO PRODUCTION OF DOCUMENTS REQUESTED BY EVOLUTION CDC SPV LTD., EVOLUTION MASTER FUND, LTD., SEGREGATED PORTFOLIO M, AND E1 FUND LTD. PURSUANT TO ORDER GRANTING MOTION FOR AUTHORITY TO TAKE EXPEDITED RULE 2004 EXAMINATIONS**

COMES NOW CDC Corporation, the debtor and debtor in possession in the above-captioned bankruptcy case (the "Debtor"), by and through its undersigned attorneys, and hereby file its "**Supplemental Objection to Production of Documents Requested by Evolution CDC SPV Ltd., Evolution Master Fund, Ltd., Segregated Portfolio M, and E1 Fund Ltd. Pursuant to Order Granting Motion for Authority to Take Expedited Rule 2004 Examinations**" (the "Objection") as follows:

BACKGROUND

1. On October 4, 2011 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No Trustee or examiner has been appointed in this Case.

2. The Section 341 meeting of creditors has been scheduled in this case for November 15, 2011.

362698

3. On October 14, 2011, CDC SPV Ltd., Evolution Master Fund, Ltd., Segregated Portfolio M, and E1 Fund Ltd. (collectively, "Evolution") filed its Motion for Authority to Take Expedited Rule 2004 Examinations of Debtor, a Holding Company, and of its primary subsidiary (CDC Software Corporation) (Docket No. 10).

4. Evolution's Motion requested that the Court order Debtor, CDC Software, and three officers of Debtor to produce all documents described in an attached Exhibit. On October 19, 2011, the Court entered an Order granting Evolution's Motion "Subject To Objection" (Docket No. 22). The Order directed that Debtor, CDC Software, and the three identified officers of the Debtor produce documents sought by Evolution under 19 separate categories (hereafter "Production Requirement Category No. ___").

## GENERAL OBJECTIONS

1. Of the three individuals ordered to appear for Rule 2004 examination, only John Clough is, or will be, an employee of the Debtor on the scheduled date of the proposed examination. Stephen Dexter is no longer an employee of the Debtor, but is an employee of CDC Software Corporation. Ed Swift, a current employee of the Debtor, has resigned effective October 31, 2011, and thereafter will not have any employment relationship with the Debtor or its affiliates. Debtor objects to this Court's Order to the extent it seeks to impose duties on it to produce witnesses not in its employ or under its control.

2. Debtor objects to the production requirement to the extent that its scope is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

362698

3. Debtor objects to the production requirement, and any implied or express instruction or direction therein, that imposes or seeks to impose burdens greater than those imposed by the Federal Rules of Bankruptcy Procedure.

4. Debtor objects to the production requirement to the extent it seeks disclosure of information protected under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

5. Debtor objects to the production requirement to the extent they it seeks disclosure of proprietary and/or confidential business information of Debtor.

6. Debtor reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in compliance with the production requirement, unless Debtor specifically states otherwise.

7. Debtor objects to the production requirement to the extent it seeks to impose on Debtor the obligation to produce documents of affiliates, including subsidiaries, other than Debtor. To the extent the production requirement relates to companies other than Debtor, it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

8. Debtor objects to the production requirement to the extent it requires production of documents in the possession, custody, or control of former directors, officers, employees, agents, partners, representatives, and attorneys of Debtor or its subsidiaries or its affiliates. Documents such persons might possess are not within the possession, custody, or control of Debtor.

9. Debtor objects to the production requirement to the extent it calls for information which "concerns" or "relates to" a particular topic on the ground that gathering all documents

containing any reference or relationship to a particular topic is unduly burdensome and out of proportion to the documents' potential relevance.

10. Debtor objects to the production requirement insofar as it fails to provide Debtor sufficient time to assemble, review, and produce the vast volume of documents sought.

11. Debtor's general objections are applicable to, and included in, Debtor's specific objections and answers set forth below.

## SPECIFIC OBJECTIONS

Production Requirement Definition No. 5: Evolutions has sought to define "Debtor" as follows: "The term 'Debtor' shall refer without limitation to CDC Corporation, its affiliates, officers, directors, employees, attorneys, consultants and agents, and all persons acting on its behalf." Debtor objects to the production requirement to the extent it requires compliance consistent with this definition.

Debtor shows that it has over two hundred (200) affiliates. The definition of the term "Debtor" renders the production requirement overly broad and unduly burdensome. Furthermore, the overly broad definition of the term "Debtor" would require the Debtor to accomplish the production of documents in the possession, custody, or control of former directors, officers, employees, agents, partners, representatives, and attorneys of Debtor or its subsidiaries or its affiliates. Documents such parties may possess are not within the possession, custody, or control of Debtor.

