UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 11-79079-PWB |
| | ) | |
| CDC CORPORATION, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

### LIMITED OBJECTION BY CDC SOFTWARE CORPORATION TO MOTION OF EVOLUTION CDC SPV LTD., EVOLUTION MASTER FUND LTD., SEGREGATED PORTFOLIO M AND E1 FUND LTD. FOR AUTHORITY TO TAKE EXPEDITED RULE 2004 EXAMINATION OF DEBTOR, A HOLDING COMPANY, AND ITS PRIMARY SUBSIDIARY, WHICH IS WHOLLY CONTROLLED BY DEBTOR

CDC Software Corporation ("CDC Software"), by and through the undersigned counsel, hereby files this Limited Objection to the Motion (the "Motion") of Evolution CDC SPV Ltd., Evolution Master Fund Ltd., Segregated Portfolio M and E1 Fund Ltd. (collectively, "Evolution") for Authority to Take Expedited Rule 2004 Examination of Debtor, a Holding Company, and its Primary Subsidiary, Which is Wholly Controlled by Debtor and, in support thereof, respectfully represents as follows:

### PRELIMINARY STATEMENT

1. CDC Software is not a debtor in bankruptcy and Evolution is not a creditor of CDC Software. Further, none of the debts related to the "Top 20 Creditors" listed by CDC Corporation (the "Debtor") are debts owed by CDC

Software. Further, CDC Software is not in any litigation with Evolution and, to date, CDC Software is not aware of any claims asserted by Evolution against CDC Software. Accordingly, the Motion, as it relates to CDC Software, is clearly a "fishing expedition."

2.  While CDC Software understands the broad scope of Federal Rule of Bankruptcy Procedure 2004 and is agreeable to producing certain non-privileged documents subject to a protective order, CDC Software objects to the Motion and its requests for documents to the extent the requests are overbroad and place unreasonable burdens on CDC Software, a non-debtor entity. For instance, the Motion was granted (subject to objection) on October 20, 2011, and purports to require the production of documents a mere 8 days later, on October 28, 2011. Despite this fact, however, CDC Software, a non-debtor, has not received a subpoena from Evolution requiring such production of documents or the compulsion of testimony, much less the production on a mere 8 days notice. If it had received such a subpoena, the subpoena would be objectionable on its face.

3.  Further, the Motion makes no provision for the payment of CDC Software's reasonable out of pocket expenses incurred in producing such documents or in making non-debtor witnesses available. Accordingly, any third-party request for discovery is on its face unduly burdensome to CDC Software, a non-debtor entity.

4.     Despite these objections, CDC Software has been communicating with counsel for Evolution in an effort to provide the requested information in a timely manner.  Further, at this time, CDC Software believes that it has largely reached agreement with Evolution for the production of documents and for the production of witnesses that are within the control of CDC Software.  Accordingly, this limited objection is filed to preserve objections in the event disputes ultimately arise relating to the Motion.

## BACKGROUND

5.     On October 4, 2011, the Debtor filed its petition for voluntary relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").  The Debtor is continuing its operations as a debtor-in-possession.  Neither a trustee nor an official committee has been appointed in this case.

6.     CDC Software is a publicly traded company.  The Debtor holds the majority of outstanding shares of CDC Software.  As noted in the Motion, Debtor is currently obligated to CDC Software on account of "inter-company payables" in a listed amount of $50.9 million.  Also as noted in the Motion, Evolution asserts that they are creditors of the Debtor, pursuant to a judgment in excess of $65 million.

3

7. On October 14, 2011, Evolution filed the Motion, wherein Evolution seeks among other things authority to conduct a 2004 examination of the Debtor and non-debtor CDC Software, and to require production of documents from the Debtor and CDC Software, all on an expedited basis. (Doc. No. 10.) Evolution alleges that the potential for the dissipation of assets and conflicts of interest require immediate examinations. (Motion, ¶ 2.) Evolution does not identify the conflict of interest at the CDC Software level that would result in the dissipation of the Debtor's assets, nor does Evolution describe how CDC Software, a non-debtor, could require the Debtor to dissipate its assets in favor of CDC Software.

