UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| CDC CORPORATION, | : | CASE NO. 11-79079 |
| | : | |
| Debtor. | : | JUDGE BONAPFEL |

-------------------------------------------------------------------------------------------------------------

**STIPULATION REGARDING DISCOVERY
AND PROPOSED PROTECTIVE ORDER THEREON**

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 9014, and 9016 and 9018 and Federal Rules of Civil Procedure (FRCP) 26(c) and 45(c)(3)(B), it is hereby stipulated and agreed by, between and among the Parties, CDC Corporation ("Debtor"), CDC Software Corporation ("Software") (collectively, "CDC Entities"), Evolution CDC SPV Ltd., Evolution Master Fund Ltd., SPC, Segregated Portfolio, and E1 Fund Ltd. (collectively, "Evolution") to the above-styled matter, in relation to the "Order Directing John Clough, Stephen Dexter and Ed Swift to Appear for Examination Pursuant to Bankruptcy Rule 2004 and Directing the Production of Documents by the Debtor, CDC Software Corporation, Ed Swift, John Clough and Stephen Dexter," as well as other discovery requests or deposition notices or examinations which may be scheduled (collectively, the "Discovery Requests") in this bankruptcy case, that the process and procedures set forth in this Stipulation Regarding Discovery and Proposed Protective Order Thereon (the "Stipulation") shall govern the production, review handling and use of the materials produced and testimony given in response to the Discovery Requests made by Evolution.

The signatories hereto respectfully request that the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Bankruptcy Court"), in which this case

1277631_1

is pending, review and approve this Stipulation and Proposed Protective Order and make it the Order of the Bankruptcy Court by means of the Order in the form attached hereto as Attachment "1," or in such other form as the Bankruptcy Court may deem just and proper.

## **STIPULATION**

1. This Stipulation and Proposed Protective Order ("Stipulation") is a contract by, between and among the Parties who, as evidenced by the signatures of their authorized representatives set forth below, agree to be bound by the terms hereof, and Debtor and Software's designee(s) shall testify and produce materials and information pursuant to and in reliance upon this Stipulation and Proposed Protective Order in response to the Discovery Requests. This Stipulation shall be binding upon, and inure to the benefit of the Parties.

2. This Stipulation shall be governed by and construed in accordance with the domestic laws of the State of Georgia, without giving effect to any choice of law or conflict of law provision (whether of the State of Georgia or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Georgia.

3. In producing documents in response to the Discovery Requests, the CDC Entities may designate as "Confidential" information or documents containing or embodying information that they reasonably consider "Confidential Information" (as defined below). The identification of documents or information as "Confidential" will not be deemed an admission by any of the Parties that the information or document is, in fact, confidential and shall not prevent Evolution from seeking relief to declassify the same from being "Confidential" as provided for herein.

4. As used herein:

    (a) "Confidential Information" means and includes trade secrets and any confidential or proprietary, technical, business, competitive, financial, personal or other highly sensitive information of the CDC Entities (or of another person or entity which information the CDC Entities are under a duty to maintain in confidence), or any of their

2

1277631_1

related persons or entities, including financial and personal identifying information, as well as all memoranda, correspondence, or other documents, and any other data compilations containing or derived from, in whole or in part, Confidential Information or from which Confidential Information can be obtained or ascertained, together with all copies of any such items. Confidential Information may also include testimony given in compliance with the Discovery Response, designated as provided herein;

     (b)    "Document" shall have the broadest meaning given to that term and shall include, without limitation, originals and all non-identical copies of all written, printed, typed, stamped, impressed, photographic, phonographic, and electronically stored information or material of any kind whatsoever, and includes: all "writings," "recordings," "photographs," "originals," and "duplicates" as defined by Federal Rule of Evidence 1001;

     (c)    "Parties" mean and include the Parties to this Stipulation, their attorneys at law, their agents, officers, employees, other persons acting on their behalf, and their successors and assigns;

     (d)    "Non-Parties" mean and include all persons or entities not Parties to this Stipulation, their attorneys at law, their agents, officers, employees, other persons acting on their behalf, and their successors and assigns.

