**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| CDC CORPORATION, | : | CASE NO. 11-79079 |
| | : | |
| Debtor. | : | JUDGE BONAPFEL |

--------------------------------------------------------------------------------------------------------

SCHEDULES OF ASSETS AND LIABILITIES FOR
CDC CORPORATION

LAMBERTH, CIFELLI, STOKES, ELLIS & NASON, P.A.
3343 Peachtree Road, N.E.
East Tower, Suite 550
Atlanta, Georgia 30326-1022
(404) 262-7373
(404) 262-9911 (facsimile)

363471.doc

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| CDC CORPORATION, | : | CASE NO. 11-79079 |
| | : | |
| Debtor. | : | JUDGE BONAPFEL |

------------------------------------------------------------------------------------------------------

## GLOBAL NOTES REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

### A. General Notes

The Schedules of Assets and Liabilities (the "**Schedules**") and Statement of Financial Affairs (the "**SOFA**") (collectively, the "**Bankruptcy Schedules**") of CDC Corporation, have been prepared pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by the Debtor's management with the assistance of Debtor's counsel. On October 4, 2011 (the "**Petition Date**"), the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia (the "**Bankruptcy Court**").

The financial affairs and businesses of the Debtor are large and complex; therefore, while the Debtor's management and its counsel have made every reasonable effort to ensure that the Bankruptcy Schedules are accurate and complete based on the information available at the time of preparation. The subsequent receipt, discovery, or review of additional information not used in the preparation of the Bankruptcy Schedules, however, may result in material changes to the financial data or other information contained therein. Further, the Bankruptcy Schedules are unaudited and inadvertent errors or omissions may exist. The Debtor reserves all rights to amend the Bankruptcy Schedules in all respects, as may be necessary or appropriate, including, but not limited to the right to dispute or to assert offsets or defenses to any claim reflected in the Bankruptcy Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as disputed, contingent, or unliquidated. These Global Notes Regarding Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") comprise an integral part of the Bankruptcy Schedules and should be referred to and considered in connection with any review of the Bankruptcy Schedules.

Debtor is operating solely as holding company – As of the Petition Date, CDC Corporation was operated solely as a holding company. Virtually all assets on CDC Corporation's books and records relate to its ownership interests as a holding company. Thus, other than cash balances, its ownership interest in entities, and litigation claims Debtor has no significant assets to account for on the Bankruptcy Schedules. The Debtor reserves all rights to

2

363471.doc

amend the Bankruptcy Schedules in the event that it is later discovered that any assets are property of the Debtor.

Causes of Action. The Debtor, despite its efforts, may not have listed all of its causes of action against third parties as assets in the Bankruptcy Schedules. The Debtor reserves all of its rights with respect to any causes of action it may have and neither these Global Notes nor the Bankruptcy Schedules shall be deemed a waiver of any such causes of action. Moreover, nothing contained in the Bankruptcy Schedules shall constitute a waiver of rights with respect to this Bankruptcy Case and specifically with respect to any issues involving substantive consolidation, equitable subordination, and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws with respect to recovery of assets or avoidance of transfers.

Claims Description. Any failure to designate a claim on the Bankruptcy Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such claim is not disputed, contingent, or unliquidated. The Debtor reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on the Bankruptcy Schedules as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as disputed, contingent, or unliquidated by filing and serving an appropriate amendment.

Dates. The Debtor's management and its counsel made every reasonable effort to include in the Bankruptcy Schedules data effective as of the Petition Date. To close the books and records of the Debtor as of the Petition Date, the Debtor's management was required to make estimates and assumptions that affect the reported amounts of assets and liabilities. As additional information becomes available, the allocation of liabilities between prepetition and postpetition periods may change and the Debtor reserves the right to amend the Bankruptcy Schedules or otherwise change the allocation of pre and postpetition liabilities as is appropriate.

Intercompany Transactions.    The Debtor, and its non-debtor subsidiaries, book "intercompany transactions" in the ordinary course of its business.  Some of the intercompany accounts on the general ledger relate to the Debtor's investments, capital accounts, and acquisitions of non-debtor subsidiaries. Other general ledger accounts relate to the intercompany movement of cash for operations and the intercompany exchange of services. The general ledger accounts on the Debtor's books and records that relate to the intercompany movement of cash for operations and the intercompany exchange of services are clearing accounts for transactions that involve multiple subsidiaries with substantial volume.  Many of these accounts are not reconciled on a subsidiary by subsidiary basis.

The intercompany balance due CDC Software Corporation reflected herein is based on the roll forward from the December 31, 2009 audited balance on the books of CDC Software Corporation. With respect to intercompany transactions involving CDC Software Corporation on a consolidated basis, CDC Software Corporation's consolidated books and records reflect a receivable due from CDC Corporation as of September 30, 2011 of $40,012,228.87. The audited balance of December 31, 2009 was $34,166,000. Other than the balance  Debtor may have rights of offset or may be due payment from subsidiaries not

363471.doc

reflected in the consolidated intercompany balance. Other than the balance due to CDC Software, Inc. that is reflected on CDC Software, Inc.'s consolidated books, all other intercompany accounts are classified as Debtor's investment in its direct and indirect subsidiaries.

Valuation. Debtor has listed the value of its interest in subsidiaries based on shareholders equity, Thus, the value of Debtor's interest in its subsidiaries is based on book value as of September 30, 2011. For this reason, amounts ultimately realized from these investments will vary from book value and such variance may be material. In addition, the amounts shown for total assets and liabilities exclude items identified as "unknown" and, thus, ultimate assets and liabilities may differ materially from those stated in the Bankruptcy Schedules.

## B. Schedules of Assets and Liabilities

Schedule B: Personal Property.

B21: Counterclaims.

Evolution. On March 2, 2010, Debtor filed a complaint against Evolution CDC SPV Ltd., Evolution Master Fund Ltd., SPC, Segregated Portfolio M and E1 Fund Ltd. (collectively, "Evolution"), in the Supreme Court of the State of New York, County of New York, alleging breach of non-disclosure agreements, breach of the Note Purchase Agreement, and tortious interference with business relations. Debtor believes that the suit remains pending.

Rajan Vaz. In August 2010, Rajan Vaz's employment with Software Galleria, Inc. ("SGI") was terminated for cause, including, without limitation, the following:

1. Mr. Vaz exhibited a persistent and intentional failure to comply with several established Debtor and SGI corporate policies. These violations included the hiring of employees and contractors without proper authorization, entering into multiple profit sharing arrangements in India without the proper legal and corporate authorization, and failing to abide by Debtor's corporate authority matrix. Furthermore, despite repeated instructions, he failed to terminate the employment of the local management team as part of the eventual shutdown of the operations.

2. Mr. Vaz misappropriated and misused assets of the Debtor and SGI, including the direction of funds to India, which was used for improper purposes.

3. Mr. Vaz casued SGI to enter into an apartment lease with TAV Holdings, LLC, a company affiliated with him, for the rental of a house in Jersey City, NJ, and his ownership interest in TAV was not disclosed until this relationship was discovered in 2010, after several years of rental payments being made.

4

3. During his tenure as an employee, he caused several violations of Indian law to occur relating to the operation of operations in India, including the failure to properly and timely compensate employees and other persons for services performed, and the non-payment of certain taxes to the relevant authorities in India.

He engaged in conduct that is in violation of the non-competition and non-solicitation provisions of the employment agreement by and among himself, China.com Corporation Ltd. And SGI dated March 2, 2000.

<u>Schedule F: Creditors Holding Unsecured Non-Priority Claims.</u> The claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor does not list a date for each claim listed on Schedule F.

<u>Schedule G: Executory Contracts.</u> Debtor's business is complex. While every reasonable effort has been made to ensure the accuracy of Schedule G in Debtor's Bankruptcy Schedules regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusions may have occurred. Debtor reserves all of its rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein. The Debtor's corporate charter, articles and similar documents under Cayman law provide indemnification rights to directors and officers which could be considered executory in nature. Such rights are not otherwise included in the schedules.

## C. Statement of Financial Affairs

Question 3: Payments to Creditors: Attachment 3 includes payments from financial accounts of Debtor and payments made by affiliates on behalf of Debtor. It is possible that some of the payments reported as being made by subsidiaries on behalf of Debtor may also have been included in the payments made by Debtor due to allocations of expenses between the Debtor and its subsidiaries.

Question 18: Nature, location and name of business. Debtor's interests in its subsidiaries are organized into four segments: enterprise software applications and services, through its CDC Software business; IT consulting services, outsourced applications development, and IT staffing through its CDC Global Services business; online games, through its CDC Games business; and internet portals for the Greater China market, through its China.com business. An organizational chart identifying the legal entities and structure is

363471.doc

attached as Attachment B-18.  In general the CDC Software business and CDC Global Services business address is 2002 Summit Boulevard, Suite 700, Atlanta, GA 30319.  In general, the business address for the CDC Games business; and on internet portals for the Greater China market, through its China.com business is 11/F ING Tower, 308 Des Voeux Road, Central Hong Kong K3.

A list of United States subsidiaries whether, direct or indirect, who have federal tax ID #'s is also attached.


     Question 23: Withdrawals from a partnership or distribution by a corporation. Distributions listed in response to SOFA 23 for Debtor are also included in those payments detailed in response to SOFA 3(c). Except as otherwise indicated all distributions to the insiders listed were made by CDC Software, Inc. or other subsidiaries on behalf of Debtor. The amounts listed are the gross salaries paid by CDC Software, Inc. SOFA 3(c) and SOFA 23 incorporates all compensation paid to them or on their behalf by Debtor within one year of the Petition Date, including regular payroll, stock rights, accrued bonus payments, expense reimbursements and consulting fees.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Northern District of Georgia - Atlanta Division

In re __CDC Corporation__ _____  Case No. __11-79079__

Debtor(s)  Chapter __11__

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### _DEFINITIONS_

_"In business."_ A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

_"Insider."_ The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$0.00** | **[See Global Notes Regarding the Debtor's Schedules and SOFA]** |

---

### 2. Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$2,317,514.00** | **2011: See Attachment 2** |
| **$14,465.00** | **2010: See Attachment 2** |

2

| AMOUNT | SOURCE |
|---|---|
| **$8,203,833.00** | **2009: See Attachment 2** |

---

**3. Payments to creditors**

None
■    ***Complete a. or b., as appropriate, and c.***

    a.   *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850˚. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **See Attachment 3(b)** | | **$0.00** | **$0.00** |

None
☐    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **See Attachment 3(c)** | | **$0.00** | **$0.00** |

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **See Attachment 4(a)** | | | |

None
■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

˚ Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**STATEMENT OF FINANCIAL AFFAIRS**
**ATTACHMENT 2**

|  | 2009 | 2010 | 2011 |
|---|---|---|---|
| Marketable securities gain | 368,614 | - | - |
| Interest income from external sources | 36,504 | 14,385 | 5,629 |
| Dividend income from external sources | 2,085 | - | - |
| Rebates | 4,506 | - | - |
| Intercompany Interest with Software | 10,056 | - | 14,165 |
| Gain on disposal or marketable securities | 1,178,068 | 80 | - |
| Gain on early redemption of convertible bonds | 6,504,000 | - | - |
| Cancellation of I/C indebtedness | 100,000 | - | - |
| Expense allocations  from Corp to Global Services | - | - | 2,297,720 |

