**IT IS ORDERED as set forth below:**

Date: November 08, 2011

_____
**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| CDC CORPORATION, | : | CASE NO. 11-79079 |
| | : | |
| Debtor. | : | JUDGE BONAPFEL |

-----------------------------------------------------------------------------------------------

**ORDER APPROVING EMPLOYMENT OF MARCUS A. WATSON AS CHIEF
RESTRUCTURING OFFICER OF THE DEBTOR**

This matter is before the Court on the "Application for Approval of Employment of Finley, Colmer and Company as Chief Restructuring Officer of the Debtor" (the "CRO Application"; Docket No. 32) filed on October 26, 2011 by CDC Corporation, the debtor and debtor in possession in the above-captioned bankruptcy case (the "Debtor"). The CRO Application as filed sought approval of an agreement under which Finley, Colmer and Company and its designated consultant, Marcus A. Watson ("Mr. Watson"), would

manage the affairs of the Debtor as Chief Restructuring Officer for the Debtor.

Evolution CDC SPV Ltd., Evolution Master Fund Ltd., SPC, Segregated Portfolio M and E1 Fund Ltd. (collectively "Evolution") and Robeco Investment Management, Inc. ("Robeco") filed objections to the CRO Application. (Docket Nos. 39, 40). The Court held a non-evidentiary hearing on November 1, 2011 (the "Hearing"), at which counsel for Debtor, Evolution, Robeco, CDC Software, Inc., and the Office of the United States Trustee appeared.

After affording all parties an opportunity to make presentations and legal argument, and after reviewing and considering the CRO Application, the Objections and the presentations and arguments of counsel, the Court, for the reasons stated on the record, ruled that it would approve the CRO Application on an interim basis provided that the Debtor and proposed Chief Restructuring Officer, Marcus A. Watson, agreed to changes to its terms to provide that Mr. Watson have substantially all of the authority and responsibilities of a Chapter 11 Trustee, including complete authority in the management of the estate, Debtor's business operations and bankruptcy reorganization, with the exception of some matters over which the Board of Directors might retain authority, such as submission of a Chapter 11 plan. The Court did not expressly define the types of matters over which the Board might appropriately retain authority.

The Debtor now requests approval of an amended agreement (Docket No. 53) (the "Amended Agreement") that provides for the following management decisions to remain subject to Board approval:

    (a) proposal of a plan of reorganization;

    (b) sale or disposition of any asset for more than $5,000,000;

    (c) debtor in possession or exit financing in which substantially all the Debtor's assets are pledged; and

    (d) settlement of the Evolution claims and counterclaims or settlement of the Evolution Judgment or appeal of the Evolution Judgment.

  The Court is concerned that the Amended Agreement may not be the product of prior good faith negotiations between the Debtor and other parties in interest with regard to matters excepted from the otherwise plenary authority of the proposed CRO. This circumstance casts some doubt over the prospect for more than a brief tenure of the CRO.

  Nevertheless, in view of the interim nature of the Court's approval of the Amended Agreement, the immediate need (as stated at the hearing) for an independent fiduciary to manage the Debtor and to take charge of this case, and the availability of a prompt hearing in the event that any party in interest asserts that the continued retention of the CRO is not in the best interests of the estate or that the appointment of a Chapter 11 Trustee is appropriate, the Court will authorize the retention of the CRO under the Amended Agreement.

  The Court's interim approval rests in substantial part on its construction of the Amended Agreement as providing, in effect, that Mr. Watson and Finley, Colmer and Company will in substance perform the duties of a Chapter 11 trusee in this case as the duly authorized fiduciary in control of the assets and operations of the Debtor and of the administration of this case. The major decisions over which the Board retains authority do not appear to undercut the CRO's rights and powers to carry out these responsibilities. If the Board's exercise of its authority prevents the CRO or the Debtor from acting in the best interests of the estate, the Court expects the CRO and the Debtor in Possession's attorneys to promptly bring the problem to the attention of Evolution and other parties in interest, the United States Trustee, and the Court. For example, if Mr. Watson's

judgment is that the Debtor should conduct a sale of its assets and the Board refuses to approve the proposed course of action, Mr. Watson, as the CRO, should direct counsel for the Debtor in Possession to file an appropriate document to bring the matter to the attention of the parties and the Court.

It appears that Mr. Watson is qualified to act as Chief Restructuring Officer of Debtor in its bankruptcy case and that Finley, Colmer and Company and Mr. Watson represent no interest adverse to Debtor under the terms of the Amended Agreement under which it is to be engaged.

The Court has jurisdiction to consider the CRO Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Court may grant the relief requested pursuant to 11 U.S.C. § 105, 363 and Federal Rule of Bankruptcy Procedure 2014 on an interim basis. Appropriate notice of the CRO Application has been given, and no other or further notice need be given.

For reasons announced at the hearing and set forth herein, therefore, approval of the Amended Agreement on an interim basis is necessary and in the best interest of Debtor's estate. It is, therefore, hereby

**ORDERED AND ADJUDGED** that the employment by Debtor of Marcus A. Watson as Chief restructuring Officer is hereby authorized and approved on an interim basis for the purposes specified in the CRO Application as amended by the Amended Agreement until further order of the Court; it is further

**ORDERED AND ADJUDGED** that entry of this order is without prejudice to the right of any party in interest at any time to move for the appointment of a trustee, to move for immediate termination of the interim authorization and approval of the

retention of the CRO, and to obtain an expedited hearing on such a motion; and it is further

**ORDERED AND ADJUDGED** that entry of this order shall have no effect on the obligation of an existing officer of Debtor (as opposed to Mr. Watson) to execute the Schedules and Statement of Financial Affairs and appear to testify at the § 341 Hearing.

The Court will set a hearing on final approval of the CRO Application upon request of any party in interest.

### END OF DOCUMENT

REVISED BY THE COURT FROM ORIGINAL

**Prepared and presented by:**

LAMBERTH, CIFELLI, STOKES,
  ELLIS & NASON, P.A.
*Attorneys for Debtor*

>James C. Cifelli
>Georgia Bar No. 125750
>William D. Matthews
>Georgia Bar No. 470865
>Wdm@lcsenlaw.com

3343 Peachtree Road NE, Suite 550
Atlanta, GA 30326-1022
(404) 262-7373

**Identification of parties to be served pursuant to BLR 9013-2(b) NDGa.:**

Gregory D. Ellis, Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., 3343 Peachtree Road NE, Suite 550, Atlanta, GA 30326

Gus H. Small, 3350 Riverwood Parkway, Suite 1600, Atlanta, Georgia 30339

Aaron M. Zeisler, 230 Park Avenue, 11th Floor, New York, New York 10169

C. Edward Dobbs, 1500 Marquis Two Tower, 285 Peachtree Center Avenue, NE, Atlanta, GA  30303

John F. Isbell, Two Alliance Center, Suite 1600, Atlanta, Georgia 30326

James H. Morawetz, Office of the U.S. Trustee, 362 U.S. Courthouse, 75 Spring Street SW, Atlanta, Georgia  30303