**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| CDC CORPORATION, | : | CASE NO. 11-79079 |
| | : | |
| Debtor. | : | JUDGE BONAPFEL |

-------------------------------------------------------------------------------------------

**MOTION FOR (1) APPROVAL OF EXPANDED SCOPE OF EMPLOYMENT OF FINLEY COLMER AND COMPANY AS CHIEF RESTRUCTURING OFFICER FOR DEBTOR; (2) APPROVAL OF SECOND AMENDED ENGAGEMENT AGREEMENT; AND (3) APPROVAL OF STIPULATION REGARDING MOTION FOR APPOINTMENT OF TRUSTEE**

COMES NOW CDC Corporation, debtor and debtor-in-possession in the above-referenced Chapter 11 case (the "Debtor"), and (1) seeks approval for expanded scope of employment of Finley Colmer and Company as Chief Restructuring Officer for Debtor; (2) authority to enter into a Second Amended Engagement Agreement (the "Agreement"), a copy of which is attached hereto as Exhibit "A", under which Finley, Colmer and Company (Finley Colmer) and its designated consultant, Marcus A. Watson ("Mr. Watson"), would manage the affairs of the Debtor as chief restructuring officer for the Debtor; and (3) approval of a stipulation regarding the pending Motion for Appointment of a Chapter 11 Trustee. In support thereof, the Debtor shows the Court as follows:

1.      On October 4, 2011 (the "Petition Date), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code. The Debtor has remained in possession of its assets and has continued to operate its business and manage its property as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. On October 26, 2011, Debtor filed its Application For Approval of Employment of Finley Colmer and Company as Chief Restructuring Officer for Debtor (the "Application," Docket No. 32).

3. On November 8, 2011, Debtor filed an Amendment (Docket No. 53) to the Application to attach an Amended Engagement Agreement to replace the original agreement which was attached as an Exhibit to the Application.

4. On November 9, 2011, the Court entered an Order (Docket No. 57) approving the Debtor's employment of Marcus A. Watson as Chief Restructuring Officer. The Order provided: "The Court's interim approval rests in substantial part on its construction of the Amended Agreement as providing, in effect, that Mr. Watson and Finley, Colmer and Company will in substance perform the duties of a Chapter 11 trustee in this case as the duly authorized fiduciary in control of the assets and operations of the Debtor and of the administration of this case."

5. On December 5, 2011, the United States Trustee and Evolution CDC SPV Ltd., Evolution Master Fund Ltd., SPC, Segregated Portfolio, and E1 Fund Ltd. (collectively, "Evolution") each filed motions for the appointment of a Chapter 11 Trustee (Docket Nos. 70 and 71, the "Trustee Motions").

6. The Court held hearings on the Trustee Motions on December 19 and December 20, 2011, at which time the presentation of evidence by all parties to the Trustee Motions was completed. At the hearings, the parties announced an agreement (subject to approval of the Debtor's Board of Directors) to resolve the Trustee Motions by way, inter alia, of expanding the duties of the CRO.

7. The Debtor's Board of Directors has approved a Second Amended Engagement Agreement with the CRO, a true and correct copy of which is attached hereto as Exhibit "A."

The Second Amended Engagement Agreement amends the Agreement previously approved by the Court in that the Second Amended Engagement Agreement no longer calls for the CRO's engagement to expire on January 31, 2012 and no longer calls for any of the CRO's decisions in the complete exercise of Debtor management to be subject to Board approval. Specifically, Articles II and III of the Second Amended Engagement Agreement provide:

## ARTICLE II
## TERM OF AGREEMENT

This Second Amended Agreement will commence as of the beginning of business on December ___, 2011 or at such later time as is approved by the Bankruptcy Court (the "Commencement Date") and will only end at such time as the Bankruptcy Court enters an order terminating the employment of the CRO or dismissing the Chapter 11 case ("Ending Date").

