UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 11-79079-pwb |
| | : | |
| CDC CORPORATION, | : | |
| | : | CHAPTER 11 |
| DEBTOR. | : | |
| | : | |

**EVOLUTION'S LIMITED OBJECTION TO THE APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MORGAN JOSEPH TRIARTISAN LLC**

Evolution CDC SPV Ltd., Evolution Master Fund Ltd., Segregated Portfolio M, and E1 Fund Ltd. (collectively, "Evolution"), hereby files this limited objection to the application of the Official Committee of Equity Security Holders (the "Committee") for an order authorizing the employment and retention of Morgan Joseph TriArtisan LLC ("Morgan Joseph") as financial advisor to the Committee (Doc. No. 109) (the "Motion"). Evolution respectfully shows the Court as follows:

1. Evolution does not object to the Committee's retention of a financial services professional such as Morgan Joseph to review and analyze information, assess the Debtor's operations, review restructuring options and advise the Committee. However, Evolution does object to the "Completion Fee" component of Morgan Joseph's proposed retention agreement on multiple grounds.

2. First, the Completion Fee is to be paid in addition to Morgan Joseph's $100,000 monthly fee whether or not Morgan Joseph adds any value to the sale process. Should the Debtor and its approved investment banker, Moelis, complete any "Transaction" involving the Debtor's assets, Morgan Joseph would be entitled to a $750,000 Completion Fee, and if the Transaction does not involve CDC Software, Morgan Joseph would be entitled to a $2,000,000 Completion Fee. See Motion, Ex. A (Engagement Letter, pp. 2-3). Morgan Joseph should not be paid a bonus over-and-

1328166_4

above the $100,000 monthly fee it is to receive, especially when it could receive such a bonus for work entirely initiated and executed by Moelis and the Debtor.

3. Second, even if the Engagement Letter were to be revised to limit the Completion Fee to Transactions that Morgan Joseph actually secured and arranged on its own, Evolution objects to the Completion Fee because the Committee's investment banker should not be attempting to consummate transactions on behalf of the Committee (which it has no authority to do) in competition with Moelis and the Debtor's plans to repay its debts and/or restructure itself. Moelis has already been engaged with Court approval to, among other things: (i) "assist the Company in reviewing and analyzing a potential Debt Transaction, Equity Transaction, Division Sale Transaction, CDC Software Sale Transaction or a Restructuring Transaction;" (ii) "assist the Company in developing a strategy to effectuate the Transaction;" (iii) "assist the Company, upon further request, in structuring and negotiating the Transaction and participate in such negotiations as requested;" and (iv) "advise the Company in its preparation of a potential plan of reorganization or Section 363 sale." See Dkt. #67 (Debtor's Motion to Retain Moelis, ¶ 8).

4. Morgan Joseph should be advising the Committee -- not acting as a deal maker. Indeed, in Paragraph 12 of its motion, the Committee states that "Morgan Joseph has provided and agrees to provide the following services:

    i. Review and evaluate the assets and liabilities of the Debtor;
    ii. Assess the Debtor's existing operations;
    iii. Analyze the financial and operating statements of the Debtor;
    iv. Analyze the business plans, budgets, and forecasts of the Debtor;
    v. Provide such specific valuation or other financial analyses as the Committee may require in connection with its discussions with the Debtor;
    vi. Develop, review, assess and propose options the Debtor may pursue, including, but not limited to, plans and efforts to sell assets, recapitalize or reorganize the Debtor or restructure its operations or financial obligations;
    vii. Providing testimony in court, on behalf of the Committee, if necessary or as reasonably requested by Counsel, subject to the terms of this Agreement; and
    viii. Providing such other support as may be reasonably requested by the Committee or Counsel."

2

The above-listed services are advisory in nature. The Completion Fee, however, appears to belie paragraph 12 of the Motion and the Committee's stated goals.

5. Third, should Morgan Joseph's retention be approved for anything more than advisory-related services, Evolution objects to Morgan Joseph receiving any Completion Fee, transaction fee or similar bonus unless provision is first made for all creditors to be paid in cash and in full. The Committee should not be permitted to spend what is, first and foremost, the creditors' money in potentially counterproductive ways without any proof of actual solvency. As acknowledged by the Committee in its Motion, the Debtor merely "appears to be solvent." Motion, ¶ 13.

6. Fourth, should Morgan Joseph's retention be approved for anything more than advisory-related services, Evolution objects to Morgan Joseph receiving any Completion Fee, transaction fee or similar bonus unless the Committee has advocated, played a role in and consents to approval of a Transaction on which the fee is to be paid. As the Engagement Letter is presently worded, if a Transaction closes, Morgan Joseph potentially would earn a transaction fee even if the Committee unsuccessfully objected to the Transaction such that Morgan Joseph did not add any value.

7. In summary, the Committee and Morgan Joseph should not compete with Moelis, and Morgan Joseph should not receive any Completion Fee or other bonus for a Transaction that the Committee opposes or that is inadequate to satisfy, in cash, all claims against the Debtor.

    Respectfully submitted, this 19th day of January, 2012.

        **PARKER, HUDSON, RAINER & DOBBS LLP**
        Local counsel for Evolution

        By: /s/ C. Edward Dobbs
            C. Edward Dobbs
            Georgia Bar No. 223450
            James S. Rankin, Jr.
            Georgia Bar No. 594620

1500 Marquis Two Tower
285 Peachtree Center Avenue NE
Atlanta, Georgia 30303
(404) 523-5300

        - and -

        **SATTERLEE STEPHENS BURKE & BURKE LLP**
        Lead counsel for Evolution

        By: /s/ Aaron M. Zeisler
            Aaron M. Zeisler (AZ-8818) (admitted *pro hac vice*)
            Timothy T. Brock (TB-4718) (admitted *pro hac vice*)
            Abigail Snow (AS-2960)

230 Park Avenue, 11th Floor
New York, New York 10169
(212) 818-9200

4

1328166_4

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day served a copy of the within and foregoing EVOLUTION'S OBJECTION TO THE APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MORGAN JOSEPH TRIARTISAN LLC upon all parties and counsel who have agreed to be served via the Court's CM/ECF system, and in addition, upon each of the following persons by first class U.S. mail, postage prepaid, addressed as follows:

James C. Cifelli, Esq.
Lamberth, Cifelli, Stokes & Stout, PA
East Tower, Suite 550
3343 Peachtree Road, NE
Atlanta, GA 30326

CDC Corporation
2002 Summit Blvd, Suite 700
Atlanta, GA 30319

James H. Morawetz, Esq.
Office of the U.S. Trustee
362 Richard Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303

Gus H. Small, Esq.
Cohen Pollock Merlin & Small
Suite 1600
3350 Riverwood Parkway
Atlanta, GA 30339-6401

John F. Isbell, Esq.
Thompson Hine LLP
Suite 1600 - Two Alliance Center
3560 Lenox Road
Atlanta, GA 30326

J. Robert Williamson, Esq.
Scroggins and Williamson
1500 Candler Building
127 Peachtree Street, N.E.
Atlanta, GA 30303

1328166_4

Robert D. Wildstein, Esq.
Bodker, Ramsey, Andrews, Winograd
and Wildstein, PC
Suite 1400
3490 Piedmont Road, NE
Atlanta, GA 30305

Jeffrey W. Kelley, Esq.
Troutman Sanders, LLP
Suite 5200
600 Peachtree Street, N E
Atlanta, GA 30308-2216

This 19th day of January, 2012.

<u>/s/ James S. Rankin, Jr.</u>
James S. Rankin, Jr.
Georgia Bar No. 594620