UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| CDC CORPORATION, | : | CASE NO. 11-79079 |
| | : | |
| Debtor. | : | JUDGE BONAPFEL |

-----------------------------------------------------------------------------------------------------------------

## MOTION FOR ENTRY OF ORDER APPROVING
## STIPULATION REGARDING DISCOVERY

COMES NOW CDC Corporation, debtor and debtor in possession in the above-captioned bankruptcy case ("Debtor"), and hereby files its "Motion for Entry of Order Approving Stipulation Regarding Discovery" ("Motion"). In support of the Motion, the Debtor shows the Court as follows:

### JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this District for this case and the Motion properly lies under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### BACKGROUND

2. Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on October 4, 2011 (the "Petition Date"). Debtor continues to manage its assets and operate its business as debtor in possession, there having been no trustee appointed in this case. An Official Committee of Equity Security Holders ("Committee") was appointed by the United States Trustee on December 23, 2011.

3. On or about March 1, 2012, both the Debtor and Committee, on one hand, and China.com, Inc. on the other, filed reorganization plans and corresponding disclosure statements

376674

pursuant to 11 U.S.C. § 1121 et seq. This Court has scheduled a hearing to consider the adequacy of both disclosure statements on April 26, 2012.

4. In connection with adequate disclosure and plan confirmation issues, China.com, the Debtor, and the Committee are engaged in formal and informal discovery, including the disclosure and exchange of information in both documentary and testimonial form. Included in the production of discoverable material to be exchanged and disclosed by the parties may be Confidential Information, as defined in the "Stipulation Regarding Discovery" executed by the parties, attached hereto and marked Exhibit "A", and made a part hereof by reference. The Stipulation Regarding Discovery has been entered into by the parties for the purpose of facilitating the exchange of information necessary for the prosecution and defense of the parties' respective reorganization plans and disclosure statements.

## RELIEF REQUESTED

5. China.com, the Debtor, and the Committee wish to cooperate in furnishing each other Confidential Information responsive to formal and informal requests, provided that the confidentiality of such disclosures is maintained and protected. Subject to the terms and conditions of a proposed agreed confidentiality order, China.com, the Debtor, and the Committee are willing to exchange Confidential Information and are prepared to accept all Confidential Information disclosed subject to, and based upon, the terms and conditions contained in the Stipulation Regarding Discovery and proposed protective order issued in connection therewith.

6. Based upon the foregoing, the Debtor respectfully requests that the Court enter an Order Approving Stipulation Regarding Discovery and Proposed Protective Order Thereon, a copy of which is attached hereto, marked Exhibit "B", and made a part hereof by reference.

**WHEREFORE,** Debtor prays that this Court enter the Order as proposed herein.

This 29th day of March, 2012.

                                                  LAMBERTH, CIFELLI, STOKES,
                                                    ELLIS & NASON, P.A.
                                                  Attorneys for Debtor

                                                  By: */s/ James C. Cifelli*
                                                           James C. Cifelli
                                                           Georgia Bar No. 125750
                                                           jcifelli@lcsenlaw.com

3343 Peachtree Road NE, Suite 550
Atlanta, GA 30326
(404) 262-7373
(404) 262-9911 (facsimile)

376674

**EXHIBIT "A"**

376674

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| CDC CORPORATION, | : | CASE NO. 11-79079 |
| | : | |
| Debtor. | : | JUDGE BONAPFEL |

------------------------------------------------------------------------------------------------

**STIPULATION REGARDING DISCOVERY**

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 9014, and 9016 and 9018 and Federal Rules of Civil Procedure (FRCP) 26(c) and 45(c)(3)(B), CDC Corporation ("Debtor"), China.com, Inc., and the Official Committee of Equity Security Holders hereby stipulate and agree that the process and procedures set forth in this Stipulation Regarding Discovery (the "Stipulation") shall govern the production, review, handling, and use of the materials produced and exchanged between them in connection with the above styled Chapter 11 Case ("Case"), which includes, but is not necessarily limited to: the Parties' current informal exchanges of information and diligence efforts; any formal discovery related to their respective reorganization plans and disclosure statements; and, any other discovery between any of the Parties which may occur in the Case (collectively, the "Discovery").  Upon agreement and execution of this Stipulation, the Parties will request that the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Bankruptcy Court"), review and approve this Stipulation by entering the Proposed Protective Order in the form attached hereto as Attachment "1," or in such other form as the Bankruptcy Court may deem appropriate.

