ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

875 THIRD AVENUE

NEW YORK, NEW YORK 10022-0123

JEFFREY A. ASHER ***
MARSHALL E. BERNSTEIN
DAVID M. BLUMENTHAL *
STEPHEN BOONSHOFT
AVRON I. BROG
STANLEY E. BULUA ***
NICHOLAS R. CAPUTO *
DAVID E. DANOVITCH ᴬᴬ
JOHN D. D'ERCOLE
STEVEN EICHEL ᴬᴬᴬ
FELICIA S. ENNIS *
SHARI J. FAGEN *
HENRY E. FORCIER ᵒᵒᵒ
MARSHALL J. GLUCK
NEIL S. GOLDSTEIN
RONALD B. GOODMAN
STEVE R. GRABER ᵒ
ADAM J. GREENE

A. MITCHELL GREENE
MICHAEL E. GREENE
LAWRENCE S. HIRSH
ROY A. JACOBS **
THOMAS E. KASS †
SCOTT A. LAVIN ᵒᵒ
MICHAEL A. LEON ††
BABCOCK MACLEAN
ROBERT M. MILNER
LEONARD B. NATHANSON
ALAN M. POLLACK
ROGER A. RAIMOND ***
JOHN H. RILEY
FRED B. RINGEL *
LORI SCHWARTZ
PHILIP T. SIMPSON
PHILIP H. THOMAS
RICHARD M. TICKTIN

(212) 603-6300

FAX (212) 956-2164

COUNSEL
DAVID C. BURGER
LEE PERSHAN
ROBERT M. SASLOFF
JENNIFER S. SMITH ᐃ

A. STANLEY ROBINSON
(1931-2011)

NEAL I. GANTCHER
(1940-2008)

ANTHONY S. GENOVESE
(1935-2005)

\*   NY AND NJ BARS
\*\*  NY AND D.C. BARS
\*\*\* NY AND CT BARS
ᵒ   NY AND TENNESSEE BARS
ᵒᵒ  NY, NJ AND PA BARS
ᵒᵒᵒ NY, CT, NH AND MA BARS
ᐃ   NY, NJ AND TX BARS
ᴬᴬ  NY, D.C. AND MA BARS
ᴬᴬᴬ NY AND MA BARS
†   NY, D.C. AND CT BARS
††  NY, DE, NJ AND PA BARS

November 24, 2014

Alan M. Pollack
212-603-6316
amp@robinsonbrog.com

**VIA ECF**
Judge Paul W. Bonapfel
United States Bankruptcy Court
Northern District of Georgia
Room 1492 - U.S. Courthouse
75 Spring Street SW
Atlanta, Georgia 30303

    Re: Marcus A. Watson, as Liquidation Trustee Under The Confirmed Chapter 11 Plan
       of CDC Corporation v. Rajan Vaz, Respondent/Claimant
       <u>Case No. 11-79079, U.S. Bankruptcy Court, Northern District of Georgia</u>

Dear Judge Bonapfel:

  The response filed by the Trustee's counsel late Friday night (11:59PM) ("Response") necessitates this short reply because the statements made therein clearly demonstrate why summary judgment cannot be granted against Mr. Vaz.

  In footnote 2 of the response, the Trustee states: "Without being able to find other evidence or witnesses with knowledge of the 2003 transactions, the Liquidation Trustee cannot speculate as to whether or not the 50,000 options were issued under the Employee Stock Option Plan." The Trustee cannot straddle this issue; it is a fundamental fact issue for his motion. The Trustee's admission that he does not know the answer to this fundamental question is fatal to his summary judgment motion.

  The outcome of the unpublished, non-precedential case cited by the Trustee (Cutbirth v. Clipper Binder), was predicated on whether or not the options were issued under a stock option plan. If the options were issued under the stock option plan, an award agreement was required, and the terms of the plan and award agreement governed the dispute. Here, as Vaz has demonstrated, by the terms of the 1999 Stock Option Plan, and the course of conduct of CDC relating to other stock options, a grant of options by CDC required an award agreement. The Trustee has not produced an award agreement, and Vaz has repeatedly stated that he never received one, and complained to CDC, orally and in writing, that he never received one.

