UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| CDC CORPORATION, | : | CASE NO. 11-79079 -PWB |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |
| | : | |

**MOTION FOR ENTRY OF AN ORDER PURSUANT TO RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING AND APPROVING SETTLEMENT AGREEMENT BY AND AMONG MARCUS A. WATSON, AS LIQUIDATION TRUSTEE FOR THE CDC LIQUIDATION TRUST, AND RAJAN VAZ AND CERTAIN VAZ AFFILIATED ENTITIES, (II) AUTHORIZING RELEASE OF ESCROWED FUNDS TO THE CDC LIQUIDATION TRUST ARISING FROM ASSET SALES OBJECTED TO BY RAJAN VAZ OR INVOLVING CERTAIN VAZ AFFILIATED ENTITIES, AND (III) CONDITIONALLY (A) AUTHORIZING RELEASE OF THE REMAINING TRANSHORIZON FUNDS TO RAJAN VAZ AND (B) RELEASING AND DISCHARGING THE TRANSHORIZON CLAIMS AGENT FROM FURTHER DUTIES AND OBLIGATIONS UNDER THE TRANSHORIZON ORDER**

COMES NOW Marcus A. Watson, as Liquidation Trustee for the CDC Liquidation Trust ("Trustee"), and files this "Motion for Entry of an Order Pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (i) Authorizing and Approving Settlement Agreement Among Marcus A. Watson, as Liquidation Trustee for the CDC Liquidation Trust, and Rajan Vaz and Certain Vaz Affiliated Entities, (ii) Authorizing Release of Escrowed Funds to the CDC Liquidation Trust Arising from Asset Sales Objected to by Rajan Vaz or Involving Certain Vaz Affiliated Entities and (iii) Conditionally (a) Authorizing Release of the Remaining Transhorizon Funds to Rajan Vaz and (b) Releasing and Discharging the Transhorizon Claims Agent from Further Duties and Obligations under the Transhorizon Order" (the "Motion"). In support of the Motion, the Trustee shows the Court as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for the relief requested are Sections 105, 363 and 1142 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004, 9014 and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), or other applicable statutes or rules.

## INTRODUCTION AND BACKGROUND

2.    On October 4, 2011, CDC Corporation, debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor" or "CDC"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code, commencing this Chapter 11 case (the "Chapter 11 Case").

3.    On May 4, 2012, Debtor filed a Notice with Respect to Sale of Non-Debtor Assets Consisting of Debtor's Indirect Interest in OST International Corporation ("OSTI") (Docket No. 375).  In connection with the ultimate sale of such assets to Lightstone-OSTI, LLC, and pursuant to the related Contingency Fund Escrow Agreement dated July 25, 2012 (the "OSTI Escrow Agreement"), the sum of $100,000 was placed in escrow to be held by Debtor's counsel to satisfy any indemnification obligations owed from the seller under the sale (the "OSTI Escrow").

4.    On May 4, 2012, Debtor also filed a Notice with Respect to Sale of Non-Debtor Assets Consisting of Debtor's Indirect Interest in DB Professionals, Inc. ("DBPI") (Docket No. 377).  In connection with the ultimate sale of such assets to Lightstone-DBPI, LLC, and pursuant to the related Contingency Fund Escrow Agreement dated July 25, 2012 (the "DBPI Escrow Agreement"), the sum of $150,000 was placed in escrow to be held by Debtor's counsel to satisfy any indemnification obligations owed from the seller under the sale (the "DBPI Escrow").

2

5. On July 17, 2012, Debtor filed a Notice with Respect to Sale of Non-Debtor Assets Owned by Software Galeria, Inc. ("SGI") and CDC Services, Inc. (Docket No. 492). In connection with the sale of such assets to Lightstone-SGI, LLC, and pursuant to the related Contingency Fund Escrow Agreement dated July 25, 2012 (the "SGI Escrow Agreement"), the sum of $50,000 was placed in escrow to be held by Debtor's counsel to satisfy any indemnification obligations owed from the seller under the sale (the "SGI Escrow").