Production Requirement Category No. 1: All documents evidencing, relating or referring to each and every payment or other expenditure made by the Debtor to any person or entity from June 28, 2011 to the present.

362698

Response and Objection: See General Objections and Objection to Definition No. 5. Based upon the definition of the term "Debtor," this production requirement is overly broad and unduly burdensome. This production requirement further purports to require Debtor to produce documents that are not within the possession, custody, or control of Debtor. Subject to the foregoing, Debtor and its affiliate CDC Software Corporation ("Software") will make a joint production of documents evidencing each and every payment or other expenditure made by the Debtor and Software to any person or entity from June 28, 2011 to the present.

Production Requirement Category No. 2: All documents evidencing, relating or referring to each and every transfer of funds, assets, security interests or loans between the Debtor and any of its subsidiaries or affiliates from January, 2011 to the present.

Response and Objection: See General Objections and Objection to Definition No. 5. Based upon the definition of the term "Debtor," this production requirement is overly broad and unduly burdensome. This production requirement purports to require Debtor to produce documents that are not within the possession, custody, or control of Debtor. Subject to the foregoing, Debtor and Software will make a joint production of documents evidencing, relating or referring to each and every transfer of funds, assets, security interests or loans between the Debtor or Software, on one hand, and any of the Debtor's subsidiaries or affiliates, on the other, from January, 2011 to the present.

Production Requirement Category No. 3: All documents evidencing, relating or referring to each and every transfer of funds, assets, security interests or loans between the Debtor and any other party or person from January, 2011 to the present.

362698

Response and Objection: See General Objections and Objection to Definition No. 5. Based upon the definition of the term "Debtor," this production requirement is overly broad and unduly burdensome. This production requirement further purports to require Debtor to produce documents that are not within its possession, custody, or control. Subject to the foregoing, Debtor and Software will make a joint production of documents evidencing each and every transfer of funds, assets, security interests or loans between the Debtor or Software and any other party or person from January, 2011 to the present.

Production Requirement No. 4: All documents evidencing, relating or referring to each and every payment made by any of Debtor's subsidiaries or affiliates for the benefit of Debtor from January, 2011 to the present

Response and Objection: See General Objections. Debtor and Software will make a joint production of all such documents in their possession, custody or control.

Production Requirement No. 5: All documents evidencing, relating or referring to any Communications concerning any payment, transfer, security interest or loan addressed in paragraphs 1-4, above, including by way of example and not [limitation], any Communications with investment banks, private equity firms or advisors concerning any potential restructuring.

Response and Objection: See General Objections. Debtor further objects to this production requirement on the ground that it is unclear. The "example" (i.e. "any Communications with investment banks, private equity firms or advisors concerning any potential restructuring") does not appear to be an example of the category of document being sought (i.e. documents "evidencing, relating or referring to any Communications concerning any

6                                                                                                                                         362698

payment, transfer, security interest or loan addressed in paragraphs 1-4, above"). Debtor and Software will make joint production of Communications with investment banks, private equity firms or advisors concerning any potential restructuring *to the extent such Communications related to transactions contemplated to occur prior to the Petition Date* and not the subject of Debtor's reorganization strategy. Any such Communications that occurred after the Petition Date are proprietary and/or confidential business information of Debtor.

Production Requirement Category No. 6:  All documents evidencing, relating or referring to any board minutes, agendas, schedules and board resolutions of the Debtor (including any minutes or resolutions of any committees) from June, 2011 to the present.

Response and Objection:  See General Objections and Objection to Definition No. 5. Based upon the definition of the term "Debtor," this production requirement is overly broad and unduly burdensome. This production requirement further purports to require Debtor to produce documents that are not within the possession, custody, or control of Debtor. Debtor and Software will make a joint production of non-privileged documents evidencing any board minutes, agendas, schedules and board resolutions of the Debtor and Software (including any minutes or resolutions of any committees) from June, 2011 to the present.

Production Requirement Category No. 7:  All documents evidencing, relating or referring to any board minutes, agendas, schedules and board resolutions of CDC Software Corporation (hereinafter, "CDC Software") (including any minutes or resolutions of any committees) from June, 2011 to the present.

<u>Response and Objection</u>:   See General Objections.  See objection to Production Requirement Category No. 6, incorporated hereby.

<u>Production Requirement Category No. 8</u>:   All documents evidencing, relating or referring to any valuations of the Debtor, its subsidiaries, affiliates, their stock or other assets from January, 2011 to the present.

<u>Response and Objection</u>:   See General Objections and Objection to Definition No. 5. Based upon the definition of the term "Debtor," this production requirement is overly broad and unduly burdensome.  This production requirement further purports to require Debtor to produce documents that are not within the possession, custody, or control of Debtor.  Debtor and Software will make a joint production of documents in their possession, custody or control evidencing any valuations of the Debtor or Software, their subsidiaries, affiliates, stock or other assets from January, 2011 to the present *to the extent such evaluations occurred prior to the Petition Date and are not directly related to Debtor's Chapter 11 reorganization strategies.* Any evaluations directly relating to the Debtor's reorganization strategies are considered proprietary and/or confidential business information of Debtor.