8. On October 19, 2011, Debtor filed its response to Evolution's Motion ("Debtor's Response", Doc. No. 17.) In its Response, the Debtor disputes many of the factual allegations made by Evolution. Moreover, the Debtor explained that – because Debtor is a holding company with little physical assets – the need for the expedited relief requested by Evolution was overstated.

9. On October 20, 2011, the Court entered an Order granting the Motion ("Order", Doc. No. 22), but stated that the Order was "entered subject to Objection." The Order required one designated deponent to sit for examination one day later (October 21), and the other designated deponents to sit for examination within 15 days. Moreover, the Order required production of a substantial number of documents eight days from the date of the Order, which

4

would require CDC Software to review hundreds of thousands of pages of documents prior to production.

10. As an example, in the Motion, Evolution alleges among other things that "several directors such as Mr. Yip serve on boards of both Debtor and CDC Software." (Motion, ¶ 8.) Yet, as the Response points out, with the exception of Peter Yip – who is on administrative leave – there are no overlapping members of the Boards of Directors. (Response, ¶ 11.)

11. Moreover, although the Order authorizes Evolution to conduct Rule 2004 exams (subject to objection), Evolution has not served CDC Software with any subpoena that would compel attendance at a deposition or production of documents.

12. The Motion seeks authority to conduct an examination of Mr. Stephen Dexter, alleging that Mr. Dexter is the Chief Accounting Officer of Debtor. In that regard, Evolution seeks to examine Mr. Dexter regarding the "properties, liabilities, and financial condition of the Debtor," as well as "matters that may affect the administration of the Debtor's estate, including the value of CDC Software and the purported $50.9 million in intercompany payables owed by the Debtor to CDC Software." (Motion, ¶ 24.)

13.     CDC Software has had discussions with Evolution and the Debtor regarding the production of documents and witnesses requested in the Motion. Pursuant to these discussions, CDC Software believes the parties will be able to work collectively to resolve Evolution's requests and the objections thereto by the Debtor and CDC Software.  Notwithstanding the foregoing, CDC Software files this Objection in order to protect and preserve its rights and privileges.

## **ARGUMENT AND CITATION TO AUTHORITY**

14.     CDC Software objects to the Motion upon several grounds.  First, although the Order authorizes Evolution to conduct discovery pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rules"), Evolution has not issued a subpoena to CDC Software for either the production of documents or for the examination of a witness.  Absent a subpoena, CDC Software – a third party, non-debtor, cannot be compelled to produce either a witness or documents. *See* Fed. R. Bankr. P. 2004(c) and 9016.  Further, the Motion seeks testimony from Mr. Dexter and others, both individually and "in their capacities as officers or agents of the Debtor."  To the extent Evolution seeks to take the deposition of CDC Software, it must issue a subpoena and identify the topics of deposition.  CDC Software will then identify one or more deponents to testify in response to the subpoena.  If, however, Evolution seeks to depose employees of CDC Software, such as Mr. Dexter, it may only subpoena them in their individual capacity.

6

Accordingly, CDC Software reserves the right to require Evolution to comply with the Rules, including but not limited to requiring Evolution to issue proper subpoenas as appropriate. Further, to the extent CDC Software produces Mr. Dexter as requested by Evolution, Mr. Dexter will testify only in his individual capacity and not as CDC Software.

15. Second, the scope of Evolution's Rule 2004 examination request exceeds what is permissible under the Rules. Although Rule 2004 authorizes a broad examination, it is not without limits. *See, e.g., Official Committee of Unsecured Creditors v. Eagle-Picher Indust.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994) ("[T]he scope [of a Rule 2004 exam] is not without limits."). Indeed, the burden is on the movant to show good cause for authorization to conduct the examination. *Id.* And the scope of the examination must not be burdensome, nor designed to harass the examinee. Fed. R. Bankr. P. 2004(b).