5.    Confidential Information does not include information or material that:

     (a)    at the time of the production or disclosure, such information is in the public domain, as evidenced by a written document;

     (b)    such information, through no action or non-action of the receiving party, subsequently becomes part of the public domain;

     (c)    at the time of the production or disclosure, the receiving party can show it already lawfully possessed such information; or such information is disclosed to the receiving party by a person without breach of an obligation of confidence by the person to the producing party.

     (d)    was previously produced or published to any third-party outside of any NDA, confidentiality agreement, or protective order, or was disclosed at any trial or in open court.

6.    Confidential Information shall be used only for the preparation and pursuit of this bankruptcy Chapter 11 case or any Chapter 7 or similar conversion thereof and shall not be disclosed or used for any other purpose, including, without limitation, any business or commercial purpose, or in connection with any other judicial and/or arbitral proceedings. Confidential Information shall be treated as strictly confidential by the receiving parties (as

3

1277631_1

identified in this Stipulation), and will not be disclosed to any person or entity for any purpose, except as provided herein.

7. The designation of Documents containing or embodying "Confidential Information" shall be made by the Parties at the time such Documents are produced by plainly stamping same (in such a manner that will not interfere with the legibility thereof) with the term "Confidential." When Confidential Information is disclosed in a form not appropriate for such placing or affixing such designation, it shall be designated in writing as Confidential Information at the time it is delivered. Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by Evolution's attorney or by an attorney defending or attending the deposition. A Party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected Parties and persons either prior to or during the deposition, or within twenty-one (21) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential. If only a portion of a deposition is designated as Confidential: (a) the Confidential portion(s) shall be transcribed and bound separately from a complete version of such deposition and shall be labeled "Confidential" and treated as such pursuant to this Stipulation, (b) the portions that do not contain Confidential Information shall be transcribed and bound separately from a complete version of the transcript, and (c) the complete version shall be labeled "Confidential" and treated as Confidential Information pursuant to this Stipulation.

8. Except by express written consent of Debtor and Software, or upon further order of the Bankruptcy Court, disclosure of Documents, testimony, and things designated Confidential by Debtor or Software may be made only to the following categories of persons:

      (a)    Counsel for Evolution, Satterlee, Stephens, Burke, and Burke, LLP, and Parker, Ranier, Hudson and Dobbs, and employees, consultants or experts of such counsel assigned to and necessary to assist counsel in connection with this bankruptcy case, provided, however, that as a condition to disclosure to any such consultants or experts, counsel for Evolution must obtain written acknowledgment of and consent to the provisions of this Stipulation;

      (b)    Two representatives of Evolution whose identity will be disclosed in advance;

      (c)    Court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Confidential Information is disclosed;

      (d)    The Bankruptcy Court, its personnel, any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, and professional court reporters engaged to transcribe testimony;

      (e)    To such other persons as hereafter may be agreed upon in writing or on the record among counsel for all Parties.

      (f)    Any other person designated by the Bankruptcy Court, upon such terms as the Bankruptcy Court may deem proper.

9.    It is anticipated that Evolution may seek to use Confidential Information at the hearings in this bankruptcy case. Such attempted use is authorized hereby (without waiver of any Party to object to such attempted use on any reasonable grounds), provided, however, that the Parties agree to seek appropriate protections from disclosure to unauthorized Non-Parties from the Bankruptcy Court at the time of those hearings, in accordance with the terms of this Stipulation.

10.    Any failure to designate a Document or other disclosure of information as Confidential Information shall not operate as a waiver and may be cured by designating such material as Confidential Information by written notice to counsel for all other Parties and to any person who may be involved. Documents produced in these cases that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties

5

1277631_1

receiving the production, by providing written notice to counsel for all other Parties and to any person who may be involved. Each Party or person who receives such written notice shall endeavor to retrieve any Confidential Information that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Stipulation.  No disclosure or use of Documents or information prior to the receipt of such written notice shall be deemed a violation of this Stipulation.