PAYMENTS TO ORDINARY CREDITORS MADE BY DEBTOR

ATTACHMENT 3(B)

| PAYEE NAME | Payment Date | Payment Method | Address | Amount |
|---|---|---|---|---|
| Deloitte & Touche, LLP | 10/4/2011 | Wire | 191 Peachtree Street, Ste. 2000, Atlanta, GA  30303 | 100,000.00 |
| Fisher & Phillips c/o Lightmas and Delk | 9/23/2011 | Wire | 1355 Peachtree Street, N.E., Ste. 1150, Atlanta, GA  30309 | 247,000.00 |
| Paul Hastings, LLP | 9/23/2011 | Wire | 515 South Flower Street 25th Floor, Los Angeles, CA  90071 | 116,443.06 |
| Paul Hastings, LLP | 9/29/2011 | Wire | 516 South Flower Street 25th Floor, Los Angeles, CA  90071 | 63,192.15 |
| Paul Hastings, LLP | 10/4/2011 | Wire | 517 South Flower Street 25th Floor, Los Angeles, CA  90071 | 35,534.70 |
| Rogers & Hardin, LLP | 9/29/2011 | Wire | 2700 International Tower, 229 Peachtree Street, Atlanta, GA  30303 | 25,000.00 |
| Wilmer Cutler Pickering (Wilmer Hale) | 9/29/2011 | Wire | 60 State Street, Boston, MA  02109 | 166,777.53 |
| | | | | 753,947.44 |

PAYMENTS TO ORDINARY CREDITORS (OFF BY CDC SOFTWARE ON PORTAL OF 2005.07.44)
(ATTACHMENT 3(b))

| PAYEE NAME | Payment Date | Payment Method | Address | Amount |
|---|---|---|---|---|
| ALSTON & BIRD LLP | 9/30/2011 | Wire | P.O. BOX 933124 ATLANTAGA311933124 | 150,000.00 |
| Applied Financial Research LLC | 7/14/2011 | Wire | 3630 Mere Lane MariettaGA30062 | 13,233.29 |
| Applied Financial Research LLC | 7/14/2011 | wire | 3630 Mere Lane MariettaGA30062 | 4,800.00 |
| Applied Financial Research LLC | 7/14/2011 | Wire | 3630 Mere Lane MariettaGA30062 | 1,350.00 |
| Applied Financial Research LLC | 9/29/2011 | Wire | 3630 Mere Lane MariettaGA30062 | 9,000.00 |
| Applied Financial Research LLC | 9/29/2011 | Wire | 3630 Mere Lane MariettaGA30062 | 7,534.87 |
| Beattie Padovano, LLC | 9/20/2011 | wire | PO Box 24450 Chestnut Ridge RoadMontvaleNJ76450244 | 25,000.00 |
| BUSINESS WIRE | 7/8/2011 | Check 4004 | P.O. BOX 39000DEPARTMENT 34182SAN FRANCISCOCA94139 | 616.00 |
| BUSINESS WIRE | 9/22/2011 | check | P.O. BOX 39000DEPARTMENT 34182SAN FRANCISCOCA94139 | 420.00 |
| DELOITTE & TOUCHE LLP | 10/4/2011 | Wire | P.O. BOX 7247-6446 PHILADELPHIAPA191706446 | 193,750.00 |
| DLA PIPER US LLP | 9/22/2011 | Wire | PO Box 75190 BALTIMOREMD21275 | 406.50 |
| Ellenoff Grossman & Schole LLP | 8/24/2011 | Wire | 150 East 42nd Street11th FloorNew YorkNY10017 | 8,158.33 |
| Ellenoff Grossman & Schole LLP | 8/24/2011 | Wire | 150 East 42nd Street11th FloorNew YorkNY10017 | 3,483.33 |
| Ellenoff Grossman & Schole LLP | 8/24/2011 | Wire | 150 East 42nd Street11th FloorNew YorkNY10017 | 2,915.00 |
| Fensterstock & Partners LLP | 8/1/2011 | Wire | 30 Wall Street9th FloorNew YorkNY10005 | 12,972.69 |
| Fensterstock & Partners LLP | 9/19/2011 | Wire | 30 Wall Street9th FloorNew YorkNY10005 | 9,192.50 |
| Fensterstock & Partners LLP | 7/21/2011 | Wire | 30 Wall Street9th FloorNew YorkNY10005 | 287,323.50 |
| Fensterstock & Partners LLP | 7/21/2011 | Wire | 30 Wall Street9th FloorNew YorkNY10005 | 6,027.64 |
| Fensterstock & Partners LLP | 8/1/2011 | Wire | 30 Wall Street9th FloorNew YorkNY10005 | 518.00 |
| Fensterstock & Partners LLP | 8/1/2011 | Wire | 30 Wall Street9th FloorNew YorkNY10005 | 9,338.65 |
| Fensterstock & Partners LLP | 8/26/2011 | Wire | 30 Wall Street9th FloorNew YorkNY10005 | 260,985.17 |
| Fensterstock & Partners LLP | 9/19/2011 | Wire | 30 Wall Street9th FloorNew YorkNY10005 | 23,879.50 |
| Fensterstock & Partners LLP | 9/19/2011 | Wire | 30 Wall Street9th FloorNew YorkNY10005 | 167,925.85 |
| Fensterstock & Partners LLP | 9/19/2011 | Wire | 30 Wall Street9th FloorNew YorkNY10005 | 20,042.24 |
| Fensterstock & Partners LLP | 9/19/2011 | Wire | 30 Wall Street9th FloorNew YorkNY10005 | 2,187.22 |
| FISHER & PHILLIPS LLC | 7/25/2011 | Wire | 1500 RESURGENS PLAZA945 EAST PACES FERRY ROADATLANTAGA30326 | 156,252.76 |
| FISHER & PHILLIPS LLC | 7/25/2011 | Wire | 1500 RESURGENS PLAZA945 EAST PACES FERRY ROADATLANTAGA30326 | 972.80 |
| FISHER & PHILLIPS LLC | 9/23/2011 | Wire | 1500 RESURGENS PLAZA945 EAST PACES FERRY ROADATLANTAGA30326 | 108,161.06 |
| FISHER & PHILLIPS LLC | 8/25/2011 | Wire | 1500 RESURGENS PLAZA945 EAST PACES FERRY ROADATLANTAGA30326 | 172,563.60 |
| FISHER & PHILLIPS LLC | 8/25/2011 | Wire | 1500 RESURGENS PLAZA945 EAST PACES FERRY ROADATLANTAGA30326 | 52,239.95 |
| Kobre & Kim LLP | 9/30/2011 | Wire | 800 Third Avenue6th FloorNew YorkNY10025 | 108,000.00 |
| MELLON INVESTOR SERVICES, LLC | 7/8/2011 | Check 74020 | ACCOUNTING DEPARTMENTP.O. BOX 360857PITTSBURGHPA152516857 | 136.88 |
| MELLON INVESTOR SERVICES, LLC | 8/5/2011 | Wire | ACCOUNTING DEPARTMENTP.O. BOX 360857PITTSBURGHPA152516857 | 3,059.52 |
| MELLON INVESTOR SERVICES, LLC | 8/5/2011 | Wire | ACCOUNTING DEPARTMENTP.O. BOX 360857PITTSBURGHPA152516857 | 2,500.00 |
| MELLON INVESTOR SERVICES, LLC | 8/5/2011 | Wire | ACCOUNTING DEPARTMENTP.O. BOX 360857PITTSBURGHPA152516857 | 2,372.98 |
| MELLON INVESTOR SERVICES, LLC | 8/5/2011 | Wire | ACCOUNTING DEPARTMENTP.O. BOX 360857PITTSBURGHPA152516857 | 2,500.00 |
| NAVIGANT CONSULTING, INC. | 9/28/2011 | Wire | 4511 PAYSPHERE CIRCLE CHICAGOIL60674 | 49,775.00 |
| NAVIGANT CONSULTING, INC. | 7/29/2011 | Wire | 4511 PAYSPHERE CIRCLE CHICAGOIL60674 | 56,100.00 |
| Paul, Hastings, Janofsky and Walker LLP | 8/9/2011 | Wire | 515 S. Flower StLos AngelesCA90071 | 100,000.00 * |
| Paul, Hastings, Janofsky and Walker LLP | 8/18/2011 | Wire | 515 S. Flower StLos AngelesCA90071 | 88,421.62 * |
| Paul, Hastings, Janofsky and Walker LLP | 8/24/2011 | Wire | 515 S. Flower StLos AngelesCA90071 | 55,124.97 * |
| Paul, Hastings, Janofsky and Walker LLP | 8/31/2011 | Wire | 515 S. Flower StLos AngelesCA90071 | 63,357.53 * |
| Paul, Hastings, Janofsky and Walker LLP | 8/31/2011 | Wire | 515 S. Flower StLos AngelesCA90071 | 96,439.43 * |
| Paul, Hastings, Janofsky and Walker LLP | 9/14/2011 | Wire | 515 S. Flower StLos AngelesCA90071 | 75,163.72 * |
| Paul, Hastings, Janofsky and Walker LLP | 9/14/2011 | Wire | 515 S. Flower StLos AngelesCA90071 | 108,248.40 * |
| Paul, Hastings, Janofsky and Walker LLP | 9/16/2011 | Wire | 515 S. Flower StLos AngelesCA90071 | 42,833.68 * |
| Paul, Hastings, Janofsky and Walker LLP | 9/20/2011 | Wire | 515 S. Flower StLos AngelesCA90071 | 34,570.07 * |
| Paul, Hastings, Janofsky and Walker LLP | 9/23/2011 | Wire | 515 S. Flower StLos AngelesCA90071 | 58,221.58 * |
| Paul, Hastings, Janofsky and Walker LLP | 9/29/2011 | Wire | 515 S. Flower StLos AngelesCA90071 | 31,596.07 * |
| South Beach Capital Markets | 9/29/2011 | Wire | Advisory Corporation701 Brickell Key BoulevardMiamiFL331312682 | 1,456.54 |
| Thomson Reuters (Martkets) LLC | 7/28/2011 | check 4228 | PO Box 415983 BostonMA2241 | 12,471.00 |
| West Publishing Corporation | 8/25/2011 | Wire | PO Box 71126 ChicagoIL606941126 | 2,000.00 |
| West Publishing Corporation | 8/25/2011 | Wire | PO Box 71126 ChicagoIL606941126 | 2,000.00 |
| | | | | 2,707,599.44 |

*a portion of these payments were made by the Debtor and are set forth on 3(b) payments made to ordinary creditors by Debtor