## ARTICLE III
## SCOPE OF DUTIES

Consultant, through its designee Marcus A. Watson, will oversee and direct the administration of Debtor's bankruptcy estate, including the insolvency, reorganization, and restructuring processes and, if appropriate, the Debtor's efforts to sell various divisions and/or assets of the Debtor, pursuant to the Bankruptcy Code and orders of the Bankruptcy Court:

i. Consultant will assist the Client to maximize recovery of its assets for the benefit of the estate;

ii. Consultant, through its designee Marcus A. Watson, will represent the Client as an Officer of Client as required during the bankruptcy process;

iii. Consultant, through its designee Marcus A. Watson, will be vested with the exclusive authority to close all financial accounts of Debtor and to designate the signatories and controls for the Debtor in Possession bank account;

iv. Consultant is vested with complete authority and is empowered to make all decisions concerning the management of Debtor's business, operations, and bankruptcy reorganization;

v. Consultant's designee as CRO shall assume such other duties as are usually and customarily performed by the Client's Board of Directors, a chief executive

368059.doc

      officer, a chief operating officer, or chief financial officer, as the case may be, of a business of similar kind and size;

vi. Consultant, through its designee Marcus A. Watson, shall be duly elected to the office of Chief Restructuring Officer in accordance with the by-laws of Client, and the by-laws or other proper resolutions of Client, and Client shall authorize Consultant to perform the duties set forth in this Second Amended Agreement.

8. Debtor seeks entry of an Order approving the Second Amended Engagement Agreement and approving a stipulation memorializing the other terms of the agreement announced by the parties at the hearings on the Trustee Motions. Specifically, Debtor seeks entry of an Order approving a stipulation attached hereto as Exhibit "B" which provides:

    (a) If and when the United States Trustee appoints an Official Committee of Equity Security Holders in this case, Evolution, Peter Yip, Debtor, and CDC Software will not object to the composition of the Committee.

    (b) The exclusivity period under 11 U.S.C. §1121(b) shall expire or be deemed lifted, without further notice, hearing or order of the Court, on the earliest of: (i) January 31, 2012; (ii) the filing by the Debtor of a Section 363 motion to sell all of the Debtor's interest in CDC Software (or a sufficient amount of such interest to result in consideration to the estate in an amount that will exceed the full amount owing to all creditors); or (iii) the Debtor's filing of a Chapter 11 plan of reorganization or liquidation.

    (c) No parties to the settlement will seek any earlier termination of exclusivity.

    (d) The Parties will not continue to press pending Rule 2004 discovery requests or issue new requests except as to (i) contested matters or adversary proceedings filed after December 20, 2011, and (ii) certain e-mails sent or received by Peter Yip between the period of June 28, 2011, and December 20, 2011, remaining to be produced pursuant to prior pending discovery requests.

    (e) The Trustee Motion filed by Evolution shall be withdrawn without prejudice.

9. As the terms of the stipulation were announced at the hearing on the Trustee Motions and have now been agreed to by all the Parties following approval of the terms by the Debtor's Board of Directors, Debtor requests that the Order entered by the Court approving the

368059.doc

Stipulation include a provision that such Order is not entered subject to objection but is instead effective and enforceable immediately upon entry as provided by Bankruptcy Rule 7062.

**WHEREFORE**, the Debtor prays for (a) authority to expand the scope of employment of Finley Colmer to provide to the Debtor the services set forth in the Second Amended Engagement Agreement, in accordance with the terms and conditions in the Agreement; (b) approval of the Second Amended Engagement Agreement; (c) entry of an Order approving the stipulation attached hereto regarding the pending motions for appointment of a trustee; and (d) such other and further relief as may be just and proper.

This 29th day of December, 2011.