**STIPULATION**

1.      This Stipulation is a contract by, between and among the Parties who, as evidenced by the signatures of their authorized representatives set forth below, agree to be bound

by the terms hereof, and the Parties' designees, representatives, and professionals shall exchange information, produce materials and other records and testify in accordance with and reliance upon this Stipulation in connection with the Discovery. This Stipulation shall be binding upon, and inure to the benefit of the Parties.

2.  This Stipulation shall be governed by and construed in accordance with the domestic laws of the State of Georgia, without giving effect to any choice of law or conflict of law provision (whether of the State of Georgia or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Georgia.

3.  As used herein:

(a)  "Confidential Information" means and includes trade secrets, material non-public or price-sensitive information, and any other confidential or proprietary, technical, business, competitive, financial, personal or other highly sensitive information of a Party (or of another person or entity which information a Party is under a duty to maintain in confidence), or any of their related persons or entities, including financial and personal identifying information, as well as all memoranda, correspondence, or other documents, and any other data compilations containing or derived from, in whole or in part, Confidential Information or from which Confidential Information can be obtained or ascertained, together with all copies of any such items. Confidential Information may also include testimony given in Discovery, designated as provided herein;

(b)  "Document" shall have the broadest meaning given to that term and shall include, without limitation, originals and all non-identical copies of all written, printed, typed, stamped, impressed, photographic, phonographic, and electronically stored information or material of any kind whatsoever, and includes: all "writings," "recordings," "photographs," "originals," and "duplicates" as defined by Federal Rule of Evidence 1001;

(c)  "Party" or "Parties" mean and include each of the Parties to this Stipulation, their attorneys at law, their agents, officers, employees, other persons acting on their behalf including, without limitation, their respective financial advisors, and their successors and assigns;

(d)  "Non-Parties" mean and include all persons or entities not Parties to this Stipulation, their attorneys at law, their agents, officers, employees, other persons acting on their behalf, and their successors and assigns.

4.  Subject to the exceptions specified in Paragraph 5, below, any and all Documents exchanged or produced by any Party shall be treated as "Confidential Information" in accordance with the terms and provisions of this Stipulation.  However, this agreement to such treatment is not and will not be deemed to be an admission by any of the Parties that any Document is, in fact, confidential and shall not prevent a Party from seeking relief to declassify the same from being "Confidential Information" as provided for herein.

5.  Confidential Information does not include information or material that:

   (a)  at the time of the production or disclosure, is in the public domain, as evidenced by a written document;

   (b)  through no action or non-action of the receiving party, subsequently becomes part of the public domain;

   (c)  can be shown by the receiving party, at the time of the production or disclosure, to already be in the lawful possession of the receiving party without any obligation to treat such information as Confidential Information; or is disclosed to the receiving party by a person without breach of any obligation to treat such information as Confidential Information.

   (d)  was previously produced or published to any third-party outside of any NDA, confidentiality agreement, or protective order, or was disclosed at any trial or in open court outside of any protective order.

6.  Confidential Information shall be used only in connection with this bankruptcy Chapter 11 case or related proceeding or litigation before this Court and shall not be disclosed or used for any other purpose, including, without limitation, any business or commercial purpose.  Confidential Information shall be treated as strictly confidential by the receiving Parties (as identified in this Stipulation), and will not be disclosed to any person or entity for any purpose, except as provided herein.

7.  Interrogatory responses and deposition transcripts, or portions thereof, may be classified as Confidential Information by any Party.  A Party claiming that an interrogatory response or deposition transcript, or any portion thereof, is Confidential Information shall give

3

notice of such claim to the other affected Parties as follows: at the time of service of the interrogatory response; and, either prior to or during the deposition, or within twenty-one (21) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential Information. If only a portion of a deposition is designated as Confidential Information: (a) the Confidential portion(s) shall be transcribed and bound separately from a complete version of such deposition and shall be labeled "Confidential" and treated as such pursuant to this Stipulation, (b) the portions that do not contain Confidential Information shall be transcribed and bound separately from a complete version of the transcript, and (c) the complete version shall be labeled "Confidential" and treated as Confidential Information pursuant to this Stipulation.