{00703551.DOCX;1 }

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

Judge Paul W. Bonapfel
November 24, 2014

  The Trustee's admission that he does not know whether Vaz's purported options were issued under the 1999 stock option plan, renders the Computershare's records unreliable for his summary judgment motion. According to the Trustee (Response, p. 2, n. 2), the Computershare records only "**appear** to include a column that indicate" the purported options were issued under the 1999 stock option plan (emphasis added.). Since that was not sufficient to convince the Trustee on this fundamental issue, the Computershare records are inherently unreliable for all purposes of his summary judgment motion (which is what Vaz has contended all along).

  The Trustee's admission that he does not know whether Vaz's purported options were issued under the 1999 Stock Option Plan, also renders his entire story about the cancellation of the 2003 options, and the issuance of the 2006 options unreliable for his summary judgment motion. Facially, the Trustee's story is inconsistent and contradictory. The Trustee refers to a January 4, 2006 e mail from Basis Marais purportedly to Vaz stating that stock options "have been cancelled". This may have been due to the enactment of the 2005 Stock Option Plan which replaced the 1999 Stock Option Plan. According to the Trustee, five weeks after that e mail, Steven Chan purportedly made a "proposal" to Vaz that included CDC's covenant that it "will cancel your existing options". (Response, p 3.) In other words, Mr. Chan is purportedly telling Vaz something different than what the Trustee claims Marais has previously written, i.e. Vaz's purported options have not been cancelled, but they will be cancelled subject to making a deal with CDC (that was never made). Of course, there is no Declaration of Marais, and Marais has never been deposed.

  It is remarkable that the Trustee states that he has been unable to find "witnesses with knowledge of the 2003 transaction." Vaz has no way of knowing how hard the Trustee has tried to find such witnesses. However, the fact that no depositions have been taken in this case may have something to do with his inability to know answers to fundamental issues. In any event, it simply is not credible that the Trustee cannot reach out to the committee that administered the 1999 Stock Option Plan, and approved the grant of options, for answers to fundamental factual questions. According to CDC's 2004 20-F statement filed with the SEC, the members of that committee in 2003 were Messrs. Ch'ien, Kwong and Fung. Significantly, none of them signed the Settlement Agreement, which was the purported instrument that, according to the Trustee, allegedly granted options to Vaz. The Trustee could also try to speak with Steven Chan, who supposedly was looking at the Vaz stock option situation for Mr. Yip in 2006. Of course, according to the 2008 20-F Statement filed by CDC with the SEC, Mr. Chan sued CDC for breach of an oral contract, and tortious interference with Mr. Chan's ability to exercise his stock options with CDC. Vaz suspects that Mr. Chan, who ultimately had similar complaints with CDC as he had, may not be helpful to the Trustee's case.

  Two final points are worth emphasizing. **First**: It is not clear why the Trustee refers to the Wong memo when Wong acknowledges that (a) Vaz did not get the new employment contract that was promised to him, (b) Vaz did not get the $180,000 bonus promised to him, and (c) since Vaz earned the $180,000 bonus, by definition, he vested in a greater amount of options than what CDC was purportedly acknowledging to Vaz. Importantly, after getting Wong's memo, Mr. Yip **never** told Vaz that Vaz got the stock options he was complaining about. Instead, he told Steven Chan to get this "cleaned up" and make the situation right with Vaz. Of

2

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

Judge Paul W. Bonapfel
November 24, 2014

course, the rotating CDC executive management continued, with Chan leaving CDC in 2006, and Vaz receiving a new set of false promises from Mr. Yip. **Second**: assuming the options were not issued under the 1999 stock option plan, it is clear that the settlement agreement itself could not be the grant of the options, because CDCL's promise to get CDC to do something relating to stock options in the future is not a contemporaneous grant of stock options.

The Trustee's motion is misguided and ill conceived, and is based on a factual record that has not been fully developed through depositions. The present factual record is replete with genuine issues of material fact. Under the applicable jurisprudence concerning Rule 56, the Trustee's motion must be denied in all respects.

Respectfully submitted,

ROBINSON BROG LEINWAND
GREENE GENOVESE & GLUCK

By: _____
Alan M. Pollack
Felicia S. Ennis
875 Third Avenue
New York, NY 10022
amp@robinsonbrog.com
fse@robinsonbrog.com
(212) 603 6300

KING & SPALDING LLP
Arthur J. Steinberg
1185 Avenue of the Americas
New York, NY 10036
asteinberg@kslaw.com
(212) 556-2158

KING & SPALDING LLP
W. Austin Jowers
1180 Peachtree St., NW
Atlanta, GA 30309
ajowers@KSLAW.com

Co-Counsel for Rajan Vaz

3