6. On August 7, 2012, Debtor filed a Notice with Respect to Sale of Non-Debtor Assets Owned by OST International, Inc. (Docket No. 513) for the sale of the Catalyst SAP and ET business divisions of OST International Inc. to Peak Technologies, Inc. ("Peak Technologies"). In connection with the sale of such assets to Peak Technologies and the related Contingency Fund Escrow Agreement, as amended by that certain side letter dated August 15, 2012 (the "Catalyst Escrow Agreement"), the sum of $450,000 was placed in escrow to be held by Debtor's counsel to satisfy any indemnification obligations owed from the seller under the sale (the "Catalyst Escrow").

7. By Order entered September 6, 2012 (the "Confirmation Order"; Docket No. 551), the Court confirmed the Second Amended Joint Plan of Reorganization for CDC Corporation dated August 29, 2012 (as modified by the Confirmation Order, the "Plan"), which was proposed by the Debtor and the Official Committee of Equity Security Holders of CDC Corporation.

8. Paragraph TT of the Confirmation Order provides: "Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction as provided in the Plan over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law[.]"

9. On December 19, 2012, the Plan became effective (the "Effective Date"). Under the Plan, the CDC Liquidation Trust ("Plan Trust") was established on the Effective Date, and the Movant, Marcus A. Watson, became the Trustee.

10. Under the Plan, substantially all of the Debtor's assets and all property of the estate, including estate causes of action, were transferred to the Plan Trust. *See* Plan § 7.10. Additionally, the Trustee was granted authority to commence, prosecute and litigate causes of action. *See* Plan § 7.11.

11. With respect to settlements, the Plan provides that: "The Liquidation Trustee may settle or compromise any of the Causes of Action where the claim asserted exceeds $500,000, or claims asserted for less than $500,000 where consent of the Liquidation Trust Oversight Board has not been obtained, only with approval of the Bankruptcy Court." *See* Plan § 7.12.

12. Rajan Vaz ("Vaz") filed a Proof of Claim (No. 27) and a Proof of Interest (No. 128) in the Chapter 11 Case (collectively, "Vaz Claims").

13. Pursuant to a Stipulation and Agreement dated July 17, 2012, the Debtor, as predecessor in interest to the Trustee, agreed to reserve $10,000,000.00 from distributions to CDC's shareholders until the Vaz Claims were adjudicated or otherwise resolved (the "Vaz Claims Reserve").

14. Thereafter, the Trustee objected to the Vaz Claims, which has resulted in extensive litigation between Vaz and the Trustee.

15. In addition to the Vaz Claims, Vaz filed multiple objections to the sale of the Catalyst SAP and ET business divisions of OST International Inc. (the "Vaz Objections": Docket No. 514 and 569). As a result, Peak Technologies made an indemnity demand against the Catalyst Escrow for any costs arising out of the Vaz Objections.[1]

---

[1] Although the Vaz Objections were withdrawn by Vaz and the sale to Peak Technologies was approved by Order of the Court (Docket No. 611), the Catalyst Escrow continues to be held subject to resolution of this matter.

4

16.     Furthermore, Lightstone-SGI, LLC, Lightstone-OSTI, LLC, and Lightstone-DBPI, LLC (collectively, "Lightstone"), which are entities owned and controlled by Vaz, have asserted claims against the SGI Escrow, the OSTI Escrow and the DBPI Escrow (collectively, the "Lightstone Escrows") for indemnity, which have been denied by the Trustee.

17.     In connection with certain of these claims, on October 23, 2014, the Trustee filed a declaratory judgment action against Vaz and Lightstone styled *Marcus A. Watson, Trustee v. Rajan Vaz, et al.,* Adv. Pro. No. 14-05338, in the Bankruptcy Court ("Declaratory Judgment Action").  Lightstone filed a counterclaim against the Plan Trust in the Declaratory Judgment Action for indemnity in connection with the purchase of assets in the Chapter 11 Case (the "Lightstone Counterclaim").  The Declaratory Judgment Action and the Lightstone Counterclaim remain pending.