<u>Production Requirement Category No. 9</u>:   All documents evidencing, relating or referring to any Communications concerning the value of the Debtor, its subsidiaries, affiliates, their stock or other assets, from January, 2011 to the present, including by way of example and not limitation, any bids, offers, term sheets or expressions of interest in the purchase or sale of the Debtor or any of its subsidiaries, affiliates or their assets.

362698

Response and Objection: See General Objections and Objection to Definition No. 5. Based upon the definition of the term "Debtor," this production requirement is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This production requirement further purports to require Debtor to produce documents that are not within the possession, custody, or control of Debtor. Debtor and Software will make a joint production of documents evidencing any Communications concerning the value of the Debtor, its subsidiaries, affiliates, their stock or other assets, from January, 2011 to the present *to the extent such Communication relate to evaluations disclosed in response to Request No. 8 (or bids, offers, term sheets or expressions of interest in the purchase or sale of the Debtor or any of its subsidiaries, affiliates or their assets).* Any such Communications relating to evaluations directly related to Debtor's reorganization strategies (or bids, offers, term sheets or expressions of interest in the purchase or sale of the Debtor or any of its subsidiaries, affiliates or their assets) are considered proprietary and/or confidential business information of Debtor.

Production Requirement Category No. 10: All documents evidencing, relating or referring to any Communications that relate in any way to Evolution's judgment against the Debtor and the Debtor's ability to pay Evolution, post a bond or otherwise satisfy the judgment, including by way of example and not limitation, any Communications concerning plans to obtain financing or sell CDC subsidiaries, such as CDC Software.

Response and Objection: See General Objections and Objection to Definition No. 5. Based upon the definition of the term "Debtor," this production requirement is overly broad and unduly burdensome. This production requirement further purports to require Debtor to produce documents that are not within the possession, custody, or control of Debtor. Debtor and

362698

Software will make a joint production of documents evidencing, relating or referring to any Communications that relate in any way to Evolution's judgment against the Debtor and the Debtor's ability to pay Evolution, post a bond or otherwise satisfy the judgment including by way of example and not limitation, any Communications concerning plans to obtain financing or sell CDC subsidiaries, such as CDC Software *to the extent such Communications relate to plans to obtain financing or sell CDC subsidiaries occurring prior to the Petition Date and which are not related to Debtor's reorganization strategies.* Any such Communications relating to financing or sale efforts in connection with Debtor's reorganization strategies are deemed proprietary and/or confidential business information of Debtor.

Production Requirement Category No. 11: All documents evidencing, relating or referring to any Communications by any of Debtor's (or CDC Software's) directors, officers or employees concerning Debtor's bankruptcy filing, including by way of example and not limitation, Communications concerning Debtor's decision to file for bankruptcy.

Response and Objection: See General Objections and Objection to Definition No. 5. Based upon the definition of the term "Debtor," this production requirement is overly broad and unduly burdensome. This production requirement further purports to require Debtor to produce documents that are not within the possession, custody, or control of Debtor. Debtor and Software will make a joint production of non-privileged documents evidencing any Communications by any of Debtor's or Software's directors, officers or employees concerning Debtor's bankruptcy filing, including by way of example and not limitation, Communications concerning Debtor's decision to file for bankruptcy.

10

Production Requirement Category No. 12:  All documents relating to the composition of the Board of Directors of Debtor, CDC Software and China.com, including, without limitation, documents relating to either the resignation from, or appointment to, the Board.

Response and Objection:  See General Objections and Objection to Definition No. 5. Based upon the definition of the term "Debtor," this production requirement is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This production requirement further purports to require Debtor to produce documents that are not within the possession, custody, or control of Debtor.  Debtor and Software will make a joint production of documents relating to the composition of the Board of Directors of Debtor and Software, including, without limitation, documents relating to either the resignation from, or appointment to, the Board.  If Debtor or Software have in their possession, custody, or control responsive documents relating to China.com, they will be produced.

Production Requirement Category No. 13:  The report prepared by Paul Hastings concerning Peter Yip or the New York court's July 13, 2011 order finding that Debtor submitted "patently false testimony" or "factually and legally unsupportable defenses and claims" in an effort to frustrate Evolution's enforcement of the subject notes.

Response and Objection:  See General Objections.  Debtor responds that no written report was prepared nor were materials furnished by Paul Hastings.  To the extent any such documents exist, they are subject to the attorney-client privilege and the work-product doctrine.