16. With regard to Mr. Dexter, it is relevant that he is no longer employed by the Debtor. Indeed, his knowledge concerning the current "properties, liabilities, and financial condition of the Debtor" is limited – simply put, he is no longer employed by Debtor and thus does not have any superior access to this sort of data. For the same reason, Mr. Dexter's knowledge of matters that "may affect the administration of the Debtor's estates" is limited. Moreover, the examination request with regard to Mr. Dexter is overbroad, as it seeks to discover "the value of

CDC Software."  CDC Software objects to producing any valuation data for CDC Software that is somehow binding on CDC Software.

17. With regard to Evolution's document requests, CDC Software similarly objects on the grounds that they are overbroad, unduly burdensome, and outside the scope of Rule 2004.  First, to comply with Evolution's 19 categories of document requests, CDC Software estimates that it will need to gather, review, code, and potentially redact hundreds of thousands of pages of documents (if not millions of pages).  Balancing the burden suffered by CDC Software against the benefit to Evolution – particularly at this premature stage – warrants denial of Evolution's Motion.  Second, several categories of requests seek documents that do not relate to the Debtor; for example, Request 7 relates to the minutes from the Board of Directors' meeting for CDC Software – an independent, publicly-traded company.  Likewise, Request No. 15 seeks all documents from CDC Software's shareholders that were received by CDC Software's Board of Directors; again, the relevance to Debtor's financial affairs is curious.[1]

18. Finally, the Motion is objectionable because it seeks production and testimony of matters protected by the attorney-client privilege or other applicable privilege.  *See, e.g., In re North Plaza, LLC*, 395 B.R. 113, 123 (Bankr. S.D. Cal.

---

[1] CDC Software notes for the Court the sheer impossibility of complying with Evolution's document requests, which would require the compiling and review of hundreds of thousands of pages of documents in a one week period.  Moreover, again, CDC Software has not been served with a subpoena seeking production of the same.

2008). The privilege is controlled by Federal Rule of Evidence 501, which adopts the common law privileges, including the attorney-client privilege. *See* Fed. R. Evid. 501. Accordingly, CDC Software objects to the Motion, the examination requests, and the document requests to the extent they seek documents or testimony protected by the attorney-client privilege or any other applicable privilege. Further, CDC Software objects to providing any testimony or documents relating to CDC Software, a non-debtor entity, absent entry of an appropriate protective order and confidentiality agreement.

WHEREFORE, CDC Software respectfully requests that – to the extent the parties are unable to consensually resolve this dispute – the Court deny the Motion as it relates to CDC Software and grant such further relief as is just and proper under the circumstances.

Dated: November 1, 2011.

          */s/ John F. Isbell*
John F. Isbell
Georgia Bar No. 384883
john.isbell@thompsonhine.com
Garrett A. Nail
Georgia Bar No. 997924
garrett.nail@thompsonhine.com
**THOMPSON HINE LLP**
3560 Lenox Road
Two Alliance Center, Suite 1600
Atlanta, Georgia 30326
T: 404-541-2900
F: 404-521-2905

*Counsel for CDC Software Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed and served this day with the Clerk of Court using the CM/ECF system on the following addressee:

Timothy T. Brock
Aaron M Zeisler
Abigail Snow
Satterlee, Stephens, Burke & Burke, LLP
230 Park Avenue, 11th Floor
New York, New York  10169

James C. Cifelli
Lamberth, Cifelli, Stokes & Stout, PA
3343 Peachtree Road, NE, Suite 550
Atlanta, Georgia  30326

James H. Morawetz
Office of the United State Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, Georgia  30303

C. Edward Dobbs
James S. Rankin, Jr.
Parker, Hudson, Rainer & Dobbs
285 Peachtree Center Avenue, NE, Suite 1500
Atlanta, Georgia  30303

Thomas J. Fleming
Olshan Grundman Frome Roseweig & Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, New York  10022

Dated: November 1, 2011.

           */s/ John F. Isbell*
John F. Isbell