11. The recipient of any Confidential Information that is produced pursuant to this Stipulation shall maintain such Confidential Information in a secure and safe area, and the recipient shall exercise all reasonable standards of due and proper care with respect to the storage, custody and use of such Confidential Information so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Stipulation.

12. Nothing in this Stipulation and Proposed Protective Order shall limit the Parties' use or disclosure of their own respective Confidential Information.

13. Nothing shall prevent disclosure beyond the terms of this Stipulation if the producing Party consents to such disclosure in writing, or if the Bankruptcy Court orders such disclosure.

14.  If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulation, the receiving Party must immediately (a) notify in writing the producing Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Confidential Information and to prevent disclosure by each person who received such unauthorized disclosure, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation.

6

1277631_1

15. No Party or other person having access to Confidential Information will copy, reproduce, trace, or in any way duplicate, utilize, incorporate into other materials, disclose the contents of, publish, or communicate, any such Information, except in accordance with the terms and conditions of this Stipulation.

16. Because of the unique nature of the Confidential Information, monetary damages may or may not be adequate to compensate for any breach of the provisions of this Stipulation and Proposed Protective Order pertaining to the use and protection of Confidential Information. Accordingly, Evolution, those individuals entitled to access to Confidential Information under Paragraph 8 herein, and any individual receiving notice of this Stipulation are hereby enjoined from any disclosure or unauthorized use of Confidential Information as prescribed herein.

17. Nothing contained in this Stipulation shall affect the rights, if any, of any Party to make any objection, claim, or other responses to any discovery request, or to seek additional protection or disclosure with respect to particular Documents or information. Nothing contained in this Stipulation and no action pursuant to it shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of Confidential Information produced or sought. Nothing contained in this Stipulation shall affect the rights of Evolution to object to any designation of Confidential Information by the CDC Entities or to seek appropriate relief from the Court to challenge any such designation. Should Evolution raise objections to the CDC Entities in writing about the classification of particular documents as Confidential, the CDC Entities shall either, within 14 days, (a) consider those objections and remove such Confidential designation, or (b) respond in writing as to the basis of maintaining the Confidential designation.

18. Nothing in this Stipulation shall require disclosure of any material that the CDC Entities contend is protected from disclosure by the attorney-client privilege, work-product

doctrine immunity or any other legally recognized privilege. The inadvertent production of any Document or information during discovery in this case shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, work-product doctrine or any other legally recognized privilege, and the CDC Entities shall not be held to have waived any rights by such inadvertent production. Upon request by CDC or Software, Evolution shall (a) return the original and all copies of such Documents and information, and (b) shall not use such information for any purpose unless allowed by order of the Bankruptcy Court.

19.     Nothing contained in this Stipulation shall prohibit Evolution from responding to valid and enforceable subpoenas or from being legally compelled to provide information by a court of law, any arbitration panel, any government agency or any self-regulatory organization, subject to the provisions of this paragraph.  In the event that Evolution is served with a subpoena, notice to produce, request for documents or similar process which commands Evolution to divulge or produce any Documents or information received the CDC Entities designated as containing or embodying Confidential Information, Evolution's legal representatives (i) shall immediately notify counsel for the CDC Entities in writing and in no case later than fourteen (14) days prior to the response date stated in said process unless said process requires a response earlier than fourteen (14) days (in which event the notice shall be given as soon as is practicable upon Evolution's receipt of the process); and (ii) shall not respond to the process until the last day on which a response is due so that the CDC Entities may move for protective relief, move to quash said process, or otherwise protect its interests.

20.     Subject to the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any other applicable law, the use of Confidential Information in this bankruptcy case shall not cause the information to lose its confidential status.