PAYMENTS TO ORDINARY CREDITORS MADE BY CHINADOTCOM ON BEHALF OF DEBTOR

ATTACHMENT 3(B)

| PAYEE NAME | Payment Date | Payment Method | Address | Amount |
|---|---|---|---|---|
| Asia Pacific Network Information Centre | 7/7/2011 | Wire | 6 Cordelia Street, P.O. Box 3646 South Brisbane, QLD 4104, Australia | 2,571.40 |
| Companies Registry | 8/31/2011 | Wire | 14th floor, High Block, Queensway Government Offices, 66 Queensway, Hong Kong | 13.46 |
| Companies Registry | 8/31/2011 | Wire | 14th floor, High Block, Queensway Government Offices, 66 Queensway, Hong Kong | 13.46 |
| Companies Registry | 8/31/2011 | Wire | 14th floor, High Block, Queensway Government Offices, 66 Queensway, Hong Kong | 13.46 |
| Companies Registry | 8/31/2011 | Wire | 14th floor, High Block, Queensway Government Offices, 66 Queensway, Hong Kong | 13.46 |
| Companies Registry | 8/31/2011 | Wire | 14th floor, High Block, Queensway Government Offices, 66 Queensway, Hong Kong | 13.46 |
| Fensterstock & Partners LLP | 9/30/2011 | Wire | 30 Wall Street, New York, New York 10005, 212-785-4100 | 500,000.00 |
| Joyce M.C. Li & Co. | 9/30/2011 | Wire | Room 1904, Tung Wah Mansion, 199-203 Hennessy Road, Wanchai, Hong Kong | 1,384.62 |
| Offshore Inc. Limited - MCO | 9/30/2011 | Wire | Macau Office: 18th Floor, Praia Grande Commercial Centre, 429 Avenida da Praia Grande, Macau | 610.00 |
| Offshore Inc. Limited - MCO | 9/30/2011 | Wire | Macau Office: 18th Floor, Praia Grande Commercial Centre, 429 Avenida da Praia Grande, Macau | 610.00 |
| Offshore Inc. Limited - MCO | 9/30/2011 | Wire | Macau Office: 18th Floor, Praia Grande Commercial Centre, 429 Avenida da Praia Grande, Macau | 610.00 |
| Offshore Inc. Limited - MCO | 9/30/2011 | Wire | Macau Office: 18th Floor, Praia Grande Commercial Centre, 429 Avenida da Praia Grande, Macau | 610.00 |
| Offshore Inc. Limited - MCO | 9/30/2011 | Wire | Macau Office: 18th Floor, Praia Grande Commercial Centre, 429 Avenida da Praia Grande, Macau | 610.00 |
| Offshore Incorporation HK Limited | 8/31/2011 | Wire | 9th Floor, Ruttonjee House, 11 Duddell Street, Central, Hong Kong | 110.00 |
| S.K. Lam, Alfred Chan & Co. | 7/26/2011 | Wire | 607-608, 6/F, Wing On House, 71 Des Voeux Road Central, Central, Hong Kong | 1,170,490.91 |
| S.K. Lam, Alfred Chan & Co. | 7/26/2011 | Wire | 607-608, 6/F, Wing On House, 71 Des Voeux Road Central, Central, Hong Kong | 1,138.34 |
| Somerley Limited | 7/31/2011 | Wire | 10/F., The Hong Kong Club Building, 3A Chater Road, Central, Hong Kong | 94,885.77 |
| Strategic Communications Consultants Ltd | 9/30/2011 | Wire | 2402 & 29A, Admiralty Centre I, 18 Harcourt Road, Hong Kong | 769.23 |
| The Bank of New York Mellon | 7/15/2011 | Wire | P.O. Box 360857, Pittsburgh PA 15251-6857 | 1,150.91 |
| The Bank of New York Mellon | 8/1/2011 | Wire | P.O. Box 360857, Pittsburgh PA 15251-6857 | 1,162.25 |
| The Government of the HKSAR | 8/31/2011 | Wire | c/o Business Registration Office, 4/F, Revenue Tower, 5 Gloucester Road, Wan Chai, Hong Kong | 57.69 |
| The Government of the HKSAR | 8/31/2011 | Wire | c/o Business Registration Office, 4/F, Revenue Tower, 5 Gloucester Road, Wan Chai, Hong Kong | 57.69 |
| The Government of the HKSAR | 8/31/2011 | Wire | c/o Business Registration Office, 4/F, Revenue Tower, 5 Gloucester Road, Wan Chai, Hong Kong | 96.15 |
| The Government of the HKSAR | 8/31/2011 | Wire | c/o Business Registration Office, 4/F, Revenue Tower, 5 Gloucester Road, Wan Chai, Hong Kong | 96.15 |
| The Government of the HKSAR | 8/31/2011 | Wire | c/o Business Registration Office, 4/F, Revenue Tower, 5 Gloucester Road, Wan Chai, Hong Kong | 314.10 |
| | | | | 1,777,402.53 |

PAYMENTS TO INSIDERS MADE BY DEBTOR

ATTACHMENT 3(C)

| PAYEE NAME | Payment Date | Payment Method | Address | Amount |
|---|---|---|---|---|
| Asia Pacific Online Ltd. | 10/27/2010 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 41,667.00 |
| Asia Pacific Online Ltd. | 11/26/2010 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 41,667.00 |
| Asia Pacific Online Ltd. | 12/29/2010 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 41,667.00 |
| Asia Pacific Online Ltd. | 1/31/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 41,667.00 |
| Asia Pacific Online Ltd. | 2/23/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 41,667.00 |
| Asia Pacific Online Ltd. | 3/25/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 41,667.00 |
| Asia Pacific Online Ltd. | 4/28/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 41,667.00 |
| Asia Pacific Online Ltd. | 6/7/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 41,667.00 |
| Asia Pacific Online Ltd. | 6/27/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 41,667.00 |
| Asia Pacific Online Ltd. | 8/8/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 41,667.00 |
| Asia Pacific Online Ltd. | 8/31/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 41,667.00 |
| Asia Pacific Online Ltd. | 9/27/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 41,667.00 |
| Fred Wang (Wang Cheung Yue) | 10/26/2010 | | Salon Films, HK Ltd, 6 Devon Rd Kowloong Tong, Hong Kong | 15,625.00 |
| Fred Wang (Wang Cheung Yue) | 1/31/2011 | | Salon Films, HK Ltd, 6 Devon Rd Kowloong Tong, Hong Kong | 15,625.00 |
| Fred Wang (Wang Cheung Yue) | 4/29/2011 | | Salon Films, HK Ltd, 6 Devon Rd Kowloong Tong, Hong Kong | 15,625.00 |
| Fred Wang (Wang Cheung Yue) | 7/31/2011 | | Salon Films, HK Ltd, 6 Devon Rd Kowloong Tong, Hong Kong | 15,625.00 |
| John Clough | 10/26/2010 | | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 25,625.00 |
| John Clough | 1/31/2011 | | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 25,625.00 |
| John Clough | 4/29/2011 | | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 25,625.00 |
| John Clough | 7/31/2011 | | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 25,625.00 |
| John Clough | 8/31/2011 | | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 28,065.00 |
| John Clough-SW | 9/28/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 30,000.00 |
| Peter Yip | 10/26/2010 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 5,000.00 |
| Peter Yip | 1/31/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 5,000.00 |
| Peter Yip | 4/29/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 5,000.00 |
| Peter Yip | 7/31/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 5,000.00 |
| Raymond K.F. Ch'ien | 10/26/2010 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 5,937.50 |
| Raymond K.F. Ch'ien | 1/31/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 5,937.50 |
| Raymond K.F. Ch'ien | 4/29/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 5,937.50 |
| Raymond K.F. Ch'ien | 7/31/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 5,937.50 |
| Thomas M. Britt, III | 10/26/2010 | Wire | Debevoise & Plimpton LLP, 13F Entertainment Bld , HK | 18,125.00 |
| Thomas M. Britt, III | 1/31/2011 | Wire | Debevoise & Plimpton LLP, 13F Entertainment Bld , HK | 18,125.00 |
| Thomas M. Britt, III | 4/29/2011 | Wire | Debevoise & Plimpton LLP, 13F Entertainment Bld , HK | 18,125.00 |
| Thomas M. Britt, III | 7/31/2011 | Wire | Debevoise & Plimpton LLP, 13F Entertainment Bld , HK | 18,125.00 |
| | | | | 839,319.00 |

PAYMENTS TO INSIDERS MADE BY CDC SOFTWARE ON BEHALF OF DEBTOR

ATTACHMENT 3(C)

| PAYEE NAME | Payment Date | Payment Method | Address | Amount |
|---|---|---|---|---|
| Ed Swift | 2/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 9,091.00 |
| Ed Swift | 2/28/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 8,333.34 |
| Ed Swift | 3/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 8,333.34 |
| Ed Swift | 3/31/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 8,333.34 |
| Ed Swift | 4/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 8,333.34 |
| Ed Swift | 4/30/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 8,333.34 |
| Ed Swift | 5/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 8,333.34 |
| Ed Swift | 5/31/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 8,333.34 |
| Ed Swift | 6/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 8,333.34 |
| Ed Swift | 6/30/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 8,333.34 |
| Ed Swift | 7/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 8,333.34 |
| Ed Swift | 7/29/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 8,333.34 |
| Ed Swift | 8/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 8,333.34 |
| Ed Swift | 8/31/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 8,333.34 |
| Ed Swift | 9/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 28,333.34 |
| Ed Swift | 9/30/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 8,333.34 |
| John Stone | 9/30/2011 | Wire | 2985 Abbotts Well Drive,  Alpharetta, GA 30022-5279 | 332.35 |
| John Stone | 1/31/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 9,470.78 |
| John Stone | 2/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 10,416.67 |
| John Stone | 2/28/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 10,416.67 |
| John Stone | 3/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 10,416.67 |
| John Stone | 3/31/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 10,416.67 |
| John Stone | 4/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 10,416.67 |
| John Stone | 4/30/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 10,416.67 |
| John Stone | 5/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 10,416.67 |
| John Stone | 5/31/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 10,416.67 |
| John Stone | 6/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 10,416.67 |
| John Stone | 6/30/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 10,416.67 |
| John Stone | 7/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 10,416.67 |
| John Stone | 7/29/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 10,416.67 |
| John Stone | 8/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 10,416.67 |
| John Stone | 8/31/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 10,416.67 |
| John Stone | 9/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 7,576.73 |
| John Stone | 9/15/2011 | Wire | 2002 Summitt Blvd, Suite 700, Atlanta, GA  30319 | 250,000.00 |
| | | | | 567,304.34 |

PAYMENTS TO INSIDERS MADE BY DEBTOR ON BEHALF OF CDC SOFTWARE

ATTACHMENT 3(C)

| PAYEE NAME | Payment Date | Payment Method | Address | Amount |
|---|---|---|---|---|
| Asia Pacific Online Ltd. | 10/27/2010 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 66,667.00 |
| Asia Pacific Online Ltd. | 11/26/2010 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 66,667.00 |
| Asia Pacific Online Ltd. | 12/29/2010 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 66,667.00 |
| Asia Pacific Online Ltd. | 1/31/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 66,667.00 |
| Asia Pacific Online Ltd. | 2/23/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 66,667.00 |
| Asia Pacific Online Ltd. | 3/25/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 66,667.00 |
| Asia Pacific Online Ltd. | 4/28/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 66,667.00 |
| Asia Pacific Online Ltd. | 6/7/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 66,667.00 |
| Asia Pacific Online Ltd. | 6/8/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 137,500.00 |
| Asia Pacific Online Ltd. | 6/27/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 66,667.00 |
| Asia Pacific Online Ltd. | 8/8/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 66,667.00 |
| Asia Pacific Online Ltd. | 8/31/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 66,667.00 |
| Asia Pacific Online Ltd. | 9/27/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 66,667.00 |
| Asia Pacific Online Ltd. | 9/30/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 122,284.00 |
| John Clough-SW | 9/12/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 154,839.00 |
| John Clough-SW | 9/28/2011 | Wire | 11/F ING Tower, 308 Des Voeux Rd. Central HongKong | 100,000.00 |
| | | | | 1,314,627.00 |