                    LAMBERTH, CIFELLI, STOKES,
                      ELLIS & NASON, P.A.
                    Attorneys for Debtor

By:    */s/ William D. Matthews*
       James C. Cifelli
       Georgia Bar No. 125750
       jcifelli@lcsenlaw.com
       Gregory D. Ellis
       Georgia Bar No. 245310
       GEllis@lcsenlaw.com

3343 Peachtree Road NE, Suite 550    William D. Matthews
Atlanta, GA 30326    Georgia Bar No. 470865
(404) 262-7373    WDM@lcsenlaw.com
(404) 262-9911 (facsimile)

**EXHIBIT "A" FOLLOWS**

368059.doc

## SECOND AMENDED AGREEMENT

THIS SECOND AMENDED AGREEMENT (hereinafter "Second Amended Agreement") is made as of December 22, 2011 by and between Finley, Colmer and Company, 5565 Glenridge Connector Suite 200 Atlanta, Georgia 30342 (hereinafter "Consultant") and CDC Corporation, 2002 Summit Boulevard, Suite 200, Atlanta, GA 30319 (hereinafter "Client").

**WHEREAS,** Client's Board of Directors authorized the filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court"); and

**WHEREAS,** on October 4, 2011, Client filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") Case No. 11-79097 (the "Bankruptcy Case"); and

**WHEREAS**, Client's Board of Directors has voted to appoint a Chief Restructuring Officer ("CRO") to oversee the operation and management of the Bankruptcy Case to maximize its value for creditors and shareholders; and

**WHEREAS,** Consultant has certain skills and abilities that may be useful to Client from time to time; and

**WHEREAS,** Consultant is an independent contractor willing to provide services to Client for the period contemplated hereby; and

**WHEREAS,** Consultant has advised Client of its willingness, ability and desire to provide advisory services to Client on a regular but non-exclusive basis; and

**WHEREAS,** Client desires to retain the services of Consultant as set forth in an agreement dated as of October 24, 2011 ("Agreement"), Bankruptcy Court approval of which was sought through application, following notice and hearing; and

**WHEREAS,** at a hearing conducted in the Bankruptcy Court on November 1, 2011, the Court conditioned approval of Client's employment of a CRO on certain amendments to the Agreement, which amended terms are set forth in the November 3, 2011 Amended Agreement and are included therein and which were approved on an interim basis by the Bankruptcy Court on November 9, 2011; and

**WHEREAS** the United States Trustee and Evolution CDC SPV Ltd., Evolution Master Fund, Ltd., Segregated Portfolio M and E1 Fund Ltd. (collectively "Evolution") moved for the appointment of a Chapter 11 trustee on December 5, 2011; and

**WHEREAS,** at a hearing conducted by the Bankruptcy Court on December 19 - 20, 2011, statements were made on the record by the Bankruptcy Court and other parties that the Client's employment of the CRO on certain amendments to the Amended Agreement, which amended terms are set forth and included herein, would moot the need for the appointment of a Chapter 11 trustee.

**NOW, THEREFORE,** in consideration of the foregoing recitals and the terms, conditions and covenants contained herein, it is hereby agreed as follows:

## ARTICLE I
## APPOINTMENT OF CONSULTANT

Client hereby engages Consultant, subject to approval by the Bankruptcy Court, as an independent contractor for the sole purpose of performing the services described in Article III of this Second Amended Agreement and Consultant accepts such appointment and agrees to perform the services.

## ARTICLE II
## TERM OF AGREEMENT

This Second Amended Agreement will commence as of the beginning of business on December ___, 2011 or at such later time as is approved by the Bankruptcy Court (the "Commencement Date") and will only end at such time as the Bankruptcy Court enters an order terminating the employment of the CRO or dismissing the Chapter 11 case ("Ending Date").