8. Except by express written consent of the Party producing Confidential Information, or upon further order of the Bankruptcy Court, disclosure of Documents, testimony, and things designated as Confidential Information may be made only to the following categories of persons:

   (a) Counsel, management, and the investment bankers of or to the Parties;

   (b) Court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Confidential Information is disclosed;

   (c) The Bankruptcy Court, its personnel, any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, and professional court reporters engaged to transcribe testimony;

   (d) To such other persons as hereafter may be agreed upon in writing or on the record among counsel for all Parties.

   (e) Any other person designated by the Bankruptcy Court, upon such terms as the Bankruptcy Court may deem proper.

9. It is anticipated that the Parties may seek to use Confidential Information at the hearings in this bankruptcy case and/or related legal proceedings. Such attempted use is

authorized hereby (without waiver of any Party to object to such attempted use on any reasonable grounds), provided, however, that the Parties agree to seek appropriate protections from disclosure to unauthorized Non-Parties from the Bankruptcy Court at the time of those hearings, in accordance with the terms of this Stipulation.

10. The recipient of any Confidential Information that is produced pursuant to this Stipulation shall maintain such Confidential Information in a secure and safe area, and the recipient shall exercise all reasonable standards of due and proper care with respect to the storage, custody and use of such Confidential Information so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Stipulation.

11. Nothing in this Stipulation and Proposed Protective Order shall limit the Parties' use or disclosure of their own respective Confidential Information.

12. Nothing shall prevent disclosure beyond the terms of this Stipulation if the producing Party consents to such disclosure in writing, or if the Bankruptcy Court orders such disclosure.

13. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulation, the receiving Party must immediately (a) notify in writing the producing Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Confidential Information and to prevent disclosure by each person who received such unauthorized disclosure, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation.

14. No Party or other person having access to Confidential Information will copy, reproduce, trace, or in any way duplicate, utilize, incorporate into other materials, disclose the

contents of, publish, or communicate, any such Information, except in accordance with the terms and conditions of this Stipulation.

15. Because of the unique nature of the Confidential Information, monetary damages may not be adequate to compensate for any breach of the provisions of this Stipulation and Proposed Protective Order pertaining to the use and protection of Confidential Information. Accordingly, those individuals entitled to access to Confidential Information under Paragraph 8 herein, and any individual receiving notice of this Stipulation are hereby enjoined from any disclosure or unauthorized use of Confidential Information as prescribed herein.

16. Nothing contained in this Stipulation shall affect the rights, if any, of any Party to make any objection, claim, or other responses to any discovery request, or to seek additional protection or disclosure with respect to particular Documents or other information. Nothing contained in this Stipulation and no action pursuant to it shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of Confidential Information produced or sought. Nothing contained in this Stipulation shall affect the rights of a Party to seek appropriate relief from the Court to challenge the confidential nature and treatment of any Confidential Information. Should a Party raise objections in writing to the classification of particular documents as Confidential, the designating Party shall either, within 10 days, consider those objections and respond in writing either agreeing to remove the Confidential classification or setting forth the basis of maintaining the Confidential designation.

17. Nothing in this Stipulation shall require disclosure of any material protected from disclosure by the attorney-client privilege, work-product doctrine immunity or any other legally recognized privilege. The inadvertent production of any Document or information during discovery in this case shall be without prejudice to any claim that such material is privileged

6

under the attorney-client privilege, work-product doctrine or any other legally recognized privilege, and the producing Party shall not be held to have waived any rights by such inadvertent production. Upon request by a producing Party, the other Parties shall (a) return the original and all copies of such Documents and information, and (b) shall not use such information for any purpose unless allowed by order of the Bankruptcy Court.