18.     Pursuant to an order entered in the Chapter 11 Case on September 28, 2014 [Docket No. 578] (the "Transhorizon Order"), the Bankruptcy Court established procedures for addressing the claims of former employees, creditors and governmental authorities filed (or to be filed) against Transhorizon (f/k/a CDC Global Services (India) Ltd., also known as Trans Horizon Consulting Pvt Ltd) ("Transhorizon").  SGI owns, indirectly, 100% of the interests in Transhorizon.

19.     In the Transhorizon Order, the Bankruptcy Court appointed Hays Financial Consulting, LLC as the Transhorizon Claims Agent (as defined in the Transhorizon Order) and authorized the transfer of certain funds to the Transhorizon Claims Agent for the purpose of paying claims asserted against Transhorizon (the "Transhorizon Funds").  The Transhorizon Claims Agent has resolved claims of employees, but possible claims of other of Transhorizon's creditors remain unresolved.

20.     The Trustee, Vaz, Lightstone, SGI and Transhorizon (the "Parties") have concluded that it is in their respective best interests to resolve all disputed issues and related

5

matters, which has resulted in their reaching a settlement and compromise of all disputes among them.

21.     Because the Vaz Claims exceed $500,000, the Trustee is filing this Motion seeking approval of the settlement in accordance with the Plan.

## THE SETTLEMENT

22.     The Parties have entered into a settlement, subject to approval of the Bankruptcy Court. The terms of the settlement are set forth in the Settlement Agreement attached to this Motion as Exhibit "A" (the "Settlement Agreement"). Plan Trust beneficiaries and parties in interest should refer to the Settlement Agreement for the full and complete terms of the proposed settlement.[2]

23.     In general, the settlement provides as follows:

    a.     From the Plan Trust, the Trustee will pay Vaz $1,650,000 within three days of the Effective Date of the Settlement Agreement.

    b.     The Settlement Agreement includes broad, mutual releases by the Parties, and except for the payments that may be due to Vaz as a unit holder in the Plan Trust or under the Settlement Agreement, Vaz and Lightstone disclaim any interest in any monies or assets of the Plan Trust, and release any and all claims that they may have against the Trustee and the Plan Trust.

    c.     As of the Effective Date, Vaz conveys his 49% interest in SGI to the Plan Trust.

    d.     The Settlement Agreement also addresses the winding up of Transhorizon. The Transhorizon Claims Agent shall remain in

---

[2] All capitalized terms used but not defined herein shall have the meanings given to them in the Settlement Agreement, and should the terms of the Motion and Settlement Agreement differ, the Settlement Agreement shall control.

6

        place until such time as Vaz delivers to the Trustee the form of Consent and Release attached as Exhibit C to the Settlement Agreement signed by Sunder Sakhrani, another former director of Transhorizon.  If and only if the executed Consent and Release is delivered to the Trustee, Vaz will take over the remaining wind up of Transhorizon from the Transhorizon Claims Agent.  In order to facilitate Vaz' future responsibility to complete the wind up Transhorizon, the remaining Transhorizon Funds will be transferred to Vaz by the Transhorizon Claims Agent; provided, however, that the remaining Transhorizon Funds, and the responsibility to complete the Transhorizon wind up, will not be transferred to Vaz if the Consent and Release is not delivered to the Trustee on or before December 31, 2015.  If this condition is not met, the Transhorizon Claims Agent will continue the wind up of Transhorizon pursuant to the Transhorizon Order.

    e.    Approval of the settlement as provided for in the Settlement Agreement will result in entry of orders dismissing with prejudice the Vaz Claims, the Declaratory Judgment Action and the Lightstone Counterclaim.

## RELEASE OF ESCROWED FUNDS

24.    As set forth above, the Settlement Agreement releases any indemnity claims made by Vaz or Lightstone.  As a result, any claims made by Vaz or Lightstone against the Lightstone Escrows will be released and satisfied owing to the settlement.  No other claims have been asserted against the Lightstone Escrows.