362698

Production Requirement Category No. 14:  Any summaries of, memoranda about, or findings relating to the 2011 Paul Hastings investigation of Debtor and Peter Yip, whether preliminary or final.

Response and Objection:  See General Objections.  Debtor's Special Committee of its Board of Directors issued a two-page summary of a presentation made by Paul Hastings, which summary is protected under the attorney-client privilege and the work-product doctrine.  Debtor will produce the 6-K Form filed by CDC Software on October 20, 2011.

Production Requirement Category No. 15:  Any Communications that Debtor, CDC Software, and/or their Boards received from any shareholders, investors, accountants or attorneys, including by way of example and not limitation, the letter received from Tom Fleming in or about February 2011 expressing Mr. Fleming's concerns about Mr. Yip and/or the management of CDC

Response and Objection:  See General Objections.  Debtor further objects to this production requirement to the extent the request for "any communications that Debtor received from shareholders" et al is not intended to be limited to communications related to the particular subject matter referenced in the "example" of such communications.  To the extent the production requirement is intended to be limited to Communications "expressing concerns about Mr. Yip and/or the management of CDC," given broad and inclusive meaning, Debtor and Software will make a joint production of such communications dating from January 1, 2011 to present in their possession, custody or control.

362698

<u>Production Requirement Category No. 16</u>:  All documents evidencing, relating or referring to any internal Communications between or among Mr. Yip, on the one hand, and the Debtor or any of its subsidiaries or affiliates, on the other hand, from June 28, 2011 to the present.

<u>Response and Objection:</u>  See General Objections.  Debtor and Software will make a joint production of such communications in their possession, custody or control.

<u>Production Requirement Category No. 17</u>:  All documents evidencing, relating or referring to any Communications between or among Mr. Yip, on the one hand, and any external persons or entities, on the other hand, from June 28, 2011 to the present.

<u>Response and Objection:</u>  See General Objections.  Debtor and Software will make a joint production of such documents in their possession, custody, or control.

<u>Production Requirement Category No. 18</u>:  All documents relating to any possible financing, for any purpose and from any source, that would involve the Debtor or any of its subsidiaries/affiliates being obligors and, without limiting the foregoing, financings that might entail guarantees, security interests or other encumbrances, whether or not subject to Bankruptcy Court approval, that may extend or attach to assets of the Debtor and/or any subsidiaries or affiliates.

<u>Response and Objection:</u>  See General Objections. Debtor will produce documents relating to financing *to the extent such documents relate to financing efforts occurring prior to the Petition Date and unrelated to Debtor's reorganization strategies.*  Any such documents relating to financing efforts occurring after the Petition Date and related to Debtor's

reorganization strategies are deemed proprietary and/or confidential business information of Debtor.

Production Requirement Category No. 19: Any documents concerning any tax sharing agreements pertaining to the Debtor or any subsidiary or affiliate thereof.

Response and Objection: See General Objections. Debtor has no tax sharing agreements.

This 27th day of October, 2011.

                    LAMBERTH, CIFELLI, STOKES,
                        ELLIS & NASON, P.A.
                    Proposed Attorneys for Debtor

                    By: */s/ William D. Matthews*
                        James C. Cifelli
                        Georgia Bar No. 125750
                        jcifelli@lcsenlaw.com
                        Gregory D. Ellis
                        Georgia Bar No. 245310
                        GEllis@lcsenlaw.com

3343 Peachtree Road NE, Suite 550     William D. Matthews
Atlanta, GA 30326                              Georgia Bar No. 470865
(404) 262-7373                                   WDM@lcsenlaw.com
(404) 262-9911 (facsimile)

362698

## CERTIFICATE OF SERVICE

I**,** William D. Matthews, certify that I am over the age of 18 and that on October 19, 2011, I served a copy of the foregoing OBJECTION by electronic mail as shown:

Attn: James H. Morawetz
Office of the U.S. Trustee
362 Richard B. Russell Building
75 Spring Street, SW
Atlanta, GA 30303
jim.h.morawetz@usdoj.gov

C. Edward Dobbs
James S. Rankin
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, GA  30303
jrankin@phrd.com
edobbs@phrd.com

Timothy T. Brock
Aaron M. Zeisler
Abigail Snow
Satterlee Stephens Burke & Burke
230 Park Avenue, 11th Floor
New York, NY 10169
tbrock@ssbb.com
azeisler@ssbb.com
asnow@ssbb.com

This 27th day of October, 2011.

                                                                  */s/ William D. Matthews*
                                                                   William D. Matthews
                                                                   Georgia Bar No. 470865
3343 Peachtree Road NE, Suite 550                 WDM@lcsenlaw.com
Atlanta, GA 30326
(404) 262-7373
 (404) 262-9911 (facsimile)

362698