1277631_1

To avoid the need for repeated applications to the Bankruptcy Court for leave to file Confidential Information under seal, the Parties agree that they shall jointly make an application to the Bankruptcy Court on November 1, 2011 or as soon after as is practicable for prospective leave under 11 U.S.C. § 107(b), or other relevant rule, to file such material under seal in this case pursuant to the terms of this Stipulation.  Following entry of such an Order by the Bankruptcy Court permitting Confidential Information to be filed under seal, such material, and any pleadings, motions, or other papers filed with the Bankruptcy Court disclosing any such material, shall be filed in a sealed envelope (or other sealed container) which shall be endorsed with the title of the action, the words "CONFIDENTIAL INFORMATION" and a statement in substantially the following terms:

> This envelope contains [indication of the nature of the contents] which were filed in this action, [Caption], pending in the [Court], by Evolution, pursuant to Stipulation and Proposed Protective Order, and is not to be opened or the contents thereof to be displayed or revealed, except by further Order of the United States Bankruptcy Court for the Northern District of Georgia.

The foregoing shall not prevent any appropriately marked second copy of any designated material specifically intended for review by the Bankruptcy Court from being hand delivered to the Bankruptcy Court to assure that the same is brought promptly to the Bankruptcy Court's attention.

21.    To the extent not specifically addressed in this Stipulation, the Parties shall, in conjunction with the Bankruptcy Court, establish procedures for the filing of Confidential Information with the Bankruptcy Court and the protection of such Information at any hearings which may take place during the course of the pending bankruptcy matter.

22.    This Stipulation shall remain with full force and effect until the termination or close of this bankruptcy case.  Neither the termination of this action nor the termination of the

9

1277631_1

employment, engagement, or agency of any person who had access to any Confidential Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of any Confidential Information disclosed pursuant to this Stipulation.

23. It is the intent of the Parties who are signatories to this Stipulation that the Bankruptcy Court shall have and exercise jurisdiction to decide: (a) any and all disputes and claims arising under, out of or from this Stipulation, including, but not limited to, the designation of any information or documentation as Confidential Information and the interpretation of this Stipulation; (b) any action for further injunctive relief pursuant to this Stipulation; and (c) any and all disputes related to discovery requests issued in the case.

24. Within sixty (60) days of the earlier of the confirmation of a reorganization plan proposed, or co-sponsored, or consented to by the Debtor, dismissal of the case, or entry of a final decree, or sooner if so ordered by the Court, each receiving Party shall return to counsel for the Party who furnished the same (or shall supervise and certify the destruction of), all items constituting, containing, or reflecting the other Party's Confidential Information.

25. Notwithstanding the pendency before the Bankruptcy Court of this Stipulation with respect to which the Parties who are signatories to this Stipulation have agreed to seek the approval of the Bankruptcy Court, the Parties who are signatories to this Stipulation further stipulate and agree that this Stipulation shall become effective among the parties who have executed the Stipulation immediately upon its execution. If approval by the Bankruptcy Court is ultimately denied, no party shall treat any Confidential Documents or Information (as defined in the Stipulation) produced prior to that time other than as provided for herein.

SO STIPULATED AND AGREED, as of this 1st day of November, 2011.

[SIGNATURES CONTINUED ON NEXT PAGE]

1277631_1

**So Stipulated By:**

LAMBERTH, CIFELLI, STOKES
   ELLIS & NASON, P.A.


By:    /s/ James C. Cifelli
      James C. Cifelli
      Georgia Bar No. 125750
      JCifelli@lcsenlaw.com
3343 Peachtree Road, N.E.
East Tower, Suite 550
Atlanta, Georgia 30325-1022
(404) 262-7373
*Counsel for Debtor*



SATTERLEE STEPHENS BURKE & BURKE, LLP


By:    /s/ Aaron M. Zeisler (by JCC)
      Aaron M. Zeisler
      New York Registration No. 3900131
      AZeisler@ssbb.com
230 Park Avenue, 11th Floor
New York, New York 10169
(212) 818-9200
*Counsel for Evolution CDC SPV, Ltd.,*
*Evolution Master Fund Ltd.,*
*Segregated Portfolio M, and*
*E1 Fund Ltd.*



THOMPSON HINE, LLP


By:    /s/ John F. Isbell (by JCC)
      John F. Isbell
      Georgia Bar No. 384883
      John.isbell@thompsonhine.com
Two Alliance Center, Suite 1600
Atlanta, Georgia 30326
(404) 541-2900
*Counsel for CDC Software Corporation*

1277631_1