OTHER TRANSFERS TO INSIDERS

ATTACHMENT 3(C)

| PAYEE NAME | Payment Date | Payment Method | Address | Amount |
|---|---|---|---|---|
| CDC Software Inc. | 9/23/2011 | Wire | | 1,674,670.17 |
| Integrated Solutions LTD (ntercompany subsidiary) | 11/16/2010 | Wire | Unit 706-707, Building 9, NO 5 Science Park West Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong | 27,393.33 |
| CDC Global Services Hong Kong Limited | 3/25/2011 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 1,000,000.00 |
| ChinaDotCom Finance Corporation | 10/19/2010 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 50,000.00 |
| ChinaDotCom Finance Corporation | 10/19/2010 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 220,000.00 |
| ChinaDotCom Finance Corporation | 11/15/2010 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 200,000.00 |
| ChinaDotCom Finance Corporation | 12/10/2010 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 220,000.00 |
| ChinaDotCom Finance Corporation | 1/7/2011 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 35,000.00 |
| ChinaDotCom Finance Corporation | 1/7/2011 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 160,000.00 |
| ChinaDotCom Finance Corporation | 2/18/2011 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 180,000.00 |
| ChinaDotCom Finance Corporation | 3/14/2011 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 220,000.00 |
| ChinaDotCom Finance Corporation | 4/20/2011 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 220,000.00 |
| ChinaDotCom Finance Corporation | 4/20/2011 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 35,000.00 |
| ChinaDotCom Finance Corporation | 5/11/2011 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 200,000.00 |
| ChinaDotCom Finance Corporation | 6/17/2011 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 200,000.00 |
| ChinaDotCom Finance Corporation | 7/4/2011 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 1,200,000.00 |
| ChinaDotCom Finance Corporation | 7/25/2011 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 170,000.00 |
| ChinaDotCom Finance Corporation | 7/25/2011 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 30,000.00 |
| ChinaDotCom Finance Corporation | 8/23/2011 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 170,000.00 |
| ChinaDotCom Finance Corporation | 9/28/2011 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 180,000.00 |
| ChinaDotCom Finance Corporation | 9/30/2011 | Wire | 11/f ING Tower 308 Des Voeus Road Central Hong Kong | 1,200,000.00 |
| | | | | 7,592,063.50 |

STATEMENT OF FINANCIAL AFFAIRS

ATTACHMENT 4(a)

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

1.    Evolution CDC SPV Ltd., Evolution Master Fund Ltf., SPC Segregated Portfolio M, and E1 Fund Ltd. ("Evolution") vs CDC Corporation; Index No. 650749/2009

      A.    Nature of Proceeding: Suit to collect payment on notes held by Plaintiffs

      B.    Court or Agency & Location:  Supreme Court of the State of New York, County of New York

      C.    Status or Disposition: Summary Judgment in favor of Evolution on September 8, 2011

            in the approximate amount of $65.4 million on appeal.

2.    CDC Corporation v. Evolution Capital Management LLC; Evolution Capital Management Asia, Ltd.; Evolution Special Opportunities Fund 1 SPC, Segregated Portfolio A; Evolution CDC SPV Ltd.; Evolution Master Fund Ltd., SPC, Segregated Portfolio M; Evolution Master Fund Ltd., SPC; and E1 Fund Ltd.; Index No. 600526/10

    A.    Nature of Proceeding:  Debtor is seeking injunctive relief, monetary damages in excess of $295.0 million and punitive damages in excess of $500.0 million, and in which the Debtor has moved to allege that Evolution: (i) communicated confidential and material non-public information to third parties, including hedge funds that have traded the Debtor's stock; (ii) sought to interfere with the Debtor's plans for the initial public offering of its subsidiary, CDC Software Corporation; and (iii) sought to otherwise tortiously interfere with business relations.

    B.    Court or Agency & Location:  Supreme Court of the State of New York, County of New York

    C.    Status or Disposition:  Pending Investigation

3.    CDC Corporation and CDC Corporation Limited v. Steven Lip-Chih Chan and Bing Corporation; Case No. 107CV087600

    A.    Nature of Proceeding:  Debtor brought suit against Defendants alleging claims of breach of fiduciary duty, conversion, breach of contract, unjust enrichment and money laid out arising out of dispute regarding grant of options to, and exercise thereof by, Steven Chan.  Defendants filed counterclaims for breach of oral agreement, breach of written contract, wrongful termination and discipline, defamation and interference with contract.

1

       B.      Court or Agency & Location:  Superior Court of California, City and County of Santa Clara

       C.      Status or Disposition:  Settled in January, 2011

4.     Bern Steves dba California Business Law Office v. Lucky Victoria Limited, CDC Corporation and Does 1-10; Case No. CIV 507397

       A.      Nature of Proceeding:  Plaintiff filed suit in August 2011 alleging claims of 1) breach of contract and 2) common count indebtedness for work undertaken under contract arising from dispute over invoices for legal services.

       B.      Court or Agency & Location:  Superior Court of California, County of San Mateo

       C.      Status or Disposition:  Pending

5.     Fisher & Phillips LLP v. Peter Yip, CDC Corporation and CDC Software, Inc.; Civil Action No. 2011CV195443

       A.      Nature of Proceeding:  Plaintiff filed suit in January 2011 alleging claims of 1) breach of contract; 2) promissory estoppel; 3) unjust enrichment; and 4) fraud arising from dispute over invoices for legal services.

       B.      Court or Agency & Location:  Superior Court of Fulton County, Georgia

       C.      Status or Disposition:  Settled in July 2011

6.     King & Spalding LLP v. CDC Corporation and CDC Software, Inc.; Civil Action No. 2010CV184853

       A.      Nature of Proceeding:  Plaintiff filed suit in April 2010 alleging claims of 1) breach of contract; 2) promissory estoppels; and 3) unjust enrichment arising from a dispute over invoices for legal services.

       B.      Court or Agency & Location:  Superior Court of Fulton County, Georgia

       C.      Status or Disposition:  Settled in March 2011

7.     Mark Lam v. CDC Corporation, Ion Global and Peter Yip

       A.      Nature of Proceeding:  Plaintiff filed suit in 2003 alleging breach of contract in relation to a put option agreement under a share purchase agreement.

       B.      Court or Agency & Location:  Initially filed with High Court of Hong Kong.

       C.      Status or Disposition:  Awaiting determination by Hong Kong Court of Final Instance.  In previous proceedings, trial court initially dismissed Plaintiff's claims, which were reinstated with damages awarded by appellate court.  Defendants then filed appeal with Hong Kong court of Final Instance.

2

8.    Olshan Grundman Frome Rosenzweig & Wolosky LLP v. CDC Corporation; Civil Action No. 11CIV0663

    A.    Nature of Proceeding:  Plaintiff filed suit in January 2011 alleging claims of 1) breach of contract; 2) unjust enrichment; and 3) quantum meruit arising from dispute over invoices for legal services.

    B.    Court or Agency & Location:  U.S. District Court for the Southern District of New York

    C.    Status or Disposition:  Settled in September 2011

9.    In re chinadotcom Corp. IPO Securities Litigation; Case No. 01-Civ-5937

    A.    Nature of Proceeding: Class Action Lawsuit. A class action lawsuit was filed in the United States District Court, Southern District of New York on behalf of purchasers of the Company's securities between July 12, 1999 (the date of the Company's IPO) and December 6, 2000, inclusive. The complaint charged us and the underwriters in our IPO with violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. The complaint alleged that the prospectus used in our IPO was materially false and misleading because it failed to disclose, among other things, that (i) the underwriters had solicited and received excessive and undisclosed commissions from certain investors, in exchange for which the underwriters allocated to those investors material portions of the restricted numbers of our shares issued in connection with the IPO; and (ii) the underwriters had entered into agreements with customers whereby the underwriters agreed to allocate our shares to those customers, in exchange for which the customers agreed to purchase additional shares in the aftermarket at pre-determined prices. The parties have reached a global settlement of the litigation. Under the settlement, the insurers pay the full amount of settlement share allocated to us, we have no financial liability, and we and other defendants receive complete dismissals from the case. In 2009, the Court approved the settlement. Several groups of objectors filed appeals, and a number of those appeals were dismissed. The current matter on appeal is the Court's August 2011 ruling that the remaining appellant was not a class member with standing to object to the settlement.

    B.    Court or Agency & Location: United States District Court, Southern District of New York

    C.    Status or Disposition: Settlement; on appeal

3

### 5. Repossessions, foreclosures and returns

None ■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6. Assignments and receiverships

None ■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None ■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

### 8. Losses

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

4

**9. Payments related to debt counseling or bankruptcy**

None ☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Lamberth, Cifelli, Stokes, Ellis & Nason**<br>**3343 Peachtree Road, N.E.**<br>**Ste. 550**<br>**Atlanta, GA 30326** | **October 3, 2011; The source of the retainer funds was an $80,000 loan made to Chinadotcom Finance Corporation Limited from a trust established for the benefit of Peter Yip's spouse and children. From the proceeds of the $80,000 loan, Chinadotcom Finance Corporation Limited transferred $76,014.00 in funds to recipient. Debtor owns 100% of CDC Strategic Corporation, which is registered in the Caymans, which owns 100% of Chinadotcom Finance Corporation Limited, which is registered in Hong Kong** | **$76,014.00** |

**10. Other transfers**

None ☐    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Edward P. Swift**<br>**c/o Michael J. LaCascia**<br>**Wilmer Cutler Pickering Hale and Dorr**<br>**60 State Street**<br>**Boston, MA 02109** | **9/28/11** | **$119,422.01 Severance to Debtor's General Counsel. Mr. Swift's gross severance was $200,000.00; taxes were withheld and paid on September 28, 2011.** |

None ■    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ☐    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **See Attachment 11** | | |

STATEMENT OF FINANCIAL AFFAIRS

Attachment 11

| BANK NAME | BRANCH/BRANCH IDENTIFIER | ACCOUNT # | Curr | ACCOUNT TYPE | CLOSED ON | BANK ADDRESS 1 | BANK ADDRESS 2 | CITY | STATE/PROV. | ZIP CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| Pacific Growth Equities | Pacific Growth Equities | ***0P74 | USD | Investment | 09/08/11 | One Bush Street | Suite 1700 | San Francisco | California | 94104 |
| Jefferies | Jefferies | ***0011 | USD | Investment | 03/11/2011 Requested. Awaiting confirm | 520 Madison Avenue | 12th Fl | New York | New York | 10022-4213 |
| Susquehanna | Susquehanna | ***0187 | USD | Investment | 12/23/2010 | 1570 Manheim Pike | | Lancaster | PA | 17604-3300 |
| Wedbush | Wedbush | ***5486 | USD | Investment | 03/11/11 | One Bush Street | Suite 1700 | San Francisco | California | 94104 |
| JMP Securities | JMP Securities | ***05-13 | USD | Investment | 10/3/2011 requested 9.28.2011 | 600 Montgomery Street | Suite 1100 | San Francisco | CA | 94111 |
| RaymondJames | RaymondJames | ***8110 | USD | Investment | 9/28/2011 | 880 Carillon Prkwy | | St Petersburg | FL | 33716 |
| MacQuarie | MacQuarie | ***2797 | USD | Investment | 10/7/2011-Requested | 125 West 55th Street | | New York | New York | 10019 |

5

**12. Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
☐

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| **See Attachment 13** | | |

**14. Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **33/F Citicorp Centre, 18 Whitfield Road, Causeway Bank, Hong Kong** | **CDC Corporation** | **2007-6/30/09** |
| **2 Concourse Parkway, Suite 800, Atlanta, GA 30328** | **CDC Corporation** | **1/1/98-4/30/09** |

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

STATEMENT OF FINANCIAL AFFAIRS

ATTACHMENT 13

On or about September 23, 2011 approximately $1,674,670.17 in cash was transferred by Debtor to CDC Software, Inc.  It is unclear whether this was done with the appropriate internal corporate approval of Debtor management and this matter is currently under internal investigation.

In addition to the offset involving the cash transfer identified above, the Debtor, and its non-debtor subsidiaries, book "intercompany transactions" in the ordinary course of its business, and there may have been transactions that amount to offsets on a book basis.  Due to the volume of the transactions in these clearing accounts, Debtor can not readily identify these transactions on a subsidiary by subsidiary basis.