## ARTICLE III
## SCOPE OF DUTIES

Consultant, through its designee Marcus A. Watson, will oversee and direct the administration of Debtor's bankruptcy estate, including the insolvency, reorganization, and restructuring processes and, if appropriate, the Debtor's efforts to sell various divisions and/or assets of the Debtor, pursuant to the Bankruptcy Code and orders of the Bankruptcy Court:

i. Consultant will assist the Client to maximize recovery of its assets for the benefit of the estate;

ii. Consultant, through its designee Marcus A. Watson, will represent the Client as an Officer of Client as required during the bankruptcy process;

iii. Consultant, through its designee Marcus A. Watson, will be vested with the exclusive authority to close all financial accounts of Debtor and to designate the signatories and controls for the Debtor in Possession bank account;

iv. Consultant is vested with complete authority and is empowered to make all decisions concerning the management of Debtor's business, operations, and bankruptcy reorganization;

v. Consultant's designee as CRO shall assume such other duties as are usually and customarily performed by the Client's Board of Directors, a chief executive officer, a chief operating officer, or chief financial officer, as the case may be, of a business of similar kind and size;

vi. Consultant, through its designee Marcus A. Watson, shall be duly elected to the office of Chief Restructuring Officer in accordance with the by-laws of Client, and the by-laws or other proper resolutions of Client, and Client shall authorize Consultant to perform the duties set forth in this Second Amended Agreement.

## ARTICLE IV
## COVERAGE UNDER DIRECTORS AND OFFICERS INSURANCE POLICY

The Consultant and the CRO shall be as thoroughly covered as the most well covered officer and director by such directors' and officers' insurance policy, or other general liability policy or policies, as Client shall have in effect from time to time. It is a specific requirement of this engagement that such directors' and officers liability insurance be in place at all times during the course of this engagement.

Notwithstanding the foregoing, Consultant shall have:

i. No duty, responsibility, or authority with respect to regulatory compliance, including without limitation: (a) the management, handling, transport, disposal or remediation of hazardous waste or hazardous substances; (b) applicable federal, state, or local statutes, ordinances, regulations orders and requirements of common law in any way affecting or pertaining to health, safety or the environment; and (c) filings with federal and state securities authorities, and filings and payments to federal, state, and local taxing authorities, and;

ii. In acting on behalf of Client, no duty to nor any authority to enter into any agreement with Consultant (other than as necessary to carry out the terms of this Second Amended Agreement) nor to extend, renew, modify, amend or terminate this Second Amended Agreement.

## ARTICLE V
## CONSULTANT'S COMPENSATION

For all services rendered by the Consultant under this Second Amended Agreement, Client shall pay Consultant as follows:

i. A fee of Eleven Thousand ($11,000.00) dollars per week throughout the term of this Second Amended Agreement;

ii. Client agrees to reimburse Consultant for travel related expenses at cost. All travel expenses incurred must be paid in advance; Client shall make credit card payment in

      advance to all airline carriers, car rental firms and hotels. Travel expenses shall be based on business class tickets, full-size vehicles, and accommodations provided by, or equivalent to those provided by Residence Inn's or the like, including a multi-room hotel. Consultant agrees to use his best efforts to keep such expenses at the lowest practical level; and

  iii. Consultant shall maintain and submit detailed invoices with time entries setting forth its activities in accordance with the Bankruptcy Court procedures.

## ARTICLE VI
## CONSULTANT'S DESIGNEE

Marcus A. Watson ("Watson") will be the individual designated by Consultant to act as the Chief Restructuring Officer, in performing this Second Amended Agreement. Until such time as Client receives written notification to the contrary from Consultant, Watson has full authority to carry out this Second Amended Agreement on behalf of Consultant. Other representatives of Consultant shall be considered representatives of the Chief Restructuring Officer and shall have the authority to act as directed by the CRO. Consultant and Watson shall perform all services as independent contractors and not as employees of Client, and neither Consultant nor Watson shall receive any remuneration from Client, including participation in disability, retirement, pension, profit sharing or other benefit or deferred compensation plans of Client, other than as set forth herein.