18. Nothing contained in this Stipulation shall prohibit a Party from responding to valid and enforceable subpoenas or from being legally compelled to provide information by a court of law, any arbitration panel, any government agency or any self-regulatory organization, subject to the provisions of this paragraph.  In the event that a Party is served with a subpoena, notice to produce, request for documents or similar process which commands the Party to divulge or produce any Documents or information received containing or embodying Confidential Information, the subpoenaed Party's legal representatives (i) shall immediately notify counsel for the producing Party in writing, and in no case later than fourteen (14) days prior to the response date stated in said process unless said process requires a response earlier than fourteen (14) days (in which event the notice shall be given as soon as is practicable  upon receipt of the process); and (ii) shall not respond to the process until the last day on which a response is due so that the producing Party may move for protective relief, move to quash said process, or otherwise protect its interests.

19. Subject to the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any other applicable law, the use of Confidential Information in this bankruptcy case shall not cause the information to lose its confidential status. To avoid the need for repeated applications to the Bankruptcy Court for leave to file Confidential Information under seal, the Parties agree that they shall jointly make an application to the

7

Bankruptcy Court on April 10, 2012 or as soon after as is practicable for prospective leave under 11 U.S.C. § 107(b), or other relevant rule, to file such material under seal in this case pursuant to the terms of this Stipulation. Following entry of such an Order by the Bankruptcy Court permitting Confidential Information to be filed under seal, such material, and any pleadings, motions, or other papers filed with the Bankruptcy Court disclosing any such material, shall be filed in a sealed envelope (or other sealed container) which shall be endorsed with the title of the action, the words "CONFIDENTIAL INFORMATION" and a statement in substantially the following terms:

> This envelope contains [indication of the nature of the contents] which were filed in this action, [Caption], pending in the [Court], by [Party], pursuant to Stipulation and Proposed Protective Order, and is not to be opened or the contents thereof to be displayed or revealed, except by further Order of the United States Bankruptcy Court for the Northern District of Georgia.

The foregoing shall not prevent any appropriately marked second copy of any designated material specifically intended for review by the Bankruptcy Court from being hand delivered to the Bankruptcy Court to assure that the same is brought promptly to the Bankruptcy Court's attention.

20. To the extent not specifically addressed in this Stipulation, the Parties shall, in conjunction with the Bankruptcy Court, establish procedures for the filing of Confidential Information with the Bankruptcy Court and the protection of such Information at any hearings which may take place during the course of the pending bankruptcy matter.

21. This Stipulation shall remain with full force and effect until the termination or close of this bankruptcy case or termination of any other related litigation or proceeding involving one or more of the Parties. Neither the termination of this Stipulation nor the termination of the employment, engagement, or agency of any person who had access to any Confidential Information shall relieve any person from the obligation of maintaining both the

8

confidentiality and the restrictions on use of any Confidential Information disclosed pursuant to this Stipulation.

22. It is the intent of the Parties who are signatories to this Stipulation that the Bankruptcy Court shall have and exercise jurisdiction to decide: (a) any and all disputes and claims arising under, out of or from this Stipulation, including, but not limited to, the designation of any information or documentation as Confidential Information and the interpretation of this Stipulation; (b) any action for further injunctive relief pursuant to this Stipulation; and (c) any and all disputes related to discovery requests issued in the case.

23. Within sixty (60) days of the of the termination of this Stipulation as forth in the preceding paragraph, or such earlier date if so ordered by the Court, each receiving Party shall return to counsel for the Party who furnished the same (or shall supervise and certify the destruction of), all items constituting, containing, or reflecting the other Party's Confidential Information.

24. Notwithstanding the pendency before the Bankruptcy Court of this Stipulation with respect to which the Parties who are signatories to this Stipulation have agreed to seek the approval of the Bankruptcy Court, the Parties who are signatories to this Stipulation further stipulate and agree that this Stipulation shall become effective among the parties who have executed the Stipulation immediately upon its execution. If approval by the Bankruptcy Court is ultimately denied, no party shall treat any Confidential Documents or Information (as defined in the Stipulation) produced prior to that time other than as provided for herein.

SO STIPULATED AND AGREED, as of this 28th day of March, 2012.

[SIGNATURES CONTINUED ON NEXT PAGE]

**So Stipulated By:**

LAMBERTH, CIFELLI, STOKES
   ELLIS & NASON, P.A.