7

25. Additionally, as a result of the Settlement Agreement, the indemnity claim made by Peak Technologies against the Catalyst Escrow owing to Vaz Objections is fully resolved. No other claims have been asserted against the Catalyst Escrow.

26. Pursuant to the SGI Escrow Agreement, the OSTI Escrow Agreement, the DBPI Escrow Agreement, and the Catalyst Escrow Agreement (collectively, the "Escrow Agreements"), as a result of the indemnity claims made against the underlying escrows, the funds held in each escrow cannot be released absent written agreement of the parties or an order of a court of competent jurisdiction authorizing disbursement of the funds.[3]  Since all claims to the Lightstone Escrows and the Catalyst Escrow have now been resolved, the funds should be released.

27. Accordingly, due to the Settlement Agreement, the Trustee, by this Motion and after providing notice as set forth below, seeks entry of an order authorizing Lamberth, Cifelli, Ellis & Nason, P.A., as escrow agent under the Escrow Agreements ("LCEN"),[4] to release the funds in the Lightstone Escrows and the Catalyst Escrow to the Plan Trust.

## RATIONALE FOR SETTLEMENT

28. The Trustee, in the exercise of his business judgment, and with the approval of the Liquidation Trust Oversight Board and the support of the large holders of beneficial interests in the Plan Trust who remain in periodic contact with the Trustee, has concluded that the settlement is in the best interests of the estate and the beneficiaries of the Plan Trust for a variety of reasons, including, but not limited to, the following:

    a. The Plan Trust's litigation with Vaz has already been protracted and costly. Under the settlement, while the Trustee and his counsel believe

---

[3] Each of the parties to the Escrow Agreements agreed to the jurisdiction of the Bankruptcy Court by specific incorporation of jurisdictional provisions in the underlying asset purchase agreements with respect to the asset sales.
[4] LCEN is formerly known as Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., which is referenced in the Escrow Agreements.

8

that there are strong defenses to the Vaz Claims, the Plan Trust will avoid incurring the cost of a trial and avoid potential lengthy appeals (which could consume a year or longer) regarding the Vaz Claims and the Declaratory Judgment Action.  As a result of the settlement, more than $8,300,000 held in the Vaz Claims Reserve which would otherwise stay in the Vaz Claims Reserve throughout the appeals process will no longer be subject to restrictions and will become general assets of the Plan Trust for distribution in accordance with the terms of the Plan and the Liquidation Trust Agreement;

b. Lightstone will release all claims to the $300,000 held in the Lightstone Escrows so that those funds will also no longer be subject to restrictions and will become general assets of the Plan Trust for distribution in accordance with the terms of the Plan and the Liquidation Trust Agreement;

c. The indemnity claim of Peak Technologies against the $450,000 held in the Catalyst Escrow owing to Vaz Objections are fully resolved so that those funds will also no longer be subject to restrictions and will become general assets of the Plan Trust for distribution in accordance with the terms of the Plan and the Liquidation Trust Agreement; and,

d. A substantial portion of the cash in the Plan Trust will be available for distribution to unit holders.

## COMPROMISE AND SETTLEMENT

29. The approval of a compromise and settlement in a bankruptcy case is within the sound discretion of this Court and will not be disturbed or modified on appeal unless approval or disapproval of the settlement is an abuse of discretion.  <u>Rivercity v. Herpel (In re Jackson</u>

9

Brewing Co.), 624 F.2d 599, 602-03 (5th Cir. 1980).  In order to exercise its discretion properly, the Court must consider whether the compromise suggested falls below the "lowest point in the range of reasonableness." Anaconda-Ericsson. Inc. v. Hessen (In re Teltronics Servs. Inc.), 762 F.2d 185, 189 (2d Cir. 1985).

30. The standard in the Eleventh Circuit for determining whether to approve a compromise under Rule 9019(a) is articulated in Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990):

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
>> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id*. at 1549.  In making the evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. Teltronics, *supra*, 762 F.2d at 189.  Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors.  Florida Trailer and Equip. Co. v. Deal, 284 F.2d 567, 571 (5th Cir. 1960).

31. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." To assure that compromise is proper in a given case, a court should be apprised of the necessary facts for an intelligent, objective and educated evaluation and compare the "terms of the compromise with the likely rewards of litigation."  Protective Comm. for Indep. Stockholders of TMT Trailer Ferry. Inc. v. Anderson, 390 U.S. 414, 424-25 (1968).

32. This Court is very familiar with the fundamental issues in dispute between the Parties, having decided various motions and conducted a number of hearings and status conferences in the course of the litigation between them. Despite granting partial summary judgment to the Trustee and Vaz's affirmative withdrawal of material aspects of the Vaz Claims, significant issues remain to be litigated, including:

   a. whether CDC engaged in unlawful oppression of Vaz's minority ownership interest in SGI;

   b. whether certain CDC subsidiaries should have been included as subsidiaries and assets of SGI;

   c. whether Vaz is entitled to compensation in connection with certain acquisitions made by CDC and/or SGI subsequent to CDC's purchase from Vaz of CDC's interest in SGI; and,

   d. whether Vaz's employment with SGI was wrongfully terminated.

33. For the reasons set forth in Paragraph 28, above, the Trustee believes that the requirements of Bankruptcy Rule 9019 are met.

## NOTICE

34. The Trustee intends to give notice of the Motion and any hearing thereon (the "Motion Hearing") to: (i) those parties who have filed requests for notice in this case; (ii) any party entitled to notice under the transactional documents with respect to the sales of non-debtor assets related to the Lightstone Escrows or the Catalyst Escrow; (iii) Hays Financial Consulting, LLC, as Transhorizon Claims Agent, and counsel of Sunder Sakhrani, a former director of Transhorizon; and, (iv) the United States Trustee. The Trustee will also post a copy of this Motion and of the Notice of Hearing regarding this Motion on its website: http://www.cdcliquidationtrust.com/cdcliquidationtrust. This method of providing notice to parties in interest has been previously been approved by this Court in this case, and the Trustee

11

submits that the foregoing is sufficient notice of the Motion and the Motion Hearing.

### **RELIEF FROM BANKRUPTCY RULE 6004(h)**

35. The Trustee requests that the Court make effective, upon entry, any Order entered granting the relief sought in this Motion and abrogate any stay that may otherwise arise under Bankruptcy Rule 6004(h).

**WHEREFORE**, the Trustee respectfully requests that the Court:

(A) Grant the Motion in all respects;

(B) Approve the Settlement Agreement and authorize and direct the Trustee, Vaz and the Transhorizon Claims Agent to carry out the actions needed to consummate the settlement thereunder;

(C) Authorize LCEN, as escrow agent, to the release of the funds in the Lightstone Escrows and the Catalyst Escrow to the Plan Trust;

(D) Authorize the termination of the Vaz Claims Reserve with respect to the Vaz Claims;

(E) Authorize the Transhorizon Claims Agent to transfer the Transhorizon Funds to Vaz upon timely satisfaction of the precondition to the transfer pertaining to execution of the Consent and Release by Sunder Sakhrani;

(F) Discharge and release the Transhorizon Claims Agent from any further duties and obligations under the Transhorizon Order in the event that the Transhorizon Funds are transferred to Vaz;

(G) Direct that the Order approving this Motion is effective upon entry and is not stayed under Bankruptcy Rule 6004(h); and

12

    (H)  Grant to the Trustee such other and further relief as is just and proper.

Dated:  September 15, 2015.

                            Respectfully submitted,

                            TROUTMAN SANDERS LLP

                            By:  */s/ J. David Dantzler, Jr.*
                                 Jeffrey W. Kelley
                                 J. David Dantzler, Jr.
                                 Troutman Sanders LLP
                                 600 Peachtree Street, NE
                                 Suite 5200
                                 Atlanta, GA 30308-2216
                                 404-885-3000
                                 *Attorneys for Marcus A. Watson, Trustee*
                                 *for the CDC Liquidation Trust*