6

| None ■ | a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law: |
|---|---|

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

| None ■ | b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice. |
|---|---|

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

| None ■ | c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number. |
|---|---|

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

| None ☐ | a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case. |
|---|---|

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **See Attachment 18** | | | | |

| None ■ | b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101. |
|---|---|

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

| None ☐ | a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor. |
|---|---|

# STATEMENT OF FINANCIAL AFFAIRS ATTACHMENT 18
## DIRECT SUBSIDIARIES 100% OWNED BY DEBTOR

| Name | Taxpayer ID # | Address | Date of Incorporation | Activity |
|---|---|---|---|---|
| Chinadotcom Mobile Interactive Corporation (Cayman Islands) | none | c/o Offshore Incorporations (Cayman) Limited, Scotia Centre, 4th Floor, George Town, Grand Cayman, KY1-1112, Cayman Islands | Oct 8, 2003 | indirect owner of of 75% of outstanding stock of China.com, Inc. (8006 on Hong Kong GEM stock exchange) |
| CDC Software International Corporation (Cayman Islands) | none | c/o Maples Corporate Services Limited of Ugland House, Grand Cayman,  KY1-1104, Cayman Islands | May 16, 2006 | indirect owner of 87% of outstanding stock of CDC Software Corporation (CDCS on NASDAQ) |
| Lucky Victoria Limited (HK) | none | 11/F ING Tower, 308 Des Voeux Road Central, Hong Kong | Jun 4, 1997 | insolvent owner of various internet investments |
| Chinadotcom Studios | none | c/o Offshore Incorporations Limited of Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands | June 8, 1999 | inactive |
| Chinadotcom IB Limited (BVI) | none | c/o Offshore Incorporations Limited of Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands | Jan 4, 2002 | inactive |
| Chinadotcom Finance Corporation Limited (HK) | none | 11/F ING Tower, 308 Des Voeux Road Central, Hong Kong | March 10, 2011 | no active business operations, no revenue sources |
| Chinadotcom Secretarial Services Limited (HK) | none | 11/F ING Tower, 308 Des Voeux Road Central, Hong Kong | Feb 9, 2000 | inactive |
| CCC Nominees Limited (BVI) | none | c/o Offshore Incorporations Limited of Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands | April 29, 1997 | inactive |
| CDC Acquisition Corporation (Cayman Islands) | none | c/o Maples Corporate Services Limited of Ugland House, Grand Cayman,  KY1-1104, Cayman Islands | March 16, 2007 | inactive |
| CDC Asia Acquisition Corporation (Cayman Islands) | none | c/o Maples Corporate Services Limited of Ugland House, Grand Cayman,  KY1-1104, Cayman Islands | all 6 years | inactive |
| CDC Digital Multimedia Group Limited (HK) | none | 11/F ING Tower, 308 Des Voeux Road Central, Hong Kong | June 17, 2008 | inactive |
| CDC Delaware Corp | none | 11/F ING Tower, 308 Des Voeux Road Central, Hong Kong | February 7, 2008 | no active business operations, no revenue sources |
| China.com Investment Holdings Ltd. (fka Chinadotcom Ventures Ltd BVI) | none | c/o Offshore Incorporations Limited of Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands | April 11, 2000 | inactive |
| China.com Strategic Inc. | none | c/o Offshore Incorporations Limited of Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands | Jun 9, 2000 | no active business operations, no revenue sources |
| CDC Cloud, Inc. | none | c/o Maples Corporate Services Limited of Ugland House, Grand Cayman,  KY1-1104, Cayman Islands | February 23, 2011 | no active business operations, no revenue sources |
| CDC Mobile Corp | none | c/o Offshore Incorporations Limited of Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands | Jan 10, 2007 | no active business operations, no revenue sources |
| CDC Games Int. Corp | none | c/o Maples Corporate Services Limited of Ugland House, Grand Cayman, KY1-1104, Cayman Islands | Jan 10, 2007 | no active business operations, no revenue sources |

CORPORATE STRUCTURE
IDENTIFICATION OF DIRECT AND INDIRECT OWNERSHIP BY
BUSINESS SEGMENT

**C D C  Corporation Group Chart as of October 4, 2011**  (draft v1)

**C H A R T  1**

CDC Corporate Other Entities Group Chart as of October 4, 2011 (draft v1)

CHART 2



CDC SW International Other Entities Group Chart as of October 4, 2011 (draft v1)

CHART 3



**CDC Software Corporation (CDCS) Group Chart as of October 4, 2011** (draft v1)

**CHART 4**



**Pivotal Corporation Group Chart as of October 4, 2011** (draft v1)

**Chart 4A**



**IMI Group Chart as of October 4, 2011** (draft v1)

**Chart 4B**



**Ross Group Chart as of October 4, 2011** (draft v1)

Chart 4C



**CDC Global Services Other Entities Group Chart as of October 4, 2011** (draft v1)

**CHART 5**



**CDC Global Services Group Chart as of October 4, 2011** (draft v1)

**CHART 5A**

\# *100% capital transfer from (1021) under CDC Software group to **(0596)**(formerly 1811A) w.e.f. August 23, 2010*

(*) Joint venture with 萬金源有限公司(Multi Gold Source Limited) [HK] which holds the other 49% shareholding. Multi Gold Source Limited is 100% held by 胡水先生 (Mr. Hu Shui) on trust for 北京金源動力信息化測評技術有限公司 (Beijing Jingyuan)

(**) Joint venture with 2 other Japanese parties which hold the other 41% and 8% shareholding respectively



**C D C  G a m e s  G r o u p  C h a r t  a s  o f  October 4, 2011** (d r a f t  v 1)



China.com Inc. Group Chart as of October 4, 2011 (draft v1)

CHART 7



LIST OF U.S. DIRECT AND INDIRECT
SUBSIDIARIES WITH FEINs

| Company | FEIN | Active/Inactive Company |
|---|---|---|
| Activplant Corporation | 98-0354367 | Active |
| C360 Solutions Incorporated | 26-0004983 | Active |
| Catalyst International, Inc. | 39-1415889 | Active |
| CDC Business Solutions, Inc. | 27-0439084 | Active |
| CDC Business Solutions II Inc. | 27-0439105 | Active |
| CDC Delaware Corporation | 27-2070294 | Active |
| CDC Cloud, Inc. | 45-1813856 | Active |
| CDC Games USA, Inc. | 11-3818911 | Active |
| CDC Global Services,  Inc. | 20-4163763 | Active |
| CDC Services, Inc. DBA Horizon Companies | 20-4333324 | Active |
| CDC Software, Inc. (fka China.Com Corporation ..also fka HongKong.com) | 52-2205354 | Active |
| Dae Adverting, Inc. (fka ION Global (California), Inc. ) | 94-3137317 | Active |
| DB Professionals Inc. | 93-1220229 | Active |
| IMI Holding Corporation | 20-0066128 | Active |
| Industri-Matematik American Operations, Inc. | 51-0380838 | Active |
| Industri-Matematik Corp. | 13-3727587 | Active |
| Industri-Matematik International Corp. | 51-0374596 | Active |
| MarketFirst Software, Inc. | 77-0436821 | Active |
| MVI Technology, Inc. | 55-0886822 | Active |
| OST International Corporation | 37-1353664 | Active |
| Pivotal Corporation | 91-1737572 | Active |
| Ross Systems Inc. | 94-2170198 | Active |
| Saratoga Systems, Inc. | 77-0151736 | Active |
| Software Galeria, Inc. | 22-3268074 | Active |
| TradeBeam | 94-3334272 | Active |
| Visalign, Inc. | 77-0609172 | Active |
| Bizware Corporation | 13-3256510 | Inactive |
| Cardinal Data Corp. | 04-2744882 | Inactive |
| Exactium, Inc. | 58-2260868 | Inactive |
| FusionDM, Inc. | 94-3159186 | Inactive |
| Pioneer Software, Inc. | 95-2932053 | Inactive |
|  |  |  |
| Pivotal Merger Subsidiary (Intermediate Tier) | 98-045046 | Inactive |
| Respond, Inc. | 52-2139523 | Inactive |
| RESYNT, Inc. | 58-2575319 | Inactive |
| Ross Sales Corp | 66-0496918 | Inactive |
| Ross Systems Canadian Holdings, Inc. | 58-2409677 | Inactive |
| Virtual Discorp | 94-2886985 | Inactive |

**NAME AND ADDRESS**                                                              DATES SERVICES RENDERED
**See Attachment 19(a)**

None  b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books
☐     of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED
**Deloitte & Touche**         **Attn:  Bob Johnson**           **1/1/08 to present**
                              **191 Peachtree Street, N.E.**
                              **Atlanta, GA 30303**

None  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of
☐     the debtor. If any of the books of account and records are not available, explain.

NAME                                                     ADDRESS
**See 19(a)**

None  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was
☐     issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                         DATE ISSUED
*                                                        **Debtor's financial statements were filed with the
                                                         SEC.  As a result numerous creditors, parties,
                                                         and financial institutions have received Debtor's
                                                         financial statements and Debtor has no
                                                         mechanism to identify the actual creditors,
                                                         parties and financial institutions who received
                                                         the financial statements.**

---

**20. Inventories**

None  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and
■     the dollar amount and basis of each inventory.

DATE OF INVENTORY             INVENTORY SUPERVISOR             DOLLAR AMOUNT OF INVENTORY
                                                               (Specify cost, market or other basis)

None  b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.
■

DATE OF INVENTORY                             NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
                                              RECORDS

---

**21 . Current Partners, Officers, Directors and Shareholders**

None  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
■

NAME AND ADDRESS              NATURE OF INTEREST               PERCENTAGE OF INTEREST

None  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns,
☐     controls, or holds 5 percent or more of the voting or equity securities of the corporation.

                                                              NATURE AND PERCENTAGE
NAME AND ADDRESS              TITLE                            OF STOCK OWNERSHIP
**See Attachment 21**

STATEMENT OF FINANCIAL AFFAIRS

ATTACHMENT 19(a)

| Name | Role | Address | Dates Services Rendered |
|---|---|---|---|
| Gregor Morela | Chief Accounting Officer | 2002 Summit Boulevard, Suite 700, Atlanta, Georgia 30319 | 4/12/2006 - 6/18/2010 |
| Steve Dexter | Former CFO for Corp and current CFO for CDC Software | 2002 Summit Boulevard, Suite 700, Atlanta, Georgia 30319 | 6/7/2010 - Present |
| Ashley Law | CAO for China.com Inc and Controller for APAC for CDC Corp | 3F, No.10 Building, No.99 Tian Zhou Rd., Shanghai, China, 200233 | 10/25/2004 - Present |
| Sammy Cheng | Vice President - Finance | 11/F ING Tower, 308 Des Voeux Road, Central Hong Kong | 11/21/2007-Present |
| Bryan Sell | CDC Software - Controller, North America | 2002 Summit Boulevard, Suite 700, Atlanta, Georgia 30319 | 8/1/2007 - 9/30/2011 |
| Matt Lavalle | CFO, CDC Software and CFO CDC Corporation | 2002 Summit Boulevard, Suite 700, Atlanta, Georgia 30319 | 7/7/2008 - 1/14/2011 |
| John Stone | Chief Financial Officer, CDC Corporation | 2002 Summit Boulevard, Suite 700, Atlanta, Georgia 30319 | 1/18/2011-9/12/2011 |
| Robert Harris | Chief Accounting Officer | 2002 Summit Boulevard, Suite 700, Atlanta, Georgia 30319 | 11/19/2009 - Present |
| Qunce (Michael) Wu | Sr. Financial Analyst | 2002 Summit Boulevard, Suite 700, Atlanta, Georgia 30319 | 5/9/2006 - 3/31/2011 |
| Hyuk (Danny) Kwon | Accounting Specialist | 2002 Summit Boulevard, Suite 700, Atlanta, Georgia 30319 | 2/4/2008 - 8/3/2010 |
| Sharon Desportes | Senior Accountant | 2002 Summit Boulevard, Suite 700, Atlanta, Georgia 30319 | 3/2/2011 - Present |
| Carol McClain | Senior Manager, Accounting | 2002 Summit Boulevard, Suite 700, Atlanta, Georgia 30319 | 11/1/2007 - Present |