## ARTICLE VII
## INDEMNIFICATION AND HOLD HARMLESS

Client agrees to indemnify and hold harmless Consultant and all of its officers, directors and employees ("Indemnities") against any and all costs, losses, liabilities, expenses (including reasonable attorney's fees), judgments, fines and amounts paid in settlement actually and reasonably incurred in connection with third party claims against any Indemnitee which result (i) from any act or omission constituting negligence, willful misconduct or breach of fiduciary duty by an officer, director or employee of Client in connection with this Second Amended Agreement, or (ii) in connection with the Services rendered by the Consultant hereunder.

## ARTICLE VIII
## REPRESENTATIONS, WARRANTIES AND COVENANTS

Each of the parties hereto warrants and represents that, subject to approval by the Bankruptcy Court, it has the authority, corporate and otherwise, to enter into this Second Amended Agreement and perform in accordance with the terms hereof. Client acknowledges and agrees that Consultant shall be providing services hereunder based upon information provided to Consultant by Client. Client warrants and represents said information is true and correct. Client agrees to indemnify Consultant for any breach of the foregoing warranty or representation. Consultant agrees that all information,

whether or not in writing, of a private, secret or confidential nature concerning Client is and shall remain the exclusive property of Client, and no such information shall be divulged by Consultant to third parties, other than in the course of the performance of services to be rendered hereunder, unless such information becomes public knowledge or is required by order of a court.

## ARTICLE IX
## MISCELLANEOUS PROVISIONS

*Notices.* All notices under this Second Amended Agreement shall be in writing and shall be deemed duly given when delivered, if personally delivered, or three (3) days after the date mailed if sent by registered or certified mail, return receipt requested and postage prepaid, and addressed to the parties at the following addresses:

If to Client:          At the address above provided
If to Consultant:      At the address above provided

unless a party receives written notice of any change.

*Assignment; Binding Effect.* Neither the Client nor the Consultant may assign or transfer this Second Amended Agreement or any rights or benefits under this Second Amended Agreement to any person or entity without the prior written approval of the other party.

*Remedies Not Exclusive.* The rights and remedies provided in this Second Amended Agreement are cumulative and not exclusive and are in addition to any other rights and remedies the parties may have at law or otherwise.

*Waiver.* Neither party's waiver of the other's breach of any term, covenant or condition contained in this Second Amended Agreement shall be deemed to be a waiver of any subsequent breach of the same or any other term, covenant or condition in this second Amended Agreement.

*Force Majeure.* Client and Consultant shall be excused for the period of any delay in the performance of any obligations under this Second Amended Agreement when prevented from performing such obligations by cause or causes beyond their reasonable control, including, without limitation, civil commotion, war, invasion, rebellion, hostilities, military or usurped power, sabotage, pestilence, riots, fire or other casualty or acts of God.

*Headings.* The headings appearing in this Second Amended Agreement are inserted only as a matter of convenience and in no way define, limit, construe or describe the scope or intent of any article or section of this Second Amended Agreement.

*Survival.* The covenants contained in or liabilities accrued under this Second Amended Agreement which, by their terms, require their performance after the expiration or termination of this Second Amended Agreement shall be enforceable notwithstanding the expiration or other termination of this Second Amended Agreement.

*Governing Law.* This Second Amended Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Georgia. Any dispute, action or proceeding arising out of or relating to this Second Amended Agreement shall be within the jurisdiction of the Bankruptcy Court. In the event the Bankruptcy Court declines jurisdiction, the parties agree that jurisdiction is proper in the state or federal courts of the State of Georgia.

*Severability.* If any provision of this Second Amended Agreement shall be determined to be invalid or unenforceable, the remaining provisions of this Second Amended Agreement shall not be affected thereby, and every provision of this Second Amended Agreement shall remain in full force and effect and enforceable to the fullest extent permitted by law.

*Time of the Essence.* Time is of the essence in the performance of the duties under this Second Amended Agreement.