By: /s/  James C. Cifelli
      James C. Cifelli
      Georgia Bar No. 125750
      JCifelli@lcsenlaw.com
3343 Peachtree Road, N.E.
East Tower, Suite 550
Atlanta, Georgia 30325-1022
(404) 262-7373
*Counsel for Debtor*


TROUTMAN SANDERS LLP


By:   /J. David Dantzler, Jr.
      J. David Dantzler, Jr.
      Georgia Bar No. 205125
      david.dantzler@troutmansanders.com
600 Peachtree Street, N.E.
Suite 5200
Atlanta, Georgia 30308-2216
(404) 885-3000
*Counsel to The Official Committee*
*of Equity Security Holders*
*of CDC Corporation*


DORSEY & WHITNEY LLP


By:   /s/ Eric Lopez Schnabel
      Eric Lopez Schnabel
      schnabel.eric@dorsey.com
      51 West 52nd Street
New York, New York 10019-6119
*Counsel for China.com, Inc.*

**EXHIBIT "B"**

376674

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| CDC CORPORATION, | : | CASE NO. 11-79079 |
| | : | |
| Debtor. | : | JUDGE BONAPFEL |

-------------------------------------------------------------------------------------------------------------------

**ORDER APPROVING STIPULATION REGARDING DISCOVERY AND PROPOSED PROTECTIVE ORDER THEREON**

The Stipulation Regarding Discovery filed in this matter on March 29, 2012 (the "Stipulation"), by, between, and among the Parties as defined in the Stipulation, having been read and considered, and it appearing that good cause exists to approve the Stipulation and make it an Order of this Court, it is

ORDERED. ADJUDGED AND DECREED that pursuant to Federal Rules of Bankruptcy Procedure 7026, 9014, 9016 and 9018, and Federal Rules of Civil Procedure 26(c) and 45(c)(3)(B), the Stipulation be, and hereby is, approved and made the ORDER of this Court; and it is

376673

FURTHER ORDERED, that the Parties who have signed the Stipulation be, and hereby are, directed to comply with and adhere to the terms and provisions of the Stipulation Regarding Discovery and the processes and procedures set forth therein; and it is

FURTHER ORDERED, that consistent with Paragraph 15 of the Stipulation, the Parties thereto and any individual receiving notice of the Stipulation are hereby enjoined from any disclosure or use of Confidential Information not permitted thereunder.

**END DOCUMENT**

Prepared and presented by:

LAMBERTH, CIFELLI, STOKES,
   ELLIS & NASON, P.A.
Attorneys for CDC Corporation


By: /s/ James C. Cifelli
       James C. Cifelli
       Georgia Bar No. 125750
       JCifelli@lcsenlaw.com
3343 Peachtree Road, N.E.
East Tower, Suite 550
Atlanta, Georgia 30325-1022
(404) 262-7373
(404) 262-9911 (facsimile)

376673

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing document via first class United States mail in a properly addressed envelope with adequate postage affixed thereto to ensure delivery upon the parties set forth below:

James H. Morawetz
David S. Weidenbaum
Office of the U.S. Trustee
362 Richard B. Russell Building
75 Spring Street, SW
Atlanta, GA 30303

Timothy T. Brock
Aaron M. Zeisler
Abigail Snow
Satterlee Stephens Burke & Burke
230 Park Avenue, 11th Floor
New York, NY 10169

C. Edward Dobbs
James S. Rankin, Jr.
Parker, Hudson, Rainer & Dobbs, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, GA  30303

Jeffrey W. Kelley
J. David Dantzler, Jr.
Stephen S. Roach
Troutman Sanders, LLP
600 Peachtree Street, Suite 5200
Atlanta, GA 30308

Henry F. Sewell, Jr.
David E. Gordon
McKenna Long & Aldridge LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308

376674

Eric Lopez Schnabel
Robert W. Mallard
Jessica Mikhailevich
DORSEY & WHITNEY LLP
51 W. 52nd Street
New York, New York 10019

    This 29th day of March, 2012.

                              /s/ *James C. Cifelli*
                              James C. Cifelli

376674