SHARES DIRECTLY OR INDIRECTLY OWNED BY PETER YIP

ATTACHMENT 21

| NAME AND ADDRESS | TITLE | NATURE OF OWNERSHIP | NUMBER OF SHARES | PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|---|---|
| Golden Tripod Technology Limited<br>c/o Xinhua News Agency<br>20F, Dacheng Plaza<br>127 Xuanwumen St. (W)<br>Beijing | Shareholder | | 2,454,244.00 | 5.69% |
| Peter Yip<br>11/f ING Tower<br>308 Des Voeus Road Central<br>Hong Kong | Asia Pacific Online Ltd.<br><br>Spouse of Peter Yip | | 5,658,750.00<br><br>1,662,999.00 | 17.00% |
| TOTAL OUTSTANDING SHARES | | | 43,066,697 | 22.69% |

8

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Peter Yip<br>11/f ING Tower<br>308 Des Voeus Road Central<br>Hong Kong | Director | |
| Fred Wang<br>11/f ING Tower<br>308 Des Voeus Road Central<br>Hong Kong | Director | |
| John Clough<br>11/f ING Tower<br>308 Des Voeus Road Central<br>Hong Kong | Interim CEO | |
| Edward P. Swift c/o M. LaCascia<br>Wilmer Cutler Pickering Hale and Do<br>60 State Street<br>Boston, MA 02109 | General Counsel | |
| Zhou Shunao<br>11/f ING Tower<br>308 Des Voeus Road Central<br>Hong Kong | Vice Chairman of the Board | |

---

**22 . Former partners, officers, directors and shareholders**

None
■

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
☐

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Dr. Raymond Ch'ien | Director | October 3, 2011 |
| Thomas M. Britt, III | Director | October 4, 2011 |
| John Stone | Chief Financial Officer | September 12, 2011 |
| Simon Wong | Director | [NEED DATE] |
| Stephen Dexter | Chief Accounting Officer | June 3, 2011 |
| Matt Lavalle | Chief Financial Officer | January 26, 2011 |
| Don Novajosky | Corporate Secretary / Associate General Counsel | September 24, 2011 |

9

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS
OF RECIPIENT,
RELATIONSHIP TO DEBTOR
**See Attachment 23**

DATE AND PURPOSE
OF WITHDRAWAL

AMOUNT OF MONEY
OR DESCRIPTION AND
VALUE OF PROPERTY

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION

TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND

TAXPAYER IDENTIFICATION NUMBER (EIN)

STATEMENT OF FINANCIAL AFFAIRS
ATTACHMENT 23

| Name | Address | Relationship to Debtor | Date of Withdrawal | Purpose of Withdrawal | Amt of Money or Description and Value of Property |
|---|---|---|---|---|---|
| Thomas M. Britt, III | Debevoise & Plimpton LLP | Director | 10/26/10 | Director Fees | $ 18,125.00 |
| | 13/F Entertainment Building | | 01/31/11 | Director Fees | $ 18,125.00 |
| | 30 Queen's Road Central | | 04/29/11 | Director Fees | $ 18,125.00 |
| | Hong Kong | | 07/31/11 | Director Fees | $ 18,125.00 |
| Raymond K.F. Ch'ien | 11/F ING Tower | Director | 10/26/10 | Director Fees | $ 5,937.50 |
| | 308 Des Voeux Road Central | | 01/31/11 | Director Fees | $ 5,937.50 |
| | Hong Kong | | 04/29/11 | Director Fees | $ 5,937.50 |
| | | | 07/31/11 | Director Fees | $ 5,937.50 |
| Peter Yip | 11/F ING Tower | Director | 10/26/10 | Director Fees | $ 5,000.00 |
| | 308 Des Voeux Road Central | | 01/31/11 | Director Fees | $ 5,000.00 |
| | Hong Kong | | 04/29/11 | Director Fees | $ 5,000.00 |
| | | | 07/31/11 | Director Fees | $ 5,000.00 |
| Fred Wang (Wang Cheung Yue) | Salon Films (H.K.) Ltd | Director | 10/26/10 | Director Fees | $ 15,625.00 |
| | 6 Devon Road | | 01/31/11 | Director Fees | $ 15,625.00 |
| | Kowloon Tong | | 04/29/11 | Director Fees | $ 15,625.00 |
| | Kowloon, Hong Kong | | 07/31/11 | Director Fees | $ 15,625.00 |
| John Clough | 11/F ING Tower | Director | 10/26/10 | Director Fees | $ 25,625.00 |
| | 308 Des Voeux Road Central | | 01/31/11 | Director Fees | $ 25,625.00 |
| | Hong Kong | | 04/29/11 | Director Fees | $ 25,625.00 |
| | | | 07/31/11 | Director Fees | $ 25,625.00 |
| | | | 08/31/11 | Salary | $ 28,065.00 |
| | | | 9/30/11 | Salary | $ 30,000.00 |
| APOL | 11/F INGTower | CEO | 10/27/10 | Executive Consulting | $ 41,667.00 |
| | 308 Des Voeux Road Central | | 11/26/10 | Executive Consulting | $ 41,667.00 |
| | Hong Kong | | 12/29/10 | Executive Consulting | $ 41,667.00 |
| | | | 01/31/11 | Executive Consulting | $ 41,667.00 |
| | | | 02/23/11 | Executive Consulting | $ 41,667.00 |
| | | | 03/25/11 | Executive Consulting | $ 41,667.00 |
| | | | 04/28/11 | Executive Consulting | $ 41,667.00 |
| | | | 06/07/11 | Executive Consulting | $ 41,667.00 |
| | | | 06/27/11 | Executive Consulting | $ 41,667.00 |
| | | | 08/08/11 | Executive Consulting | $ 41,667.00 |
| | | | 08/31/11 | Executive Consulting | $ 41,667.00 |
| | | | 09/27/11 | Executive Consulting | $ 41,667.00 |
| Ed Swift | 2002 Summitt Blvd, Suite 700 | Senior Legal Counsel | 02/15/11 | Salary | $ 9,091.00 |
| | Atlanta, Ga 30319 | | 02/28/11 | Salary | $ 8,333.34 |
| | | | 03/15/11 | Salary | $ 8,333.34 |
| | | | 03/31/11 | Salary | $ 8,333.34 |
| | | | 04/15/11 | Salary | $ 8,333.34 |
| | | | 04/30/11 | Salary | $ 8,333.34 |
| | | | 05/15/11 | Salary | $ 8,333.34 |
| | | | 05/31/11 | Salary | $ 8,333.34 |
| | | | 06/15/11 | Salary | $ 8,333.34 |
| | | | 06/30/11 | Salary | $ 8,333.34 |
| | | | 07/15/11 | Salary | $ 8,333.34 |
| | | | 07/29/11 | Salary | $ 8,333.34 |
| | | | 08/15/11 | Salary | $ 8,333.34 |
| | | | 08/31/11 | Salary | $ 8,333.34 |
| | | | 09/15/11 | Salary | $ 28,333.34 |
| | | | 09/30/11 | Salary | $ 8,333.34 |
| | | | 10/15/11 | Salary | $ 8,333.34 |
| | | | 10/31/11 | Salary | $ 8,333.34 |

STATEMENT OF FINANCIAL AFFAIRS
ATTACHMENT 23

| | | | | | | |
|---|---|---|---|---|---|---|
| John Stone | 2002 Summitt Blvd, Suite 700 | CFO | 01/31/11 | Salary | $ | 9,470.78 |
| | Atlanta, Ga 30319 | | 02/15/11 | Salary | $ | 10,416.67 |
| | | | 02/28/11 | Salary | $ | 10,416.67 |
| | | | 03/15/11 | Salary | $ | 10,416.67 |
| | | | 03/31/11 | Salary | $ | 10,416.67 |
| | | | 04/15/11 | Salary | $ | 10,416.67 |
| | | | 04/30/11 | Salary | $ | 10,416.67 |
| | | | 05/15/11 | Salary | $ | 10,416.67 |
| | | | 05/31/11 | Salary | $ | 10,416.67 |
| | | | 06/15/11 | Salary | $ | 10,416.67 |
| | | | 06/30/11 | Salary | $ | 10,416.67 |
| | | | 07/15/11 | Salary | $ | 10,416.67 |
| | | | 07/29/11 | Salary | $ | 10,416.67 |
| | | | 08/15/11 | Salary | $ | 10,416.67 |
| | | | 08/31/11 | Salary | $ | 10,416.67 |
| | | | 09/15/11 | Salary | $ | 7,576.73 |
| | | | 09/15/11 | Severance | $ | 250,000.00 |
| | | | | | | |
| Matt Lavelle | 2002 Summitt Blvd, Suite 700 | CFO | 10/15/10 | Salary | $ | 11,250.00 |
| | Atlanta, Ga 30319 | | 10/31/10 | Salary | $ | 11,250.00 |
| | | | 11/15/10 | Salary | $ | 11,250.00 |
| | | | 11/30/10 | Salary | $ | 11,250.00 |
| | | | 12/15/10 | Salary | $ | 11,250.00 |
| | | | 12/31/10 | Salary | $ | 11,250.00 |
| | | | 01/14/11 | Salary | $ | 11,250.00 |
| | | | 01/14/11 | Salary | $ | 11,250.00 |
| | | | 02/15/11 | Salary | $ | 10,384.20 |

CDC STOCK OPTIONS EXERCISED 10-4-10 TO 10-4-11

ATTACHMENT 23

| Participant / Transferee Name | Grant Date | Reference Number | Exercise Method Code | Exercise Date | Options Exercised | Shares Sold | Shares Withheld | Shares Issued | Grant Price | FMV Price at Exercise | Sell Price | Taxable Gain Amount | Option Cost | Backup Withholding |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Novajosky, Donald L | 03/03/2011 | 1691895 | RWH | 09/05/2011 | 430 | 0 | 156 | 274 | $0.0000 | $1.6000 | $0.0000 | $688.00 | $0.00 | $0.00 |
| Pacific Online Limited, Asia | 03/03/2011 | 1691887 | RWH | 09/03/2011 | 454,206 | 0 | 0 | 454206 | $0.0000 | $1.6000 | $0.0000 | $726,729.60 | $0.00 | $0.00 |
| Clough, John | 03/03/2011 | 1691882 | RWH | 09/03/2011 | 41,186 | 0 | 0 | 41186 | $0.0000 | $1.6000 | $0.0000 | $65,897.60 | $0.00 | $0.00 |
| Chien, K. F. R | 08/04/2010 | 1610443 | RWH | 11/04/2010 | 1,039 | 0 | 0 | 1039 | $0.0000 | $4.8000 | $0.0000 | $4,987.20 | $0.00 | $0.00 |
| Chien, K. F. R | 08/04/2010 | 1657345 | RWH | 02/04/2011 | 1,040 | 0 | 0 | 1040 | $0.0000 | $3.4700 | $0.0000 | $3,608.80 | $0.00 | $0.00 |
| Chien, K. F. R | 08/04/2010 | 1678626 | RWH | 05/04/2011 | 1,040 | 0 | 0 | 1040 | $0.0000 | $3.0500 | $0.0000 | $3,172.00 | $0.00 | $0.00 |
| Chien, K. F. R | 08/04/2010 | 1686823 | RWH | 08/04/2011 | 1,040 | 0 | 0 | 1040 | $0.0000 | $1.4200 | $0.0000 | $1,476.80 | $0.00 | $0.00 |
| Chien, K. F. R | 03/03/2011 | 1691881 | RWH | 09/03/2011 | 19,029 | 0 | 0 | 19029 | $0.0000 | $1.6000 | $0.0000 | $30,446.40 | $0.00 | $0.00 |
| Wang, Cheung Yue Fred | 08/04/2010 | 1610445 | RWH | 11/04/2010 | 519 | 0 | 0 | 519 | $0.0000 | $4.8000 | $0.0000 | $2,491.20 | $0.00 | $0.00 |
| Wang, Cheung Yue Fred | 08/04/2010 | 1657347 | RWH | 02/04/2011 | 520 | 0 | 0 | 520 | $0.0000 | $3.4700 | $0.0000 | $1,804.40 | $0.00 | $0.00 |
| Wang, Cheung Yue Fred | 08/04/2010 | 1678628 | RWH | 05/04/2011 | 520 | 0 | 0 | 520 | $0.0000 | $3.0500 | $0.0000 | $1,586.00 | $0.00 | $0.00 |
| Wang, Cheung Yue Fred | 08/04/2010 | 1686825 | RWH | 08/04/2011 | 520 | 0 | 0 | 520 | $0.0000 | $1.4200 | $0.0000 | $738.40 | $0.00 | $0.00 |
| Wang, Cheung Yue Fred | 03/03/2011 | 1691883 | RWH | 09/03/2011 | 13,274 | 0 | 0 | 13274 | $0.0000 | $1.6000 | $0.0000 | $21,238.40 | $0.00 | $0.00 |