*Counterparts.* This Second Amended Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

*Entire Amended Agreement; Modification.* This Second Amended Agreement, and the materials incorporated herein by reference, constitutes the entire agreement between the parties. There are no promises or other agreements, oral or written, express or implied, between the parties other than as set forth in this Second Amended Agreement. No change or modification of, or waiver under, this second Amended Agreement shall be valid unless it is in writing and signed by duly authorized representatives of Client and Consultant.

**Remainder of Page Intentionally Left Blank**

IN WITNESS WHEREOF, the parties hereto have executed this Second Amended Agreement on the day and year first above written.

CDC CORPORATION

By: _____

Its: __General Counsel__

FINLEY, COLMER & COMPANY

By: _____

Its: __Vice President__

**EXHIBIT "B" FOLLOWS**

368059.doc

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| CDC CORPORATION, | : | CASE NO. 11-79079 |
| | : | |
| Debtor. | : | JUDGE BONAPFEL |

------------------------------------------------------------------------------------------------

**STIPULATION REGARDING MOTION FOR APPOINTMENT OF A TRUSTEE**

It is hereby stipulated and agreed by, between and among the Parties, CDC Corporation ("Debtor"), CDC Software Corporation ("Software") (collectively, "CDC Entities"), Evolution CDC SPV Ltd., Evolution Master Fund Ltd., SPC, Segregated Portfolio, and E1 Fund Ltd. (collectively, "Evolution"), and Peter Yip to the above-styled matter, in relation to the "Motion of Evolution CDC SPV Ltd., Evolution Master Fund Ltd., SPC, Segregated Portfolio, and E1 Fund Ltd. for the Appointment of a Chapter 11 Trustee" (Docket No. 71) as follows:

(a) If and when the United States Trustee appoints an Official Committee of Equity Security Holders in this case, Evolution, Peter Yip, Debtor, and Software will not object to the composition of the Committee.

(b) The exclusivity period under 11 U.S.C. §1121(b) shall expire or be deemed lifted, without further notice, hearing or order of the Court, on the earliest of: (i) January 31, 2012; (ii) the filing by the Debtor of a Section 363 motion to sell all of the Debtor's interest in CDC Software (or a sufficient amount of such interest to result in consideration to the estate in an amount that will exceed the full amount owing to all creditors); or (iii) the Debtor's filing of a Chapter 11 plan of reorganization or liquidation.

(c) No parties to this stipulation will seek any earlier termination of exclusivity.

(d) The Parties will not continue to press pending Rule 2004 discovery requests or issue new requests except as to (i) contested matters or adversary proceedings filed after December 20, 2011, and (ii) certain e-mails sent or received by Peter Yip between the period of June 28, 2011, and December 20, 2011, remaining to be produced pursuant to prior pending discovery requests.

(e) The Trustee Motion filed by Evolution shall be withdrawn without prejudice.

The signatories hereto respectfully request that the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Bankruptcy Court"), in which this case is pending, review and approve this Stipulation and make it the Order of the Bankruptcy Court by means of the Order in the form attached hereto as Attachment "1," or in such other form as the Bankruptcy Court may deem just and proper.

SO STIPULATED AND AGREED, as of this 29th day of December, 2011.

**So Stipulated By:**

LAMBERTH, CIFELLI, STOKES
  ELLIS & NASON, P.A.