CDC AWARDS 10/4/10 to 10/4/11

ATTACHMENT 23

| Participant Name | Global ID | Grant Type Code | Grant ID | Reload From | Grant Date | Grant Issuance Activity Type | Grant Activity Date | Options/Awards Granted | Options Outstanding | Options Exercisable | Grant Price | FMV at Grant | Aggregate Grant Price |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Britt, Tom | 002859 | SAR | 7910 | | 01/03/2011 | Grants Issued | 05/18/2011 | 28,333 | 28333 | 28333 | $3.5000 | $0.0000 | $99,165.50 |
| Chien, K. F. R | 002918 | SAR | 7911 | | 01/03/2011 | Grants Issued | 05/18/2011 | 30,000 | 30000 | 30000 | $3.5000 | $0.0000 | $105,000.00 |
| Clough, John | 002917 | SAR | 7909 | | 01/03/2011 | Grants Issued | 05/18/2011 | 43,333 | 43333 | 43333 | $3.5000 | $0.0000 | $151,665.50 |
| Wang, Cheung Yue Fred | 003202 | SAR | 7912 | | 01/03/2011 | Grants Issued | 05/18/2011 | 15,000 | 15000 | 15000 | $3.5000 | $0.0000 | $52,500.00 |
| Chien, K. F. R | 002918 | RSA | 7899 | | 03/03/2011 | Grants Issued | 03/22/2011 | 38,059 | 19030 | 1 | $0.0000 | $0.0000 | $0.00 |
| Clough, John | 002917 | RSA | 7900 | | 03/03/2011 | Grants Issued | 03/22/2011 | 82,371 | 41185 | 0 | $0.0000 | $0.0000 | $0.00 |
| Novajosky, Donald L | 000359 | RSA | 7902 | | 03/03/2011 | Grants Issued | 05/02/2011 | 860 | 430 | 0 | $0.0000 | $0.0000 | $0.00 |
| Pacific Online Limited, Asia | 002259 | RSA | 7916 | | 03/03/2011 | Grants Issued | 05/19/2011 | 908,411 | 454205 | 0 | $0.0000 | $0.0000 | $0.00 |
| Wang, Cheung Yue Fred | 003202 | RSA | 7901 | | 03/03/2011 | Grants Issued | 03/22/2011 | 26,547 | 13273 | 0 | $0.0000 | $0.0000 | $0.00 |

10

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  **November  7, 2011**                    Signature   **/s/ John Clough**
                                                            **John Clough**
                                                            **Interim CEO**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6A (Official Form 6A) (12/07)

In re   **CDC Corporation**                                              , Case No.   __11-79079__
                              Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

|  |  |  |
|---|---|---|
| Sub-Total > | **0.00** | (Total of this page) |
| Total > | **0.00** | |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                              Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re  **CDC Corporation**                                                                   ,        Case No.  ___**11-79079**_____
                                              Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Merrill Lynch; Acct. No. ****7761** | - | 769.00 |
| | | **MorganStanleySmithBarney; Acct. No. ***5c10** | - | 261,285.00 |
| | | **MorganStanleySmithBarney; Acct. No. ***7806** | - | 181.97 |
| | | **The Bank of New York; Acct. No. ***8425** | - | 449.57 |
| | | **Wells Fargo; Acct. No. ***1134** | - | 606,183.00 |
| | | **Standard Chartered; Acct. No. ***0672** | - | 214,390.00 |
| | | **Standard Chartered; Acct. No. ***4252** | - | 469,374.17 |
| | | **Standard Chartered; Acct. No. ***8850** | - | 6,132.27 |
| | | **Standard Chartered; Acct. No. ***7873** | - | 924.59 |
| | | **Haitong International Securities (formerly:Taifook Securities); Acct. No. ***2822** | - | 922.71 |
| | | **Bear Stearns; Acct. No. ***8394** | - | 6,729.70 |
| | | **Citibank; Acct. No. ***3891** | - | 250.00 |
| | | **DBS; Acct. No. ***1207** | - | 768.97 |
| | | **Citibank; Acct. No. ***3912** | - | 50,718.34 |
| | | **JMP Securities; Acct. No. ***0513** | - | 0.00 |
| | | **MacQuarie; Acct. No. ***2797** | - | 0.00 |
| | | **RaymondJames; Acct. No. ***8110** | - | 0.00 |
| | | **JP Morgan; Acct. No. ***4394** | - | 0.00 |

Sub-Total >       **1,619,079.29**
(Total of this page)

__3__   continuation sheets attached to the Schedule of Personal Property

**B6B (Official Form 6B) (12/07) - Cont.**

In re  **CDC Corporation**                                                    ,    Case No. ___**11-79079**_____
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **100 Shares Callidus Software Inc. (CALD)** | - | 480.00 |
| | | **Interest in Subsidiaries [See Attachment 18]** | - | 160,381,385.00 |
| | | **Menue (fka BBMF) Investment** | - | 12,133,506.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

Sub-Total >    **172,515,371.00**
(Total of this page)

Sheet __**1**__ of __**3**__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **CDC Corporation**                                            ,    Case No.    **11-79079**
                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | [See Attachment B-21] | - | Unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |

Sub-Total >        **0.00**
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

ATTACHMENT B-21

OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE

**A. Evolution**.  On March 2, 2010, Debtor filed a complaint against Evolution CDC SPV Ltd., Evolution Master Fund Ltd., SPC, Segregated Portfolio M and E1 Fund Ltd. (collectively, "Evolution"), in the Supreme Court of the State of New York, County of New York, alleging breach of non-disclosure agreements, breach of the Note Purchase Agreement, and tortious interference with business relations. Debtor believes that the suit remains pending.

**B. Rajan Vaz.**    In August 2010, Rajan Vaz's employment with Software Galleria, Inc. was terminated for cause, including, without limitation, the following:

1.  Mr. Vaz exhibited a persistent and intentional failure to comply with several established CDC and SGI corporate policies.  These violations included the hiring of employees and contractors without proper authorization, entering into multiple profit sharing arrangements in India without the proper legal and corporate authorization, and failing to abide by CDC's corporate authority matrix.  Furthermore, despite repeated instructions, he failed to terminate the employment of the local BPO management team as part of the eventual shutdown of the BPO operations.

2.  Misappropriation and Conversion.  Mr. Vaz misappropriated and misused assets of the Company and SGI, including the direction of funds to India, which was used for improper purposes.

3.  Fraud.  Mr. Vaz caused SGI to enter into an apartment lease with TAV Holdings, LLC, a company affiliated with him, for the rental of a house in Jersey City, NJ, and his ownership interest in TAV was not disclosed until this relationship was discovered in 2010, after several years of rental payments being made.

4.  Violations of Laws.  During his tenure as an employee of SGI and CDC, he caused several violations of Indian law to occur relating to the operation of the Horizon BPO operations in India, including the failure to properly and timely compensate employees and other persons for services performed, and the non-payment of certain taxes to the relevant authorities in India.

5.  Non-competition & Non-solicitation.  He engaged in conduct that is in violation of the non-competition and non-solicitation provisions of his employment agreement by and among Mr. Vaz, China.com Corporation Ltd. and Software Galeria, Inc. dated March 2, 2000.

Mr. Vaz's actions required Debtor to fund the associated losses in an amount in excess of the aggregate amount of $9.1 million owed to CDC Corporation.

**B6B (Official Form 6B) (12/07) - Cont.**

In re    **CDC Corporation**                                                    ,    Case No.    **11-79079**
                                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|---|---|
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 0.00 |
| (Total of this page) | |
| Total > | 174,134,450.29 |

(Report also on Summary of Schedules)

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

**B6D (Official Form 6D) (12/07)**

In re    **CDC Corporation**                                                                    ,    Case No.    **11-79079**
                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

■    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |

__0__    continuation sheets attached

|  | Subtotal (Total of this page) | | |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | **0.00** | **0.00** |

B6E (Official Form 6E) (4/10)

In re **CDC Corporation** _____,   Case No. ____**11-79079**_____
                              Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**0**    continuation sheets attached

B6F (Official Form 6F) (12/07)

In re     **CDC Corporation**                                                    Case No.     **11-79079**
                                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. | | | | | Legal Fees | | | | |
| **Brown Eassa and McLeod LLP** **Attn:  Bob Eassa** **1999 Harrison St 18th Floor** **Oakland, CA 94612** | - | | | | | | | | 18,249.50 |
| Account No. | | | | | Legal Fees | | | | |
| **California Business Law Office** **Attn:  Ben Steves** **19925 Stevens Creek Blvd.** **Cupertino, CA 95014** | - | | | | | | | X | 85,497.00 |
| Account No. | | | | | Legal Fees | | | | |
| **Chorey Taylor & Fell nka** **Barnes & Thornburg Attn:  T. Gallo** **3475 Piedmont Rd, N.E., Ste. 1700** **Atlanta, GA 30305** | - | | | | | | | | 14,899.00 |
| Account No. | | | | | Legal Fees | | | | |
| **Coleman Talley LLP** **7000 Central Parkway NE** **Ste. 1150** **Atlanta, GA 30328** | - | | | | | | | | 1,194.00 |
| **_4_** continuation sheets attached | | | | | Subtotal (Total of this page) | | | | 119,839.50 |

B6F (Official Form 6F) (12/07) - Cont.