By:   /s/ James C. Cifelli
        James C. Cifelli
        Georgia Bar No. 125750
        JCifelli@lcsenlaw.com
3343 Peachtree Road, N.E.
East Tower, Suite 550
Atlanta, Georgia 30325-1022
(404) 262-7373
*Counsel for Debtor*


SATTERLEE STEPHENS BURKE & BURKE, LLP


By:   /s/ Aaron M. Zeisler (by JCC)
        Aaron M. Zeisler
        New York Registration No. 3900131
        AZeisler@ssbb.com
230 Park Avenue, 11th Floor
New York, New York 10169
(212) 818-9200
*Counsel for Evolution CDC SPV, Ltd.,*
*Evolution Master Fund Ltd.,*
*Segregated Portfolio M, and*
*E1 Fund Ltd.*

[SIGNATURES CONTINUED ON NEXT PAGE]

THOMPSON HINE, LLP


By:  /s/ John F. Isbell (by JCC)
       John F. Isbell
       Georgia Bar No. 384883
       John.isbell@thompsonhine.com
Two Alliance Center, Suite 1600
Atlanta, Georgia 30326
(404) 541-2900
*Counsel for CDC Software Corporation*


SCROGGINS & WILLIAMSON, P.C.


By:  /s/ J. Robert Williamson  (by JCC)
J. ROBERT WILLIAMSON
Georgia Bar No. 765214

1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
(404) 893-3880 (phone)
(404) 893-3886 (fax)
*Counsel for Peter Yip*

3

368059.doc

**CERTIFICATE OF SERVICE**

      **I,** William D. Matthews, certify that I am over the age of 18 and that on December 29, 2011, I served a copy of the foregoing Motion by electronic mail as shown:

Attn: James H. Morawetz
Office of the U.S. Trustee
362 Richard B. Russell Building
75 Spring Street, SW
Atlanta, GA 30303
jim.h.morawetz@usdoj.gov

C. Edward Dobbs
James S. Rankin
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, GA  30303
jrankin@phrd.com
edobbs@phrd.com

Timothy T. Brock
Aaron M. Zeisler
Abigail Snow
Satterlee Stephens Burke & Burke
230 Park Avenue, 11th Floor
New York, NY 10169
tbrock@ssbb.com
azeisler@ssbb.com
asnow@ssbb.com

Thomas J. Fleming
Olshan Grundman Frome Rosenzweig & Wolosky LLP
Park Avenue Tower
65 East 55th Street
New York, NY  10022
tfleming@olshanlaw.com

Gus H. Small
COHEN POLLOCK MERLIN & SMALL, P.C.
3350 Riverwood Parkway, Suite 1600
Atlanta, Georgia 30339
 gsmall@cpmas.com

John F. Isbell
Garrett A. Nail
Thompson Hine LLP
3560 Lenox Road
Two Alliance Center, Suite 1600
Atlanta, Georgia 30326
john.isbell@thompsonhine.com
garrett.nail@thompsonhine.com

 Jacob A. Maurer
Robert D. Wildstein
Bodker Ramsey Andrews Winograd Wildstein, P.C.
One Securities Centre
3490 Piedmont Road, N.E.
Suite 1400
Atlanta, Georgia 30305-4808
rwildstein@brawwlaw.com
jmaurer@brawwlaw.com

Alan Kolod
Alan E. Gamza
Abraham Y. Skoff
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
akolod@mosessinger.com
agamza@mosessinger.com
askoff@mosessinger.com

J. Robert Williamson
SCROGGINS & WILLIAMSON, P.C.
1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
rwilliamson@swlawfirm.com

Eric Lopez Schnabel
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY
10019-6119
schnabel.eric@dorsey.com

368059.doc

Bern Steves
California Business Law Office
19925 Stevens Creek Blvd.
Cupertino, CA  95014
paralegal@californiabizlaw.com

Jeffrey W. Kelley
Troutman Sanders LLP
600 Peachtree Street, NE
Suite 5200
Atlanta, GA 30308-2216
jeffrey.kelley@troutmansanders.com

      This 29th day of December, 2011.

                                                                                                   */s/ William D. Matthews*
                                                        William D. Matthews
                                                       Georgia Bar No. 470865
3343 Peachtree Road NE, Suite 550          WDM@lcsenlaw.com
Atlanta, GA 30326
(404) 262-7373
 (404) 262-9911 (facsimile)

3

368059.doc