In re __CDC Corporation_____,    Case No. ___11-79079_____
                                Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J | C | | | | | |
| Account No. | | | | as of 9/30/11 | | | | |
| Consolidated Intercompany Balance c/o CDC Software Inc 2002  Summit Blvd., Ste. 700 Atlanta, GA 30319 | | - | | | | | | 40,012,228.87 |
| Account No. | | | | Director Fees | | | | |
| Corporate Director Fees 2002 Summit Blvd., Ste. 700 Atlanta, GA 30319 | | - | | | | | | 70,313.00 |
| Account No. | | | | Legal Fees | | | | |
| Covington & Burlington 12001 Pennsylvania Ave NW Washington, DC 20004 | | - | | | | | | 38,228.00 |
| Account No. | | | | Audit Fees | | | | |
| Deloitte & Touche, LLP Attn:  Bob Johnson 191 Peachtree St., Ste. 2000 Atlanta, GA 30303 | | - | | | | | | 675,019.00 |
| Account No. | | | | Employee Bonus | | | | |
| Edward Swift c/o Michael LaCascia Wilmer Cutler Pickering Hale and Do 60 State Street Boston, MA 02109 | | - | | | | | | 22,500.00 |

Sheet no. __1___ of __4___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    40,818,288.87

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **CDC Corporation**                                    Case No.  **11-79079**
_____            _____
                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. | | | | | Judgment | | | | |
| Evolution CDC SPV Ltd. Aaron M. Zeisler, Satterlee Stephen 230 Park Ave, 11th Fl New York, NY 10169 | - | | | | | | | X | 66,838,659.00 |
| Account No. | | | | | For Notice Purposes Only | | | | |
| Executive Consulting Agreement APOL Scotia Centre, 4th Floor, POB 2804 George Town, Grand Cayman KY1-1112 Cayman Islands | - | | | | | | | | 0.00 |
| Account No. | | | | | Legal Fees | | | | |
| Fensterstock & Partners LLP Attn: Blair Fensterstock 30 Wall Street New York, NY 10005 | - | | | | | | | | 130,403.00 |
| Account No. | | | | | Legal Fees | | | | |
| Filice Brown Eassa and McLeod LLP 1999 Harrison Street 18th Floor Oakland, CA 94612 | - | | | | | | | | 17,804.00 |
| Account No. | | | | | Legal Fees | | | | |
| Fisher & Phillips Attn: C.R. Wright 1075 Peachtree St NE Ste. 3500 Atlanta, GA 30309 | - | | | | | | | X | 55,822.00 |

Sheet no. __**2**__ of __**4**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **67,042,688.00**

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

In re    **CDC Corporation**                                          Case No.    **11-79079**
                                                                         Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | | Legal Fees | | | | |
| Greenburg Traurig 1750 Tysons Blvd., Ste. 1200 Mc Lean, VA 22102 | | - | | | | | | 15,392.00 |
| Account No. | | | | Legal Fees | | | | |
| Kasowitz Benson Torres & Friedman L Attn: Christopher P. Johnson 1633 Broadway New York, NY 10019 | | - | | | | | | 834.68 |
| Account No. | | | | Professional Services | | | | |
| Mellon Investor Services, Inc. 30 Broad Street New York, NY 10286 | | - | | | | | | 17,363.00 |
| Account No. | | | | Legal Fees | | | | |
| Olshan Grundman Frome Rosenzweig & Attn: Thomas Fleming 65 East 55th St New York, NY 10022 | | - | | | | | | 385,000.00 |
| Account No. | | | | Note | | | | |
| Rajan Vaz 29 Rosenbrook Drive Lincoln Park, NJ 07035 | | - | | | | | X | Unknown |

Sheet no. __3__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **418,589.68**

B6F (Official Form 6F) (12/07) - Cont.

In re    **CDC Corporation**                                           Case No.    **11-79079**
                                                                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. ****1778<br><br>**Thomson Reuters Markets, LLC**<br>**PO Box 415983**<br>**Boston, MA 02241** | | - | **PR Professional Services** | | | | 17,871.06 |
| Account No.<br><br>**Weinstein Smith c/o Joseph A. Smith**<br>**Ellenoff Grossman & Schole LLP**<br>**150 E. 42nd Street**<br>**New York, NY 10017** | | - | **Legal Fees** | | | | 11,642.00 |
| Account No.<br><br>**West Publishing Corp**<br>**dba Serengeti Law**<br>**155 108th Ave NE Ste. 650**<br>**Bellevue, WA 98004** | | - | **Professional Services** | | | | 2,000.00 |
| Account No.<br><br>**Wilmer Hale**<br>**Attn: Michael J. Lacascia**<br>**60 State Street**<br>**Boston, MA 02109** | | - | **Legal Fees** | | | | 22,596.96 |
| Account No.<br><br> | | | | | | | |

Sheet no. __4__ of __4__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal<br>(Total of this page) | 54,110.02 |
| Total<br>(Report on Summary of Schedules) | 108,453,516.07 |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

In re __CDC Corporation_____,    Case No. ___11-79079_____
Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| Asia Pacific Online Ltd.<br>11/f ING Tower<br>308 Des Voeus Road Central<br>Hong Kong | Executive Services Agreement, effective January 1, 2010, by and between Asia Pacific Online Ltd. and CDC Corporation |
| Catalyst<br>2002 Summit Blvd., Ste. 700 | Plan Merger Agreement - 401k |
| CDC Corporation<br>2002 Summit Blvd., Ste. 700<br>Atlanta, GA 30319 | CDC Corporation 1999 Employee Stock Option Plan, as amended as of April 28, 2000 |
| CDC Corporation<br>2002 Summit Blvd., Ste. 700<br>Atlanta, GA 30319 | CDC Corporation 2004 Employee Share Purchase Plan |
| CDC Corporation<br>2002 Summit Blvd., Ste. 700<br>Atlanta, GA 30319 | CDC Corporation 2005 Stock Incentive Plan, as amended |
| CDC Games Corp & CDC Software Corp<br>2002 Summit Blvd., Ste. 700<br>Atlanta, GA 30319 | Registration Rights Agreement, dated November 13, 2006, by and among CDC Corporation, CDC Games Corporation and CDC Software Corporation |
| CDC Software Corporation<br>2002 Summit Blvd., Ste. 700<br>Atlanta, GA 30319 | Services Agreement dated August 6, 2009 by and between CDC Software Corporation and Debtor, as amended by that certain Addendum No. 1 to Services Agreement on May 28, 2010, and as further amended by Addendum No. 2 to Services Agreement effective October 1, 2010. |
| CDC Software Corporation<br>2002 Summit Blvd., Ste. 700<br>Atlanta, GA 30319 | Trademark License Agreement, dated August 6, 2009, by and between CDC Software Corporation and CDC Corporation |
| Edward P. Swift c/o M. LaCascia<br>Wilmer Cutler Pickering Hale and Do<br>60 State Street<br>Boston, MA 02109 | Employment Agreement |
| Haitong Int'l Securities Co Ltd.<br>Unit 2808 Haigong Securities Tower<br>689 Guangdong Road<br>Shnghai, P.R. China | Placing Agreement for disposal of 5,600,000 shares in China.com |

2

____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

In re    **CDC Corporation**                                    ,    Case No.    **11-79079**
                                    Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **IMI**<br>**2002 Summit Blvd., Ste. 700**<br>**Atlanta, GA 30319** | **Plan Merger Agreement - 401k** |
| **Marsh USA, Inc.** | **Brokerage Agreement** |
| **Pivotal**<br>**2002 Summit Blvd., Ste. 700**<br>**Atlanta, GA 30319** | **Plan Merger Agreement - 401k** |
| **Prudential Retirement Ins & Annuity**<br>**Defined Contribution Administration**<br>**PO Box 2975**<br>**Hartford, CT 06104** | **Indemnity Letter dated 11/20/08** |
| **Prudential Retirement Ins & Annuity**<br>**Defined Contribution Administration**<br>**PO Box 2975**<br>**Hartford, CT 06104** | **Administrative Services Agreement dated 11/20/08** |
| **Prudential Retirement Ins & Annuity**<br>**Defined Contribution Administration**<br>**PO Box 2975**<br>**Hartford, CT 06104** | **Trust Agreement dated 11/20/08** |
| **Prudential Retirement Ins & Annuity**<br>**Defined Contribution Administration**<br>**PO Box 2975**<br>**Hartford, CT 06104** | **Investment Agreement dated 11/20/08** |
| **Prudential Retirement Ins & Annuity**<br>**Defined Contribution Administration**<br>**PO Box 2975**<br>**Hartford, CT 06104** | **Contract Authorization Letter dated 11/20/08** |
| **Prudential Retirement Ins & Annuity**<br>**Defined Contribution Administration**<br>**PO Box 2975**<br>**Hartford, CT 06104** | **Employer Identification Form dated 11/20/08** |
| **Prudential Retirement Ins & Annuity**<br>**Defined Contribution Administration**<br>**PO Box 2975**<br>**Hartford, CT 06104** | **QDRO Policies dated 11/20/08** |
| **Prudential Retirement Ins & Annuity**<br>**Defined Contribution Administration**<br>**PO Box 2975**<br>**Hartford, CT 06104** | **Participation Agreement dated 12/8/08** |

Sheet    **1**    of    **2**    continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

In re    **CDC Corporation**                                                                    , Case No.    **11-79079**
                              Debtor

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Prudential Retirement Ins & Annuity**<br>**Defined Contribution Administration**<br>**PO Box 2975**<br>**Hartford, CT 06104** | **415 Amendment Agreement dated 12/8/08** |
| **Prudential Retirement Ins & Annuity**<br>**Defined Contribution Administration**<br>**PO Box 2975**<br>**Hartford, CT 06104** | **Auto Rollover Agreement dated 12/8/08** |
| **Prudential Retirement Ins & Annuity**<br>**Defined Contribution Administration**<br>**PO Box 2975**<br>**Hartford, CT 06104** | **Control Group Statement dated 12/8/08** |
| **Prudential Retirement Ins & Annuity**<br>**Defined Contribution Administration**<br>**PO Box 2975**<br>**Hartford, CT 06104** | **401k Plan dated 12/8/08** |
| **Prudential Retirement Ins & Annuity**<br>**Defined Contribution Administration**<br>**PO Box 2975**<br>**Hartford, CT 06104** | **Written Administrative Policy dated 12/8/08** |
| **Prudential Retirement Ins & Annuity**<br>**Defined Contribution Administration**<br>**PO Box 2975**<br>**Hartford, CT 06104** | **Loan Policy dated 12/8/08** |
| **Ross Systems Inc.**<br>**2002 Summit Blvd, Ste. 700**<br>**Atlanta, GA 30319** | **Ross Systems, Inc. 1998 Stock Option Plan**<br>**(Assumed by CDC Corporation)** |
| **Saratoga**<br>**2002 Summit Blvd., Ste. 700**<br>**Atlanta, GA 30319** | **Plan Merger Agreement - 401k** |
| **Somerly Limited**<br>**10/F The Hong Kong Club Building**<br>**3A Chater Road**<br>**Central, Hong Kong** | **Engagement Letter for 5% placing of China.com**<br>**shares** |

Sheet    **2**    of    **2**    continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

**B6H (Official Form 6H) (12/07)**

In re  **CDC Corporation**                                                              Case No.   **11-79079**

                                        Debtor

## SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Paul Hastings Janofsky & Walker**<br>**515 South Flower Street 25th Floor**<br>**Los Angeles, CA 90071** | **CDC Software Corporation**<br>**2002 Summit Blvd., Ste. 700**<br>**Atlanta, GA 30319** |

**0**
_____  continuation sheets attached to Schedule of Codebtors

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Georgia - Atlanta Division

In re **CDC Corporation**

Debtor(s)

Case No. **11-79079**

Chapter **11**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Interim CEO of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___**18**___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **November  7, 2011**

Signature **/s/ John Clough**

**John Clough**
**Interim CEO**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Northern District of Georgia - Atlanta Division

In re     **CDC Corporation** _____,     Case No. ____**11-79079**_____
                                               Debtor

                                    Chapter _____**11**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 4 | 174,134,450.29 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | 108,453,516.07 | |
| G - Executory Contracts and Unexpired Leases | Yes | 3 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 16 | | | |
| Total Assets | | | 174,134,450.29 | | |
| Total Liabilities | | | | 108,453,516.07 | |